**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JERSEY MIKE'S FRANCHISE SYSTEMS,
INC.,

       *Plaintiff*,

v.

AMERICAN ARBITRATION ASSOCIATION,
INC., OPHELIA AUGUSTINE, and CECELIA
LAHR,

*Defendants*.

_____

Case No.: _____

## **COMPLAINT**

Plaintiff Jersey Mike's Franchise Systems, Inc. ("Plaintiff"),[1] by and through undersigned counsel, hereby files this Complaint against Defendants Ophelia Augustine[2] ("Augustine"), Cecelia Lahr[3] ("Lahr" and, collectively with Augustine, "Claimants"), and the American Arbitration Association, Inc.[4] ("AAA" and, collectively with Claimants, "Defendants").

## **NATURE OF THE ACTION**

1.      This is an action for monetary and injunctive relief based on breach of contract, indemnification, and declaratory judgment on Plaintiff's rights pursuant to a contract (the "Terms of Use") that (a) governs access to and use of Plaintiff's website, www.jerseymikes.com, and (b) is at issue in two arbitrations pending before AAA (the "Arbitrations"), each filed by a Claimant.

---

[1] Headquarters address: 2251 Landmark Place, Manasquan, New Jersey 08736.

[2] Upon information and belief, Augustine currently resides in San Diego, California, and her last known address 1583 Oro Vista Road, Apt. 37, San Diego, CA 92154-4008.

[3] Lahr, according to her counsel, resides at 8579 Lepus Road, San Diego, CA 92126.

[4] Headquarters address: 120 Broadway, Floor 21. New York, NY 10271.

2.      Claimants have filed a series of frivolous lawsuits for many years with the same counsel and, now, have chosen Plaintiff as the latest victim in their ongoing scheme to generate settlements and legal fees.

3.      In their Arbitrations against Plaintiff, Claimants assert meritless violations of the federal Wiretap Act ("Wiretap Act") and California Invasion of Privacy Act ("CIPA") arising from their purported use of Plaintiff's website.

4.      Claimants' sole allegation is that Plaintiff "intercept[ed] and record[ed]" their electronic "communications" with Plaintiff's and "disclos[ed] the information" to Meta Platforms, Inc. ("Meta").

5.      Yet, among other fatal flaws to the claims, claimants ignore that the Privacy Policy on *every webpage* of Plaintiff's website discloses that "Meta uses data from our website."

6.      Moreover, that Privacy Policy is incorporated in, and accessible from, the Terms of Use, to which Claimants agreed by using Plaintiff's website.

7.      A link to the Terms of Use is on every page of Plaintiff's website.

8.      Claimants filed the Arbitrations against Plaintiff because of an arbitration agreement ("Arbitration Agreement") contained in the Terms of Use, but the Arbitration Agreement does not apply to Claimants' disputes because Claimants are not "registered users." Therefore, the disputes are not arbitrable.

9.      Even if the disputes were arbitrable, the Arbitration Agreement requires that a court substitute the AAA because it has failed to properly apply the Arbitration Agreement.

10.     The AAA has failed to apply the Arbitration Agreement by, *inter alia*, applying its Consumer Arbitration Rules (the "Consumer Rules") instead of the Commercial Arbitration Rules (the "Commercial Rules"), which are expressly chosen in the Arbitration Agreement.

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

11.     By applying the Consumer Rules, AAA was able to and did charge Plaintiff additional fees.

12.     Further, the Arbitration Agreement expressly provides that issues relating to its scope, application, and enforceability are non-arbitrable.

13.     Plaintiff brings non-arbitrable issues in the Arbitrations for this Court to resolve, including whether the Arbitration Agreement: (a) applies to Claimants; (b) requires the Court to substitute the AAA; (c) requires the AAA to apply the Commercial Rules; (d) precludes Claimants' California law claims; and (e) requires arbitration in New Jersey.

14.     An actual controversy exists between the parties regarding their rights and duties on these issues under the Terms of Use, including the Arbitration Agreement therein.

15.     Plaintiff also seeks injunctive relief to: (i) enjoin Claimants from arbitrating their disputes and enjoin AAA from administering and compelling Plaintiff's participation in the Arbitrations or, alternatively, (ii) substitute AAA with another arbitral forum and compel Defendants to comply with the Court's rulings on the non-arbitrable issues presented in this action.

16.     Defendants' violations of the Terms of Use have forced Plaintiff into arbitration and, as a result, have caused and will continue to cause Plaintiff to suffer irreparable harm unless this Court grants the requested relief.  Arbitration provides significantly less safeguards than the state and federal courts in New Jersey and, without Plaintiff's agreement, deprives Plaintiff of its constitutional right to access the courts.

17.     Plaintiff lacks an adequate remedy at law because, *inter alia*, no amount of damages can remedy being compelled to arbitration, which provides significantly less safeguards than New Jersey and federal courts and deprives Plaintiff of its constitutional right to access the courts.

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

18.     The Terms of Use provide Plaintiff with a clear legal right to litigate the entire disputes in court or, at a minimum, have a court resolve certain issues involved in the disputes.

19.     The public interest is furthered by enforcing contracts and promoting e-commerce, which Claimants are impairing by filing meritless lawsuits against companies regarding the use of their websites.  Such suits are not based on any genuine harm or injury, but only to manufacture disputes to enrich the Claimants and their counsel.

20.     Plaintiff also brings claims for breach of contract and indemnification.  Defendants agreed to indemnify Plaintiff for liability and costs, including attorneys' fees, arising out of their breach of the Terms of Use.  Plaintiff seeks seeking damages, attorneys' fees, costs, and other appropriate relief for these claims.

## THE PARTIES

21.     Plaintiff Jersey Mike's Franchise Systems, Inc. is a New Jersey corporation with its principal place of business in New Jersey.

22.     Defendant Ophelia Augustine, upon information and belief, is a California resident.

23.     Defendant Cecelia Lahr, upon information and belief, is a California resident.

24.     Defendant American Arbitration Association, Inc., is a New York not-for-profit corporation with its principal place of business in New York and an office in New Jersey.

## JURISDICTION AND VENUE

25.     This Court has personal jurisdiction over Defendants as to this dispute pursuant to the Arbitration Agreement.

26.     Venue is proper in this District because: (1) Defendants agreed to such venue in the Arbitration Agreement; (2) AAA is subject to the court's personal jurisdiction with respect to this action pursuant to the Arbitration Agreement, 28 U.S.C. §§ 1391(b)(1), (c)(2); (3) a substantial part of the events or omissions giving rise to the claim occurred in this district, such as the making

of the agreement to the Terms of Use, the control of Plaintiff's website, and the provision of access to Plaintiff's website; (4) a substantial part of the property that is the subject of the action is situated in this District, such as the website and the servers hosting it; and (5) this Court has personal jurisdiction over a Defendant, 28 U.S.C. § 1391(b).

27.     This Court has subject matter jurisdiction based on: (1) federal question jurisdiction, 28 U.S.C. § 1331, as Claimants assert claims under the Federal Wiretap Act of 1968, 18 U.S.C. § 2510, *et seq.*; (2) diversity jurisdiction, 28 U.S.C. § 1332, as Plaintiff is not a citizen of the same state as any Defendant, and the matter in controversy exceeds $75,000; and (3) supplemental jurisdiction, 28 U.S.C. § 1367, as to the claims under California law.

28.     All conditions precedent to this action have occurred, been waived, or otherwise have been satisfied.

## SUBSTANTIVE ALLEGATIONS

### I.     Claimants' History of Frivolous Litigation with the Same Counsel

29.     The same attorney, Daniel G. Shay of the Law Office of Daniel G. Shay ("Shay"), represented Claimants in their Chapter 7 bankruptcy cases.  *See In re Ophelia Marie Augustine*, No. 17-03839-LA7 (S.D. Cal.), ECF No. 1 (June 29, 2017); *In re Michael Edward Lahr & Cecelia Ann Lahr*, No. 12-6545-PB7 (S.D. Cal.), ECF No. 1 (May 4, 2012).[5]

30.     Based on Plaintiff's investigation, after Claimants were discharged from bankruptcy, they began their long history of filing frivolous cases, including the Arbitrations.

31.     Collectively, Claimants have filed at least fifteen of such cases, including the two Arbitrations.

---

[5] Lahr's counsel in her previous bankruptcy case is unknown.  *See In re Cecelia A. Lahr*, No. 2:99-bk-253-BN (D. Ariz.), ECF No. 1 (Jan. 11, 1999).

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

32.     Shay appeared as counsel for Claimants in all of those cases.

33.     In those cases, Claimants filed claims under the Wiretap Act, CIPA, Fair Credit Reporting Act, and Telephone Consumer Protection Act.

34.     The Wiretap Act and CIPA claims arose from Claimants' purported use of the various defendant company websites, as is alleged here.

35.     Claimants voluntarily dismissed nearly all of those cases, often in just two to five months after filing suit.

36.     Many of the lawsuits were putative class actions, but rather than pursuing the best interest of the putative class, Claimants voluntarily dismissed those cases before class certification.

37.     In all but three of those fifteen cases, Claimants were also represented by Swigart Law Group, APC ("Swigart").

38.     Swigart is also counsel in the Arbitrations and, thus far, has been the only law firm communicating with Plaintiff's counsel and, to Plaintiff's knowledge, AAA.

39.     Both Swigart and Shay have the exact same address for their offices, down to the suite number: 2221 Camino Del Rio South, Suite 308, San Diego, CA 92108.

40.     Upon information and belief, Shay refers his bankruptcy clients, like Claimants, to Swigart because recently discharged debtors are more inclined to file frivolous litigation for potentially quick settlements.

41.     Upon information and belief, Claimants demand settlement amounts that, either initially or after anticipated negotiations, would be less than the cost for the large corporate defendants to litigate.

42.     As a result, many of the aforementioned cases ended in voluntary dismissals.

ZARCO EINHORN SALKOWSKI, P.A.

ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

43.     In similar fashion, Augustine sent Plaintiff a settlement offer shortly after she filed her Arbitration.

44.     Plaintiff, however, will vigorously defend and not settle these frivolous claims.

## II.     Plaintiff's Website

### A.     The Privacy Policy Discloses Meta's Collection and Use of Data

45.     The Privacy Policy on Plaintiff's website fully discloses the collection and use of data derived from the use of Plaintiff's website, including what is collected, how it is collected, how it is used, who uses and collects it, how it is protected, the user's rights, and disclosures related to California law. *See* Privacy Policy (last modified Oct. 10, 2022), https://www.jerseymikes.com/privacy-policy.

46.     The Privacy Policy also names Meta, disclosing that:

> We use the Meta (formerly Facebook) Pixel on this website.  The Meta Pixel may enable Meta to match website visitors with their Facebook User Accounts.  You can find out more about how Meta uses data from our website by visiting **"What kinds of information do we collect? information from partners"**

47.     The above language contains a hyperlink that leads to Meta's privacy policy, which discloses, *inter alia*, "what information we collect;" "how we use and share it;" "how we collect, use, share, retain and transfer information;" and "your rights."  Privacy Policy (effective Jan. 1, 2023), https://www.facebook.com/privacy/policy/.

48.     A hyperlink to the Privacy Policy is at the bottom of every single webpage on Plaintiff's website.

49.     Additionally, there is a hyperlink to the Privacy Policy within the Terms of Use on Plaintiff's website.

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

B.       **The Terms of Use: Relevant Provisions**

1.       **Generally**

50.      The Terms of Use governs the "access to and [] use of [Plaintiff]'s website."

51.      The Terms of Use states: "In consideration for making our website available to you, you agree to comply by these Terms, whether or not you are a registered user."

2.       **Users and Registered Users**

52.      The Terms of Use creates a subcategory of "users" called "registered users."

53.      A user is anyone who accesses or uses Plaintiff's website.

54.      A "registered user" is someone "who register[s] for communications by text or e-mail, or who register[s] for online accounts, or provide[s] information to order food, gift cards, or merchandise as a guest."

3.       **Jurisdiction**

55.      The Terms of Use establishes exclusive jurisdiction in New Jersey as to any claim arising from a user's use of Plaintiff's website unless the user is a registered user, in which case, the arbitration clause applies:

> Any claim or dispute between you and Jersey Mike's that arises in whole or in part from the Jersey Mike's website shall be decided exclusively by a court of competent jurisdiction located in Monmouth County, New Jersey, unless subject to the Mandatory Dispute Resolution terms for Registered Users below.

4.       **The Arbitration Agreement**

56.      The title of the Arbitration Agreement makes clear it applies only to "Registered Users."

57.      The Arbitration Agreement states: "You and we agree to mandatory, binding arbitration of Covered Claims by the American Arbitration Association ('AAA')."

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

58.     "Covered Claims," in relevant part, are all "legal or equitable dispute[s]" between the "registered user" and Plaintiff or Plaintiff's franchisees that "relat[e] in any way to [Plaintiff's] Website."

59.     The Arbitration Agreement (with emphases added) requires, in relevant part, that "AAA *will* adjudicate the Covered Claims in accordance with its *Commercial* Arbitration Rules."

60.     The Arbitration Agreement (with emphasis added) further provides: "All issues are for AAA to decide, ***except*** that disputes relating to the scope, application, and enforceability of these Mandatory Dispute Resolution Terms are for a Court to decide (if you and we cannot agree)."

61.     The Arbitration Agreement further expands judicial jurisdiction for "Related Court Proceedings":

> You and we agree to be subject to the personal jurisdiction of the courts of New Jersey with respect to any Covered Claim. You and we submit to the jurisdiction of the federal and State Courts surrounding Monmouth County, New Jersey to (1) enforce the terms of this Mandatory Dispute Resolution Agreement, (2) to address disputes regarding the scope, application, and enforceability of these Mandatory Dispute Resolution Terms, (3) for the appointment of a substitute arbitrator as needed (see below), and (4) to enter any award rendered by the arbitrator.

62.     The Terms of Use also limits jurisdiction and the governing law to New Jersey "without respect to its conflict of laws principles."

63.     Finally, the Arbitration Agreement requires that a court appoint a substitute for AAA if it fails to perform according to the Arbitration Agreement:

> In the event that AAA cannot or will not perform arbitration in accordance with the provisions of this agreement, either (a) the parties may agree to another arbitrator or, if no such agreement is had, (b) a court shall appoint one according to the provisions of the Federal Arbitration Act, 9 U.S. Code § 5.

64.     In sum, the Terms of Use limits AAA's jurisdiction to *only* the disputes: (1) between Plaintiff and a "registered user;" (2) in New Jersey; (3) pursuant to New Jersey law; (4) regarding the use of Plaintiff's website; (3) unless the dispute is to: (a) enforce the Arbitration

9

Agreement; (b) address disputes regarding the scope, application, and enforceability of the Arbitration Agreement; or (c) appoint a substitute arbitrator.

65.     As further discussed below, none of the requirements for AAA jurisdiction apply, and all of the exceptions apply.

## II.     The Underlying Arbitrations

66.     Continuing their long running scheme to manufacture litigation to extract quick settlements, Claimants, through Swigart and Shay, commenced the Arbitrations against Plaintiff that underlie this lawsuit.

67.     In the Arbitrations, Augustine and Lahr are the "Claimants," and Plaintiff is the "Respondent."

### A.     The Augustine Arbitration

68.     In February 2023, Plaintiff learned that Augustine, through Swigart, filed a Demand for Arbitration ("Demand") with AAA in San Diego, California, against Plaintiff under the Consumer Rules, AAA Case No. 01-23-0000-3373 (the "Augustine Arbitration").

69.     Augustine's Demand provides one sentence explaining her dispute:

Respondent violated the Federal Wiretap Act, 18 U.S.C. § 2510 et seq and the California Invasion of Privacy Act, Cal. Pen. Code § 631 et seq by intercepting and recording Claimant's electronic communications with Respondent's website then disclosing the information Respondent acquired to Meta Platforms, Inc. dba Facebook.

70.     Plaintiff objected to Claimant's filing of the Demand under the Consumer Rules because the Arbitration Agreement expressly requires AAA to "adjudicate . . . in accordance with its Commercial Arbitration Rules." **Exhibit A**, attached hereto, at 5.

Zarco Einhorn Salkowski, P.A.

One Biscayne Tower │ 2 S. Biscayne Blvd., 34th Floor │ Miami, Florida 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

71.     Augustine opposed Plaintiff's objection on the sole basis that a "consumer is involved" in the dispute.[6] *See id.* at 3.

72.     Augustine substantially misstated the rule that allows AAA to impose the Consumer Rules over the express selection of the Commercial Rules in an arbitration agreement.

73.     Whether a consumer is involved, without more, is woefully insufficient to support application of the Consumer Rules.

74.     Instead, the AAA rules require that the arbitration agreement is contained in a "consumer agreement," which has many elements.

75.     Rule R-1 of the Commercial Rules states: "A dispute arising out of a consumer arbitration agreement will be administered under the AAA's Consumer Arbitration Rules." https://www.adr.org/sites/default/files/Commercial_Rules_Web.pdf.

76.     Rule R-1(a)(4) of the Consumer Rules elaborates (with emphases added):

(a)  The parties shall have made these [Consumer Rules] a part of their arbitration agreement whenever they have provided for arbitration by the [AAA], and

. . .

   4)   the arbitration agreement is contained within a consumer agreement, as defined below, that specifies a particular set of rules other than the *Consumer Arbitration Rules*.

. . .

The AAA defines a consumer agreement as an agreement between an individual consumer and a business where the business has a standardized, systematic application of arbitration clauses with customers and where *the terms and conditions of the purchase of standardized, consumable goods or services* are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use.

https://adr.org/sites/default/files/Consumer%20Rules.pdf.

---

[6] Thus, Augustine waived all other arguments.

**ZARCO EINHORN SALKOWSKI, P.A.**

ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

77.     In its reply, Plaintiff argued that Augustine failed to satisfy her burden to show that the Consumer Rules apply and that, regardless, she cannot meet that burden because the Terms of Use on Plaintiff's website is not a consumer contract.  *See* Ex. A at 1–2.

78.     For one thing, a consumer contract must govern a "purchase," but the Terms of Use governs the *free* use of Plaintiff's website.

79.     In any event, Claimants' claims do not arise from any purchase but, rather, simply the use of Plaintiff's website.

80.     Further, the use of Plaintiff's website is not a "consumable" good or service.

81.     Despite these well-founded arguments, and even though Augustine made *no mention* of a consumer agreement at all, AAA summarily rejected Plaintiff's objection in a single sentence, stating: "The American Arbitration Association ('AAA') has determined that this arbitration arises out of a consumer agreement and, as such, the Consumer Arbitration Rules ("Consumer Rules") apply to this dispute."

82.     The AAA advised that its ruling may be revisited by filing an objection once an arbitrator is appointed. (However, by that point, an arbitrator will have been impermissibly selected under the Consumer Rules.)

83.     By baselessly concluding that a consumer agreement somehow existed, the AAA was able to and did impose several fees that would not have applied under the Consumer Rules, including a:

(a)     $600 registration fee because all consumer agreements must be registered with AAA;

(b)     $300 expedited review fee to review Plaintiff's purported consumer agreement on an expedited basis in light of the pending Arbitration; and

(c)     $2,500 deposit for arbitrator compensation.

84.     Under the Consumer Rules, Plaintiff would be responsible for the vast majority of the arbitration fees whereas, under the Commercial Rules, fees would be split evenly.

85.     Further, the Arbitration will be heard by a consumer arbitrator rather than a commercial arbitrator, who will be chosen pursuant to the Consumer Rules instead of the Commercial Rules.

86.     All of these outcomes contravene the Terms of Use and harm Plaintiff.

87.     Thus far, at this early stage in the Augustine Arbitration, no arbitrator has been selected.

**B.     The Lahr Arbitration**

88.     On April 25, 2023, Lahr, though Swigart, filed a Demand with AAA in San Diego, California, against Plaintiff under the Consumer Rules (the "Lahr Arbitration").

89.     Lahr's one-sentence explanation of her claim is virtually identical to Augustine's:

Respondent violated the Wiretap Act, 18 U.S.C. § 2510 et seq and the California Invasion of Privacy Act, Cal. Pen. Code § 631 et seq by intercepting and recording Claimant's electronic communications with Respondent's website, jerseymikes.com, then disclosing the information to Meta. Claimant further asserts claims of invasion of privacy and inclusion upon seclusion.

90.     To date, AAA has not assigned a case number or an administrator.

91.     At this preliminary stage of the Lahr Arbitration, no action by Plaintiff is required.

92.     Further, action by Plaintiff would likely be futile as the AAA has already erroneously applied the Consumer Rules to the Augustine Arbitration.

93.     Plaintiff is entitled to have the doubt surrounding the scope, application, and enforceability of the Terms of Use removed by way of declaratory relief from this Court.

**Zarco Einhorn Salkowski, P.A.**
One Biscayne Tower │ 2 S. Biscayne Blvd., 34th Floor │ Miami, Florida 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

94.     By accepting and administering the Arbitrations with the expectation or receipt of payment, and by performing the obligations under the Arbitration Agreement, AAA became a party to the Arbitration Agreement.

### III.   Claimants Are Not "Registered Users" Under the Terms of Use

95.     Under the Terms of Use, Plaintiff agreed to arbitrate with registered users only.

96.     Upon investigation, Plaintiff has been unable to find the name of either Lahr or Augustine ever registering as a user.

97.     The Terms of Use states that, as part of registration, "you agree that any personal information provided to us is complete and accurate."

98.     Since neither Augustine nor Lehr ever used or registered their names on the website, neither is a properly registered user.

99.     Therefore, their disputes with Plaintiff are not arbitrable, and AAA has exceeded its jurisdiction by administering the Arbitrations.

100.    Accordingly, Augustine and Lehr have breached the Terms of Use by filing the Arbitrations, and AAA breached the Terms of Use and exceeded its authority by administering the Arbitrations.

101.    Further, the issue of whether Augustine or Lehr ever became registered users is a "dispute[] regarding the [] application" of the Arbitration Agreement because the agreement does not apply to non-registered users.

102.    Disputes regarding the application of the Arbitration Agreement are non-arbitrable and must be resolved in a court in New Jersey.

103.    Therefore, only the Court has jurisdiction to rule on the issue of whether Claimants are registered users.

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

104.     Plaintiff is entitled to have the doubt surrounding the scope, application, and enforceability of the Terms of Use removed by way of declaratory relief from this Court.

105.     The improper Arbitrations have caused and will continue to cause Plaintiff to suffer irreparable harm as arbitration has limited discovery and less procedural safeguards than those provided by federal and state courts in New Jersey.

106.     Even if the disputes are arbitrable, Plaintiff will suffer irreparable harm from proceeding under the Consumer Rules instead of the Commercial Rules, having a consumer arbitrator instead of a commercial arbitrator, paying additional fees, arbitrating in California instead of New Jersey, defending claims pursuant to California law instead of New Jersey law, and having AAA remain as the arbitrator instead of a substitution—because all of these outcomes violate the Arbitration Agreement, and none of these issues is arbitrable.

107.     Unless enjoined by this Court, Plaintiff will also continue to incur substantial expenses relating to the improperly filed and administered Arbitrations.

**IV.     The AAA Has Failed to Apply the Arbitration Agreement**

108.     The AAA has failed to apply the Arbitration Agreement in various ways.

109.     The AAA has refused to apply the Commercial Rules.

110.     The AAA is improperly administering the Arbitrations in California instead of New Jersey.

111.     The AAA held that any "dispute regarding the arbitrability of this claim should be raised to the arbitrator for a determination once one has been appointed," but issues of arbitrability—i.e., the "scope, application, and enforceability" of the Arbitration Agreement—are reserved for the courts.

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

112.    The Terms of Use is a valid and enforceable contract but the AAA has refused to enforce it according to its plain terms.

## CAUSES OF ACTION

### COUNT I
### DECLARATORY JUDGMENT:
### REGISTERED USER STATUS
### Against All Defendants

113.    Plaintiff incorporates Paragraphs 1 through 112 as if fully set forth herein.

114.    There is a case or controversy between Plaintiff and Defendants concerning their rights under the Terms of Use, including the Arbitration Agreement therein.

115.    Specifically, the case or controversy concerns the jurisdiction of AAA and the arbitrability of issues and claims raised in the Arbitrations.

116.    Plaintiff raises a justiciable question as to whether the Terms of Use requires Plaintiff to participate in the Arbitrations.

117.    Because AAA is compelling Plaintiff to defend the claims in Arbitrations to avoid the entry of an arbitration award against them, Plaintiff has suffered and will continue to suffer actual damages by way of, *inter alia*, expenses and legal fees incurred in the Arbitrations and prejudice to their constitutional right of access to the courts.

118.    Neither Claimant is a registered user.

119.    As a result, the Arbitration Agreement does not apply to the disputes between Claimants and Plaintiff, so Plaintiff is not required to participate in the Arbitrations.

120.    Whether the Arbitration Agreement applies to the disputes with Claimants is an issue of "scope, application, and enforceability."

121.    The Arbitration Agreement expressly makes that issue non-arbitrable and subjects that issue to the exclusive jurisdiction of federal and state courts in New Jersey.

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

122.    Therefore, AAA has no jurisdiction to decide whether the Arbitration Agreement applies to the disputes raised in the Arbitrations, including whether Claimants are registered users.

WHEREFORE, Plaintiff respectfully prays that the Court enter a judgment:

(a)    declaring that the issue of whether Claimants are "registered users" is not arbitrable;
(b)    declaring that Claimants are not "registered users";
(c)    declaring that the Arbitration Agreement does not apply to Claimants;
(d)    directing AAA to dismiss and administratively close the Arbitrations;
(e)    enjoining Claimants from pursuing their claims against Plaintiff in another arbitration based on the Terms of Use;
(f)    awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(g)    granting such other relief that the Court deems to be just and proper.

## COUNT II
## DECLARATORY JUDGMENT:
## APPLICATION OF COMMERCIAL RULES
### Against Defendants

123.    Plaintiff incorporates Paragraphs 1 through 114 as if fully set forth herein.

124.    Plaintiff raises a case or controversy regarding whether the Terms of Use requires AAA to apply the Commercial Rules to the Arbitrations.

125.    The Arbitration Agreement in the Terms of Use states, "AAA will adjudicate the Covered Claims in accordance with its Commercial Arbitration Rules."

126.    Nevertheless, Claimants filed the Arbitrations pursuant to AAA's Consumer Rules.

127.    Augustine's only argument for applying the Consumer Rules is incorrect.

128.    Nevertheless, AAA decided to apply the Consumer Rules to the Augustine Arbitration.

129.    Plaintiff expects that AAA will apply the Consumer Rules to the Lahr Arbitration as well because the same arbitration agreement and causes of action are at issue.

130.    The enforceability of the Arbitration Agreement, including the "Rules to Apply," are expressly excluded from arbitrability and must be resolved in a court in New Jersey.

17

WHEREFORE, Plaintiff respectfully prays that the Court enter a judgment:

(a)   declaring that the issue of whether AAA properly applied the Consumer Rules instead of the Commercial Rules is not arbitrable;

(b)   declaring that AAA improperly decided to apply the Consumer Rules instead of the Commercial Rules;

(c)   declaring that AAA's improper decision shows that it "cannot or will not perform arbitration in accordance with the provisions of th[e Arbitration A]greement"; and

(d)   awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and

(e)   granting such other relief that the Court deems to be just and proper.

### COUNT III
### DECLARATORY JUDGMENT:
### ARBITRABILITY
### Against All Defendants

131.   Plaintiff incorporates Paragraphs 1 through 114 as if fully set forth herein.

132.   Plaintiff raises a case or controversy regarding whether the Terms of Use allows AAA to determine issues of arbitrability.

133.   The Terms of Use states that disputes "regarding the scope, application, and enforceability" of the Arbitration Agreement must be resolved by a court with jurisdiction.

134.   Scope, application, and enforceability are issues of arbitrability because, if a dispute is outside the scope of the Arbitration Agreement, or if the Arbitration Agreement does not apply to a dispute, or if the Arbitration Agreement is not enforceable, the dispute is not arbitrable.

135.   Nevertheless, the AAA erroneously held that any "dispute regarding the arbitrability of this claim should be raised to the arbitrator for a determination."

WHEREFORE, Plaintiff respectfully prays that the Court enter a judgment:

(a)   declaring that issues of arbitrability are not arbitrable;

(b)   declaring that AAA's ruling that it may broadly determine issues of arbitrability shows that "AAA cannot or will not perform arbitration in accordance with the provisions of th[e Arbitration A]greement"; and

(c)   awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and

(d)   granting such other relief that the Court deems to be just and proper.

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

## COUNT IV
## DECLARATORY JUDGMENT:
## LOCATION OF ARBITRATION
### Against All Defendants

136.    Plaintiff incorporates Paragraphs 1 through 114 as if fully set forth herein.

137.    Plaintiff raises a case or controversy regarding whether the Terms of Use requires

any arbitration pursuant thereto to be conducted in New Jersey.

138.    The Terms of Use limits jurisdiction to New Jersey.

139.    The choice-of-law provision chooses New Jersey law.

140.    The forum-selection clauses select New Jersey.

141.    The website is hosted in and offered from New Jersey.

142.    Therefore, any Arbitration under the Terms of Use must be in New Jersey.

143.    Nevertheless, Claimants improperly filed the Arbitrations in California.

WHEREFORE, Plaintiff respectfully prays that the Court enter a judgment:

(a)    declaring that the issue of whether the Arbitrations must be conducted in New Jersey is not arbitrable;

(b)    declaring that the Arbitrations must be conducted, if at all, in New Jersey;

(c)    declaring that AAA's decision to administer the Arbitrations in California shows that "AAA cannot or will not perform arbitration in accordance with the provisions of th[e Arbitration A]greement"; awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and

(d)    granting such other relief that the Court deems to be just and proper.

## COUNT V
## DECLARATORY JUDGMENT:
## GOVERNING LAW
### Against All Defendants

144.    Plaintiff incorporates Paragraphs 1 through 114 as if fully set forth herein.

145.    Plaintiff raises a case or controversy regarding whether the Terms of Use requires

a substitute arbitrator.

146.    The Terms of Use requires that New Jersey law applies.

19

147.    The Terms of Use state: "These Terms shall be governed by the laws of the State of New Jersey, without respect to its conflict of laws principles."

148.    In breach of that provision, Claimants filed the Arbitrations asserting claims under California law.

149.    Also in breach of that provision, AAA has accepted and is administering the Arbitrations even though they involve claims under California law.

150.    Therefore, Claimants should be enjoined from asserting their California law claims against Plaintiff, and AAA should be enjoined from hearing the California law claims.

WHEREFORE, Plaintiff respectfully prays that the Court enter a judgment:

(a)    declaring that the issue of whether the Terms of Use bars Claimants' claims under California law is not arbitrable;

(b)    declaring that New Jersey law governs the Terms of Use;

(c)    declaring that the Terms of Use bars Claimants' claims under California law;

(d)    ordering AAA to dismiss those claims;

(e)    awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and

(f)    granting such other relief that the Court deems to be just and proper.

## COUNT VI
## DECLARATORY JUDGMENT:
## SUBSTITUTION OF AAA
### Against All Defendants

151.    Plaintiff incorporates Paragraphs 1 through 150 as if fully set forth herein.

152.    Plaintiff raises a case or controversy regarding whether the Terms of Use requires a substitute arbitrator.

153.    The Arbitration Agreement states:

In the event that AAA cannot or will not perform arbitration in accordance with the provisions of this agreement, either (a) the parties may agree to another arbitrator or, if no such agreement is had, (b) a court shall appoint one according to the provisions of the Federal Arbitration Act, 9 U.S. Code § 5.

20

154.     The AAA has refused to administer the Arbitrations in accordance with the Arbitration Agreement because, *inter alia*, the AAA: (1) improperly held that it can rule on issues of arbitrability; (2) refused to apply the Commercial Rules; (3) is improperly administering the Arbitrations in California; (4) improperly applying California law instead of New Jersey law by administering the Arbitrations asserting California claims; and (5) improperly applying the Consumer Arbitration Rules instead of the Commercial Arbitration Rules.

155.     Therefore, "a *court shall* appoint [an arbitrator] according to" section 5 of the Federal Arbitration Act ("FAA").

156. Section 5 of the FAA, 9 U.S.C. § 5, states, in relevant part:

[U]pon the application of either party to the controversy[,] the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

157.     The Arbitration Agreement does not specify a method for choosing an arbitrator, provides for only one arbitrator, is governed by the laws of New Jersey, and provides for exclusive jurisdiction in New Jersey.

158.     JAMS, another large arbitration organization, is similar to AAA.

159.     Therefore, substituting JAMS with AAA would closely reflect the parties' intent for a substituted arbitrator.

WHEREFORE, Plaintiff respectfully prays that the Court enter a judgment:

(a)     declaring that the issue of whether to substitute the AAA is not arbitrable;
(b)     declaring that only a court may appoint a substitute arbitrator;
(c)     declaring that the Arbitration Agreement requires the Court to substitute the AAA;
(d)     appointing JAMS or other reputable administrative body as the substitute  for the AAA;
(e)     awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(f)     granting such other relief that the Court deems to be just and proper.

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

**COUNT VII**
**BREACH OF CONTRACT:**
**"RULES TO APPLY" CLAUSE**
**Against All Defendants**

160.    Plaintiff incorporates Paragraphs 1 through 112 as if fully set forth herein.

161.    Claimants agreed in the Terms of Use to have AAA adjudicate any arbitration according to its Commercial Rules.

162.    Nevertheless, Claimants filed the Arbitrations pursuant to the Consumer Rules.

163.    Worse, Augustine opposed Plaintiff's objection to the Consumer Rules.

164.    In these ways, Claimants breached the Terms of Use.

165.    The AAA breached the Terms of Use by erroneously applying the Consumer Rules to the Arbitrations.

166.    Defendants' breaches have caused Plaintiff to incur damages, including costs, AAA fees, and attorneys' fees, in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court enter a judgment:

(a)    declaring that claims for breach of the Terms of Use are not arbitrable;
(b)    declaring that Defendant breached the "Rules to Apply" clause in the Terms of Use;
(c)    awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(d)    granting such other relief as the Court deems to be just and proper.

**COUNT VIII**
**BREACH OF CONTRACT:**
**"ACCESS TO THE JERSEY MIKE'S WEBSITE" CLAUSE**
**Against Claimants**

167.    Plaintiff incorporates Paragraphs 1 through 112 as if fully set forth herein.

168.    The Terms of Use states:

Access to the Jersey Mike's Website
Jersey Mike's hereby grants you permission to use the website as set forth in these Terms, provided that: (i) your use of the website as permitted is solely for your personal, noncommercial use; . . . (iii) you will not alter or modify any part of the

22

website other than as may be reasonably necessary to use the website for its intended purpose; and (iv) you will otherwise comply with the terms and conditions of these Terms of Use.

169.   Claimants have breached the foregoing provisions in several ways.

170.   *First*, they did not use the website "solely" for their "personal, noncommercial use." Instead, they used the website only as a means to manufacture frivolous legal claims against Plaintiff of the same type as they have asserted against many other companies.

171.   *Second*, Claimants seek to "alter or modify" the website by seeking to preclude Plaintiff from using Meta despite disclosing such use.

172.   *Third*, Claimants have not "otherwise compl[ied] with the terms and condition of these Terms of Use" for the reasons alleged herein.

173.   Therefore, Claimants had no "permission to use the website" but used it anyway.

174.   Such use constitutes a breach of the foregoing clause of the Terms of Use.

175.   That breach has caused Plaintiff to incur damages, including costs, AAA fees, and attorneys' fees, in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court enters judgment:

(a)   declaring that claims for breach of the Terms of Use are not arbitrable;
(b)   declaring that Claimants breached the "Access to the Jersey Mike's Website" clause in the Terms of Use;
(c)   awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(d)   granting such other relief as the Court deems to be just and proper.

<u>**COUNT IX**</u>
**BREACH OF CONTRACT:**
**"CONDUCT" CLAUSE**
**Against Claimants**

176.   Plaintiff incorporates Paragraphs 1 through 112 as if fully set forth herein.

177.   The Terms of Use states:

Zarco Einhorn Salkowski, P.A.
One Biscayne Tower │ 2 S. Biscayne Blvd., 34th Floor │ Miami, Florida 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

Conduct
. . . By accessing Jersey Mike's website, you agree that you will NOT knowingly, recklessly, or negligently:

- Use The Jersey Mike's website to . . . conduct acts that would . . . give rise to civil liability[.]

178.   In breach of the foregoing provision, Claimants have purposely used the website to fabricate acts that would give rise to civil liability, specifically, their own and AAA's liability.

179.   *First*, Claimants used the website to file the Arbitrations without having valid causes of action, which renders them liable for attorneys' fees and costs.

180.   *Second*, Claimants' conduct by filing the Arbitrations under the Consumer Rules and breaching other provisions of the Terms of Use have given rise to their own and AAA's civil liability for breach of contract and indemnification.

181.   Claimants' breaches of the foregoing provision of the Terms of Use have caused Plaintiff to incur damages, including costs, AAA fees, and attorneys' fees, in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court enters judgment:

(a)   declaring that claims for breach of the Terms of Use are not arbitrable;
(b)   declaring that Claimants breached the "Conduct" clause in the Terms of Use;
(c)   awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(d)   granting such other relief as the Court deems to be just and proper.

### COUNT X
### BREACH OF CONTRACT:
### "REGISTRATION" CLAUSE
### Against Claimants

182.   Plaintiff incorporates Paragraphs 1 through 112 as if fully set forth herein.

183.   The Terms of Use states:

Registration
Certain portions of Jersey Mike's website are limited to registered users, and/or may allow a user to request support/services online by entering personal

information.  When users register with our website or purchase something from us, they will be provided a link to these Terms and asked to agree to comply with them. When you provide us with information, *you agree that any personal information provided to us is complete and accurate*.  Also, you agree not to register under the name of, nor attempt to enter the website under the name of, another person[.]

184.    Upon information and belief, Claimants breached the foregoing provision of the Terms of Use by never registering their names on the website.

185.    Those breaches have caused Plaintiff to incur damages, including costs, AAA fees, and attorneys' fees, in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court enters judgment:

(a)    declaring that claims for breach of the Terms of Use are not arbitrable;
(b)    declaring that Claimants breached the "Registration" clause in the Terms of Use;
(c)    awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(d)    granting such other relief as the Court deems to be just and proper.

## COUNT XI
## BREACH OF CONTRACT:
## "GENERAL" CLAUSE
### Against Claimants

186.    Plaintiff incorporates Paragraphs 1 through 112 as if fully set forth herein.

187.    The "General" clause of the Terms of Use states, in relevant part:

Any claim or dispute between you and Jersey Mike's that arises in whole or in part from the Jersey Mike's website shall be decided exclusively by a court of competent jurisdiction located in Monmouth County, New Jersey, unless subject to the Mandatory Dispute Resolution terms for Registered Users below.

188.    The Mandatory Dispute Resolution terms, i.e., the Arbitration Agreement, applies only to Registered Users.

189.    Claimants are not registered users because they did not register or did not provide complete and accurate information when registering with Plaintiff.

25

190.    Therefore, Claimants have no right to arbitrate their disputes and were required to file suit in a court in New Jersey.

191.    Nevertheless, Claimants filed the Arbitrations with AAA, which constitutes a breach of the "General" clause in the Terms of Use.

192.    That breach has caused Plaintiff to incur damages, including costs, AAA fees, and attorneys' fees, in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court enters judgment:

(a)    declaring that claims for breach of the Terms of Use are not arbitrable;
(b)    declaring that Claimants breached the "General" clause in the Terms of Use;
(c)    awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(d)    granting such other relief as the Court deems to be just and proper.

## COUNT XII
### BREACH OF CONTRACT:
### CHOICE-OF-LAW PROVISION
### Against All Defendants

193.    Plaintiff incorporates Paragraphs 1 through 112 is if fully set forth herein.

194.    The Terms of Use provides that New Jersey law governs.

195.    Nevertheless, Claimants assert claims under California law in the Arbitrations, .

196.    In so doing, Claimants breached the Terms of Use.

197.    That breach has caused Plaintiff to suffer damages, including attorneys' fees and costs, in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court enters judgment:

(a)    declaring that claims for breach of the Terms of Use are not arbitrable;
(b)    declaring that Claimants breached the choice-of-law provision in the Terms of Use;
(c)    awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(d)    granting such other relief as the Court deems to be just and proper.

26

## COUNT XIII
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### Against All Defendants

198.    Plaintiff incorporates Paragraphs 1 through 197 as if fully set forth herein.

199.    All contracts under New Jersey law imply a covenant of good faith and fair dealing.

200.    The implied covenant prohibits the parties from engaging in unreasonable or bad-faith conduct that would deprive the counterparty of the benefits of the contract.

201.    The implied covenant generally applies by (a) adding unexpressed terms that the parties must have intended as necessary to effectuate the contract, (b) redressing unreasonable or bad-faith performance even though the defendant did not breach an express term, and (c) requiring that expressly granted discretion is exercised reasonably and in good faith.

202.    To the extent that any of Defendants' alleged conduct does not breach an express duty in the contract, that alleged conduct breached the implied covenant of good faith and fair dealing.

203.    Defendants breached unexpressed terms that were intended as necessary to effectuate the Terms of Use.

204.    Defendants' performance under the Terms of Use was unreasonable or in bad faith.

205.    Defendants exercised any permissible discretion under the Terms of Use unreasonably and in bad faith.

206.    Defendants' alleged conduct deprived Plaintiff of the benefits of the Terms of Use.

207.    Defendants' financial motivation for engaging in the alleged misconduct demonstrates their bad faith.

208.    For example, AAA financially benefitted from improperly applying the Consumer Rules, which allow AAA to charge Plaintiff fees that do not apply under the Commercial Rules.

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

209.   AAA charged Plaintiff such fees.

210.   Additionally, Claimants financially benefitted from their misconduct by, for example: (a) filing the Arbitrations under the Consumer Rules, which is cheaper for the Claimants and more expensive for Plaintiff than under the Commercial Rules; (b) filing the claims in San Diego, California, where Claimants' counsel are licensed to practice and where Claimants live; and (c) filing the claims under California law, with which Claimants' counsel are familiar.

211.   Defendants' breaches of the implied covenant of good faith and fair dealing have caused Plaintiff to suffer damages, including attorneys' fees and costs, in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court enters judgment:

(a)   declaring that claims for breach of the Terms of Use are not arbitrable;
(b)   declaring that Claimants breached the choice-of-law provision in the Terms of Use;
(c)   awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(d)   granting such other relief as the Court deems to be just and proper.

## COUNT XIV
## DECLARATORY JUDGMENT:
## RIGHT TO TERMINATION
### Against Claimants

212.   Plaintiff incorporates Paragraphs 1 through 211 as if fully set forth herein.

213.   Plaintiff raises a case or controversy regarding whether Plaintiff may prevent Claimants from using and accessing Plaintiff's website.

214.   The Terms of Use states:

Termination of Use
Jersey Mike's may (in its sole discretion) suspend/terminate your access to or use of Jersey Mike's website without notification for any violation of these Terms . . . . In the event of termination, you are no longer authorized to access Jersey Mike's website.

215.   As alleged above, Claimants have violated the Terms of Use in any of various ways.

216.    Therefore, Plaintiff has the right to terminate Claimants' access to and use of Plaintiff's website and prevent future access thereto and use thereof.

WHEREFORE, Plaintiff respectfully prays that the Court enters judgment:

(a)    declaring that the issue of whether Plaintiff may terminate Claimants' access to and use of Plaintiff's website is not arbitrable;

(b)    declaring that Plaintiff may terminate Claimants' access to and use of Plaintiff's website;

(c)    awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and

(d)    granting such other relief as the Court deems to be just and proper.

## COUNT XV
## INDEMNIFICATION
### Against All Defendants

217.    Plaintiff incorporates Paragraphs 1 through 216 as if fully set forth herein.

218.    The Terms of Use states:

Indemnity
You agree to defend, indemnify, and hold harmless Jersey Mike's (and its owner/operators and employees) from any and all liabilities and costs incurred by us . . . in connection with any claim arising from any breach by you of these Terms, including reasonable attorney's fees and costs.

219.    As alleged above, Plaintiff has incurred liabilities and costs, including attorney fees and AAA fees, in connection with claims arising from Defendants breaching the Terms of Use.

220.    Those claims include the claims in the Arbitrations and Plaintiff's claims asserted in this Complaint.

221.    Defendants must indemnify Plaintiff and hold Plaintiff harmless from all liabilities and costs, including reasonable attorneys' fees, in connection with the Arbitrations and this lawsuit in amounts to be determined at trial.

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

WHEREFORE, Plaintiff respectfully prays that the Court enters judgment:

(a)   declaring that the claim for indemnification is not arbitrable;
(b)   declaring that Defendants must indemnify Plaintiff;
(c)   awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Defendants; and
(d)   granting such other relief as the Court deems to be just and proper.


Dated: June 23, 2023                    Respectfully submitted,

                                        **ZARCO EINHORN SALKOWSKI, P.A.**
                                        One Biscayne Tower
                                        2 S. Biscayne Blvd., 34th Floor
                                        Miami, Florida 33131
                                        Telephone: (305) 374-5418
                                        Facsimile: (305) 374-5428
                                        **ROBERT M. EINHORN**
                                        (Seeking admission *pro hac vice*)
                                        E-mail: REinhorn@zarcolaw.com
                                        Secondary e-mail: IMorfi@zarcolaw.com
                                        **SETH M. SHAPIRO**
                                        (Seeking admission *pro hac vice*)
                                        E-mail: SShapiro@zarcolaw.com
                                        Secondary e-mail: AFeliz@zarcolaw.com
                                        *Counsel for Plaintiff*


                                         *s/ Michael M. DiCicco*
                        By: _____
                                        Michael M. DiCicco, Esq. (MD0316)
                                        MAGGS MCDERMOTT & DICICCO, LLC
                                        Allaire Corporate Center
                                        3349 Highway 138
                                        Building C, Suite D
                                        Wall, New Jersey 07719
                                        Tel.: (732) 223-9870
                                        Fax: (732) 223-7367
                                        E-mail: MDicicco@maggslawnj.com
                                        *Counsel for Plaintiff*

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

I certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the matter in controversy is not the subject of my other action pending in any Court and is the subject matter of the Augustine Arbitration and Lahr Arbitration that are pending before the American Arbitration Association, Inc.

*s/ Michael M. DiCicco*

_____
Michael M. DiCicco (MD0316)

Dated:   June 23, 2023

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

RE: Ophelia Augustine v. Jersey Mikes Franchise Systems, Inc. - Case 01-23-0000-3373

Seth M. Shapiro <sshapiro@zarcolaw.com>
Mon 3/20/2023 3:06 PM
To: Consumer Case Filing Team <ConsumerFiling@adr.org>
Cc: Ingrid Morfi <IMorfi@zarcolaw.com>;Robert Einhorn <REinhorn@zarcolaw.com>;Abel Aybar <AAybar@zarcolaw.com>;jamesboyajian@live.com
<jamesboyajian@live.com>;Noah Larsh <noah@swigartlawgroup.com>;Spencer Pfeiff <spencer@swigartlawgroup.com>;Daniel Shay
<danielshay@sandiegobankruptcynow.com>;Joshua Swigart <josh@swigartlawgroup.com>

Dear Consumer Case Filing Team,

Further to our previous email on behalf of Respondent, the AAA administrator should exercise its express "initial authority" under Consumer Rule 1(e) to
apply the Commercial Rules because this decision is an administrative matter and will affect which arbitrators are proposed or selected.  Therefore, it
would not be appropriate for the arbitrator to make this initial administrative decision.

Because the Commercial Rules apply, please provide the parties with an arbitrator list pursuant to Commercial Rule 12(a).

Respectfully,

**SETH M. SHAPIRO**
*Senior Attorney*



**ZARCO EINHORN SALKOWSKI, P.A.**
One Biscayne Tower
2 S. Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418 ext. 315
Fax:         305.374.5428
Email: sshapiro@zarcolaw.com
Website:       www.zarcolaw.com



   

_____

DISCLAIMER:   This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of
the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic
transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com, and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or
amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice
contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the
federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

---

**From:** Seth M. Shapiro
**Sent:** Monday, March 20, 2023 11:58 AM
**To:** Consumer Case Filing Team <ConsumerFiling@adr.org>
**Cc:** Ingrid Morfi <IMorfi@zarcolaw.com>; Robert Einhorn <REinhorn@zarcolaw.com>; Abel Aybar <AAybar@zarcolaw.com>; jamesboyajian@live.com; Noah Larsh
<noah@swigartlawgroup.com>; Spencer Pfeiff <spencer@swigartlawgroup.com>; Daniel Shay <danielshay@sandiegobankruptcynow.com>; Joshua Swigart
<josh@swigartlawgroup.com>
**Subject:** RE: Ophelia Augustine v. Jersey Mikes Franchise Systems, Inc. - Case 01-23-0000-3373

Dear Consumer Filing Team,

Respondent Jersey Mikes Franchise Systems, Inc. ("Respondent") respectfully submits this reply in support of its February 13, 2023 correspondence
("Request") requesting the application of the AAA Commercial Arbitration Rules ("Commercial Rules") and not the AAA Consumer Arbitration Rules
("Consumer Rules").  The Response dated March 20, 2023 ("Response") from Claimant Ophelia Augustine ("Claimant") *does not dispute* Respondent's

EXHIBIT A

contentions that require the application of the Commercial Rules. Specifically, she does not dispute that (1) the arbitration clause selects the Commercial Rules and (2) the agreement containing that clause is *not* a "consumer agreement." Therefore, the Commercial Rules should apply.

Claimant asserts two grounds for applying the Consumer Rules. Specifically, she states: "the AAA Consumer Rules apply to any dispute arising out of a contract between a consumer and a business where the contract either (a) provides for the use of the AAA Consumer Rules or (b) incorporates the AAA Commercial Rules, but the dispute involves a consumer as defined by the Consumer Rules." Those grounds are provided by Consumer Rule 1(a), which governs "When the AAA Applies These [Consumer] Rules." https://adr.org/sites/default/files/Consumer%20Rules.pdf. Claimant purports to rely on a "Rule C-1, Scope of Rules" of the Consumer Rules, which does not seem to exist. *See id.* (containing neither the phrase "Scope of Rules" nor "Rule C-1"). In any event, neither of Claimant's grounds apply here.

As to the first ground, Claimant *does not dispute* that the arbitration clause at issue *expressly requires* the application of the Commercial Rules. *See* Claimant's Request (quoting the arbitration clause as stating: "AAA will adjudicate the Covered Claims in accordance with its Commercial Arbitration Rules"). Therefore, the Commercial Rules should apply. *See* Commercial Rule R-1(a) ("The parties shall be deemed to have made these [commercial] rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) under its Commercial Arbitration Rules[.]"), https://adr.org/sites/default/files/Commercial%20Rules.pdf.

Because the arbitration clause expressly selects the Commercial Rules, Claimant must resort to her second ground to overcome that selection, but she fares no better. The second ground does not apply because Claimant *does not dispute* the fact that the agreement governing this dispute is *not* a consumer agreement. Pursuant to Consumer Rule 1(a)(4), if a "consumer agreement" provides for AAA arbitration, the Consumer Rules apply even if other rules are expressly selected in the arbitration clause. *See* R-1(a)(4), https://adr.org/sites/default/files/Consumer%20Rules.pdf. Tacitly acknowledging that Claimant cannot prove the existence of a "consumer agreement" as defined by AAA, she ignores the definition entirely and shifts the goalpost by relying on the definition of "consumer" to argue that "this case involves a consumer *dispute.*" *See* Claimant's Response (emphasis added); *see also* Consumer Rule 1(a)(4) (defining "consumer agreement"), https://adr.org/sites/default/files/Consumer%20Rules.pdf. Therefore, Claimant fails to show that this ground applies and, consequently, fails to show that the Consumer Rules should govern this arbitration.

Indeed, Claimant cannot show that the agreement at issue (the "Terms of Use" on Respondent's website) is a "consumer agreement" because it does *not* govern the "purchase" of any "consumable good or service" by "an individual consumer." *See* Consumer Rule 1(a)(4) (emphasis added) (defining "consumer agreement"), https://adr.org/sites/default/files/Consumer%20Rules.pdf. Rather, the Terms of Use govern the use of Respondent's website. *See* Terms of Use ("Your access to and the use of Jersey Mike's website is subject to the following terms and conditions[.]"), https://www.jerseymikes.com/terms-of-use. Claimant also does not dispute the fact that her claims arise from her use of the website and not from any purchase. *See* Respondent's Request; Claimant's Response. Therefore, the Terms of Use, including its arbitration clause, govern this dispute. Because the Terms of Use is not a "consumer agreement" and selects the Commercial Rules, the Commercial Rules should apply.

Finally, Claimant's request to kick the can down the road for resolving this preliminary dispute meritless. She argues that "the arbitrator has the authority to rule on their jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or the applicability of the AAA Consumer Rules. Thus, any objections to the applicable rules should be deferred until an arbitrator is appointed." Claimant overlooks the fact that the Consumer Rules, which distinguish between "AAA" and the "arbitrator," *expressly* give the AAA administrator the "initial authority" to determine which set of AAA rules to apply. *See* Consumer Rule 1(e) (emphasis added) ("The AAA has the *initial authority* to apply or not to apply the Consumer Arbitration Rules."), https://adr.org/sites/default/files/Consumer%20Rules.pdf. For the reasons provided above, AAA should exercise its initial authority to apply the Commercial Rules to this arbitration.

Respectfully,

**SETH M. SHAPIRO**
Senior Attorney



**ZARCO EINHORN SALKOWSKI, P.A.**
One Biscayne Tower
2 S. Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418 ext. 315
Fax:      305.374.5428
Email: sshapiro@zarcolaw.com
Website:    www.zarcolaw.com






DISCLAIMER: This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com, and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

---

**From:** Joshua Swigart <josh@swigartlawgroup.com>
**Sent:** Saturday, March 18, 2023 2:08 PM
**To:** Consumer Case Filing Team <ConsumerFiling@adr.org>
**Cc:** Consumer Case Filing Team <ConsumerFiling@adr.org>; Ingrid Morfi <IMorfi@zarcolaw.com>; Robert Einhorn <REinhorn@zarcolaw.com>; Seth M. Shapiro <sshapiro@zarcolaw.com>; Abel Aybar <AAybar@zarcolaw.com>; jamesboyajian@live.com>; Noah Larsh <noah@swigartlawgroup.com>; Spencer Pfeiff <spencer@swigartlawgroup.com>; Daniel Shay <danielshay@sandiegobankruptcynow.com>
**Subject:** Re: Ophelia Augustine v. Jersey Mikes Franchise Systems, Inc. - Case 01-23-0000-3373

Dear Case Administrator,

Claimant asserts that under the American Arbitration Association (AAA) Rules, any contractual dispute involving a consumer in California must apply the applicable AAA Consumer Rules. This response outlines the applicable rule and argues that the consumer in this matter, Ophelia Augustine, has made a prima facie showing that the case must proceed presumptively under the Consumer Rules until an arbitrator is appointed. Furthermore, Claimant contends that any objection to the applicable rules should be deferred until the appointment of an arbitrator.

Pursuant to the AAA Consumer Arbitration Rules, specifically Rule C-1, Scope of Rules, the AAA Consumer Rules apply to any dispute arising out of a contract between a consumer and a business where the contract either (a) provides for the use of the AAA Consumer Rules or (b) incorporates the AAA Commercial Rules, but the dispute involves a consumer as defined by the Consumer Rules. In the present case, Ophelia Augustine is a consumer under the definition provided by Rule C-1, as she is an individual who has entered into an agreement with a business for personal, family, or household purposes.

As the Claimant, Ophelia Augustine has made a prima facie showing that the case involves a consumer dispute. The matter must, therefore, proceed presumptively under the AAA Consumer Rules until an arbitrator is appointed. Under the rules, the arbitrator has the authority to rule on their jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or the applicability of the AAA Consumer Rules. Thus, any objections to the applicable rules should be deferred until an arbitrator is appointed.

In conclusion, based on the American Arbitration Association Rules, the dispute between Ophelia Augustine and Jersey Mikes Franchise Systems, Inc. must apply the AAA Consumer Rules. The case should proceed under the Consumer until an arbitrator is appointed, at which point any objections to the rules' applicability can be addressed by the arbitrator.

Thank you


Joshua B. Swigart

---

**From:** Consumer Case Filing Team <ConsumerFiling@adr.org>
**Date:** Friday, March 17, 2023 at 6:45 AM
**To:** Joshua Swigart <josh@swigartlawgroup.com>
**Cc:** Consumer Case Filing Team <ConsumerFiling@adr.org>, IMorfi@zarcolaw.com <IMorfi@zarcolaw.com>, reinhorn@zarcolaw.com <reinhorn@zarcolaw.com>, sshapiro@zarcolaw.com <sshapiro@zarcolaw.com>, aaybar@zarcolaw.com <aaybar@zarcolaw.com>, jamesboyajian@live.com <jamesboyajian@live.com>
**Subject:** RE: Ophelia Augustine v. Jersey Mikes Franchise Systems, Inc. - Case 01-23-0000-3373

Good Morning,

Please be advised that we did not receive a response from the claimant to the requested comments.

**At this time, we request claimant's comments. Please submit comments via email, mail or fax to the undersigned by March 24, 2023.**
Unfortunately, if we do not timely receive the requested information, we may administratively close this matter.

Please feel free to email consuerfiling@adr.org with any questions.

Sincerely,
Consumer Filing Team




**Consumer Case Filing Team**

1101 Laurel Oak Road
Suite 100, Voorhees, NJ 08043
E: ConsumerFiling@adr.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** ConsumerFiling@adr.org <ConsumerFiling@adr.org>
**Sent:** Friday, March 10, 2023 5:40 PM
**To:** JMorfi@zarcolaw.com; Josh@SwigartLawGroup.com; sshapiro@zarcolaw.com; reinhorn@zarcolaw.com
**Subject:** Ophelia Augustine v. Jersey Mikes Franchise Systems, Inc. - Case 01-23-0000-3373

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.


**Consumer Case Filing Team**

T: 877 495 4185 Ext. 4646   E: ConsumerFiling@adr.org
1101 Laurel Oak Road
Suite 100, Voorhees, NJ 08043

**From:** Seth M. Shapiro
**Sent:** Monday, February 13, 2023 3:03 PM
**To:** Case Filing
**Cc:** Robert Einhorn; Abel Aybar
**Subject:** Notice of Representation: Ophelia Augustine v. Jersey Mikes Franchise Systems, Inc. (AAA San Diego)

**\*\*\* External E-Mail – Use Caution \*\*\***

To Whom This May Concern:

Angela from AAA's customer service advised me to email you regarding the arbitration filed by Ophelia Augustine against our client, Jersey Mikes Franchise Systems, Inc. The Demand for Arbitration under the Consumer Arbitration Rules is attached.

*First*, we write you to provide notice that we are counsel for Jersey Mikes. Because our law firm is based in Florida, we are in the process of complying with California's out-of-state attorney arbitration counsel ("OSAAC") procedure to obtain approval to appear in the arbitration on behalf of our client.

*Second*, please promptly advise us of the status of the arbitration and whom we can contact to stay the administration of the proceeding until we obtain approval to appear in the arbitration. All we have is the attached demand form.

*Finally*, please note that the Commercial Arbitration Rules should apply, not the Consumer Arbitration Rules. According to plaintiff's attached demand, her claims arise from her use of our client's website, not from any purchase or "consumer agreement" as defined by AAA's consumer rules. Furthermore, the "Terms of Use" for our client's website, which contains the arbitration provision, states, in relevant part: "AAA will adjudicate the Covered Claims in accordance with its Commercial Arbitration Rules."

We appreciate your attention to this matter.

Best,

**SETH M. SHAPIRO**
Senior Attorney



**ZARCO EINHORN SALKOWSKI, P.A.**
One Biscayne Tower
2 S. Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418 ext. 315
Fax:     305.374.5428
Email: sshapiro@zarcolaw.com
Website:    www.zarcolaw.com



DISCLAIMER:  This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com, and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.