# MARON MARVEL.

3 Second Street, Suite 202
Jersey City, NJ 07311

**Maron Marvel Bradley Anderson & Tardy, LLC**  **August 18, 2023**
**Timothy Coughlan, Esq.**
Director
TCoughlan@MaronMarvel.com

Honorable Georgette Castner, U.S.D.J.
Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse
402 E. State St.
Trenton, NJ 08608

    Re:  *Jersey Mike's Franchise Systems, Inc. v. American Arbitration Association, Inc., et al.*
          *Case No.: 3:23-cv-03444-GC-TJB*

Dear Judge Castner:

My firm represents defendants Ophelia Augustine and Cecelia Lahr ("Defendants") in the above-captioned matter. Pursuant to Your Honor's direction, we write to request a pre-motion conference relating to Defendants' anticipated Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). A short summary of Defendants' legal arguments are as follows:

## Factual Summary of Claims

Defendants are prior customers of Plaintiff and have received services such as ordering sandwiches and meals in the past. Both Defendants registered their information with Plaintiff and provided their cellular telephone numbers to Plaintiff in creating their accounts. Each Defendant had occasion to review their Off Facebook Activity, which is now publicly available to all Meta (Facebook) users. Defendants discovered that Plaintiff shared certain information concerning Defendants with Meta, as well as other third-parties, without Defendants' knowledge or permission. In response to these privacy violations, both Defendants took action by filing arbitration demands with the American Arbitration Association ("AAA"), based on the terms and conditions governing how the parties were to resolve any disputes. These arbitrations assert that Plaintiff violated both federal and California wiretapping statutes by enabling Meta to intercept and use Defendants' communications with Plaintiff's website for Meta's own commercial purposes by virtue of tracking software. In response Plaintiff participated in the arbitrations until it received a ruling from AAA that it did not like. In response Plaintiff then filed the present declaratory action against the AAA, as well as Defendants. Plaintiff seeks a declaratory ruling from this Court interpreting the contract between Plaintiff and Defendants Augustine and Lahr. It is Defendants' contention that this Court lacks subject matter jurisdiction over this contractual dispute, as this Court is a court of limited jurisdiction and therefore this complaint should be dismissed.

## This Court Lacks Jurisdiction Over This Controversy

Plaintiff asks the Court to control the AAA Arbitrators' administration of Claimants' pending Arbitrations. This Court should refrain from issuing any orders that impact the substance of any pending arbitration because, with all due respect, the Court has no jurisdiction at this stage in the proceedings and this Court lacks subject matter jurisdiction to hear this arbitrable dispute over contract interpretation.

**MARON MARVEL.**

3 Second Street, Suite 202
Jersey City, NJ 07311

A court's jurisdiction over a pending arbitration is limited to a review of the arbitrator's final award, which has not occurred. This issue was addressed in *Gulf Guaranty Life Ins. Co. v. Connecticut Gen. Life Ins. Co.*, 304 F.3d 476 (5th Cir. 2002), which involved two parties to a contractual arbitration agreement. The case was originally filed in federal district court, but was compelled to arbitration, and the case was stayed. *See id.* at 480-81. A dispute arose about the selection of arbitrators, and Gulf Guaranty filed a second suit in district court claiming breach of the arbitration agreement. *Id.* Arbitration was again compelled, and the second suit was dismissed (giving the Fifth Circuit jurisdiction to hear the appeal). *Id.* The court reviewed the claims of the second suit (breach of the arbitration agreement and conspiracy). *Id.* The court explained that these were the types of claims for damages that arise from the alleged failure or breach of the agreed arbitral process and that there was no authority for a court to intervene in the process while a valid and enforceable arbitration agreement exists, pursuant to the Federal Arbitration Act. *Id.* at 486-88. Challenges to the procedural aspects of arbitration are for the arbitrator to decide, whereas challenges to the substantive arbitrability of disputes are for the courts to decide. *See Gulf Guaranty*, 304 F.3d at 487. Plaintiff's Complaint of unfair procedure goes to the process of arbitration, not the substance of the arbitration agreement Plaintiff may not challenge the AAA arbitrators' choice of the Consumer Rules as being fundamentally unconscionable and seek relief in this court of limited jurisdiction.

### Plaintiff is Attempting to Avoid Its Arbitration Agreement by Asking This Court to Resolve These Contractual Disputes Outside of Arbitration

Plaintiff's claims against Defendants are premised on the argument that Defendants consented to Plaintiff's disclosure of their communications on its website to third-parties. This, again, is an issue for the arbitrator to decide. It is inappropriate for Plaintiff, in response to the filing of an arbitration action in which they do not like the preliminary rulings, to then file a declaratory relief action in this court to rule on those same contractual issues. The issue of consent and its scope is an affirmative defense to the federal and California wiretapping statute claims that requires resolution of factual questions, in arbitration. *Brown v. Google LLC*, 525 F.Supp.3d 1049, 1063 (N.D. Cal. 2021) (Defendant carries the ultimate burden of proving a consent defense). Plaintiff's action thus seeks to evade the resolution of these claims and defenses in the arbitrations by asking this Court to adjudicate state law contract and tort claims. There exists no independent subject matter jurisdiction over those contract claims. Even where, unlike here, a plaintiff does not seek monetary relief, courts have still recognized that claims of this sort that essentially seek to adjudicate "the key substantive questions at issue in the [underlying] dispute" between the parties impermissibly "permit a party to obtain from a court essentially the same relief as that otherwise reserved for the arbitrator" in spite of a "sweeping arbitration provision." I*nformation Sys. Audit and Control Assoc., Inc. v. Telecommunication Sys., Inc.*, 2017 WL 2720433, at *4 (N.D. Ill. June 23, 2017). *See also, e.g., Clarus Med., LLC v. Myelotec, Inc.,* 2005 WL 3272139, at *4 (D. Minn. Nov. 30, 2005). To the extent Plaintiff's claims against Defendants are based upon their use of Plaintiff's website and the subsequent commencement of the arbitrations alleging violations of the federal and California wiretapping statutes, those claims are intimately related to the merits of Claimants' Arbitrations. This Court lacks subject matter jurisdiction over Plaintiff's claims based on Defendants' pursuit of the arbitrations. There simply is no federal question surrounding the arbitrability of the contract claims at issue.

**MARON MARVEL.**

3 Second Street, Suite 202
Jersey City, NJ 07311

## This Case Involves a Question of Whether a Claim is Arbitrable, Which is Outside the Court's Limited Jurisdiction

Even assuming, arguendo, that this Court could intervene at this stage in pending arbitration proceedings to adjudicate a dispute relating to "the scope, application, and enforceability of" the Arbitration Agreement's terms, Plaintiff's purported dispute over the arbitrability of a specific dispute based on whether or not Claimants are "registered users" cannot be enough to support subject matter jurisdiction on this ground. Plaintiff's entire argument is that Defendants never assented to the Arbitration Agreement because they did not create accounts prior to ordering from Plaintiff or otherwise accessing its website. This is not required, but assuming the validity of Plaintiff's argument, both Claimants were registered users. But again, this is a factual issue which should be left up to the arbitrator. If Plaintiff's argument is that there is a dispute over the terms of the arbitration agreement somehow convey federal subject matter jurisdiction over this controversy the requirements of 28 U.S.C. § 1331 are not met.

In any event, Plaintiff waived its right to challenge the arbitrators' authority by participating in the arbitration. A party waives its right to challenge the arbitrators' authority to decide a matter where it voluntarily participates in the arbitration of that matter without objecting to the arbitrators' authority to decide that matter. *See United Indus. Workers v. Government of Virgin Islands*, 987 F.2d 162, 168-69 (3d Cir. 1993). Plaintiff participated in the AAA arbitrations, were not happy with the rulings by the AAA, and then sought relief from this Court before a final order in the arbitrations was issued. Plaintiff cannot now be heard to complain of rulings it does not like from a forum which is selected to resolve any of the parties' disputes. Plaintiff waived that right by participating in the arbitration proceedings. The Third Circuit has recognized that disputes over arbitrability are different than disputes over the "scope" or "validity" of an arbitration agreement, and where, as here, the agreement provides that the arbitration shall be subject to the rules of AAA and does not make an exception regarding "the arbitrability of any claim or counterclaim," the operative agreement manifests a clear intent to empower the arbitrator to resolve "any objections" over the arbitrability of a dispute. *See Richardson v. Coverall N. Am.*, 811 Fed. Appx. 100, 103-04 (3d Cir. 2020).

## Conclusion

The claims giving rise to this federal action arise solely out of contract. This Court being a court of limited jurisdiction should find there is no subject matter jurisdiction to hear any claimed controversy. Based on the terms and conditions presented and agreed to on Plaintiff's website, all controversies must be resolved through binding arbitration. Simply because Plaintiff is not happy with the preliminary rulings of the arbitrator it contractually selected, it does not have the right to challenge its own contract, let alone in this improper forum. Defendants respectfully request a pre-motion conference to discuss the filing of a motion to dismiss for lack of subject matter jurisdiction.

Respectfully submitted,

*/s/ Timothy Coughlan*

Timothy Coughlan