UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JERSEY MIKE'S FRANCHISE SYSTEMS, INC.,

    *Plaintiff*,

v.

AMERICAN ARBITRATION ASSOCIATION, INC., OPHELIA AUGUSTINE, CECELIA LAHR, and ALEXANDER LUCE,

    *Defendants*.

Case No.: 23-CV-03444-GC-TJB

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

**ZARCO EINHORN SALKOWSKI, P.A.**
One Biscayne Tower
2 S. Biscayne Blvd., 34th Floor
Miami, Florida 33131
Telephone: (305) 374-5418
Facsimile: (305) 374-5428
**ROBERT M. EINHORN**
(Admitted *pro hac vice*)
E-mail: REinhorn@zarcolaw.com
Secondary e-mail: AGarcia@zarcolaw.com
**SETH M. SHAPIRO**
(Admitted *pro hac vice*)
E-mail: SShapiro@zarcolaw.com
Secondary e-mail: Bryan@zarcolaw.com
*Counsel for Plaintiff*

Michael M. DiCicco, Esq. (MD0316)
**MAGGS MCDERMOTT & DICICCO, LLC**
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
Tel.: (732) 223-9870
Fax: (732) 223-7367
E-mail: MDicicco@maggslawnj.com
*Counsel for Plaintiff*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES………………………………………………………………………iii

PRELIMINARY STATEMENT…………………………………………………………………….1

STATEMENT OF FACTS…………………………………………………………………………..2

ARGUMENT……………………………………………………………………………………….4

        I.      Legal Standard………………………………………………………………...4

        II.     Plaintiff Is Likely to Succeed on the Merits of Its Claim for a Declaratory Judgment That This Court Must Determine Arbitrability………..4

                A.     The Issue of Whether Arbitrability Is Arbitrable Is Currently Disputed in Pending Arbitrations, so Declaratory Relief Is Proper…...4

                B.     The Issue of Arbitrability Is Likely Not to Be Arbitrable as the Arbitration Provision Expressly States That This Court Must Decide…………………………………………………………...5

        III.    Denying This Motion Would Cause *Per Se* Irreparable Harm to Plaintiff…….7

        IV.    The Balance of Equities Tips in Plaintiff's Favor……………………………..8

        V.     The Public Interest Supports Issuing a Preliminary Injunction………………..9

CONCLUSION…………………………………………………………………………….10

**TABLE OF AUTHORITIES**

**Cases**                                                                                              **Page(s)**

*Am. Exp. Co. v. Italian Colors Rest.*,
   570 U.S. 228 (2013)……………………………………………………………………6–7

*Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*,
   42 F.3d 1421 (3d Cir. 1994)……………………………………………………………9

*AT & T Tech., Inc. v. Commc'ns Workers of Am.*,
   475 U.S. 643 (1986)……………………………………………………………………5, 6, 9

*Deem v. Infiniti Fin. Servs.*,
   No. CV2120105MASDEA, 2022 WL 2347170 (D.N.J. June 29, 2022)………………6

*Frederick v. L. Off. of Fox Kohler & Assocs. PLLC LLC*,
   852 F. App'x 673 (3d Cir. 2021)……………………………………………………….6

*Gruntal & Co. v. Steinberg*,
   837 F. Supp. 85 (D.N.J. 1993)……………………………………………..…….4, 5, 7, 9

*Howsam v. Dean Witter Reynolds*,
   537 U.S. 79 (2002)…………………………………………………..……………………5

*HR Staffing Consultants LLC v. Butts*,
   627 F. App'x 171 (3d Cir. 2015)………………………………………………………4

*Jones v. Waffle House, Inc.*,
   866 F.3d 1257 (11th Cir. 2017)………………………………………………………..6

*Mine Safety Appliances Co. v. N. River Ins. Co.*,
   73 F. Supp. 3d 544 (W.D. Pa. 2014)………………………………………………….9–10

*Money Mktg. v. Silver Aspen, Inc.*,
   No. CV 06-1414 (FSH), 2006 WL 8457663 (D.N.J. June 9, 2006)……………….....9

*Morgan v. Sanford Brown Inst.*,
   137 A.3d 1168 (N.J. 2016)……………………………………………………………..6

*MZM Constr. Co., Inc. v. New Jersey Bldg. Laborers' Statewide Ben. Funds*,
   No. CV 18-16328-KM-MAH, 2019 WL 3812889 (D.N.J. Aug. 14, 2019),
   *aff'd*, 974 F.3d 386 (3d Cir. 2020)……………………………………………….7, 8

*Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*,
  290 F.3d 578 (3d Cir. 2002)..................................................................................8

*PaineWebber Inc. v. Hartmann*,
  921 F.2d 507 (3d Cir. 1990)……………………………………………………..5, 7, 9

*PaineWebbter Inc. v. Hofmann*,
  984 F.2d 1372 (3d Cir. 1993)................................................................................7

*Pansy v. Borough of Stroudsburg*,
  23 F.3d 772 (3d Cir. 1994)....................................................................................9

*Pappan Enters., Inc. v. Hardee's Food Sys., Inc.*,
  143 F.3d 800 (3d Cir. 1998)..................................................................................8

*Pennsylvania v. DeJoy*,
  490 F. Supp. 3d 833 (E.D. Pa. 2020), *order clarified*,
  No. CV 20-4096, 2020 WL 6580462 (E.D. Pa. Oct. 9, 2020) ...................................9

*Puleo v. Chase Bank USA, N.A.*,
  605 F.3d 172 (3d Cir. 2010)..................................................................................6

*Reilly v. City of Harrisburg*,
  858 F.3d 173 (3d Cir. 2017)..................................................................................4

*Tellium, Inc. v. Corning Inc.*, No. 03 Civ. 8487(NRB),
  No. 03 Civ. 8487 (NRB), 2004 WL 307238 (S.D.N.Y. Feb. 13, 2004) .....................8

*Thomas Glob. Grp., LLC v. Watkins*, CIV.A.
  No. CIV.A. 13-04864 SRC, 2014 WL 1371719 (D.N.J. Apr. 8, 2014) .....................5

**Statutes**                                                                                                                **Page(s)**

28 U.S.C. § 2201....................................................................................................4


**Rules**                                                                                                                    **Page(s)**

Fed. R. Civ. P. 65...............................................................................................1, 4

Plaintiff Jersey Mike's Franchise Systems, Inc. ("Plaintiff"), through undersigned counsel, respectfully files this Memorandum of Law in Support of Motion for Preliminary Injunction (the "Motion") pursuant to Rule 65 of the Federal Rules of Civil Procedure for an order enjoining Defendants Ophelia Augustine ("Augustine"), Cecelia Lahr ("Lahr"), Alexander Luce ("Luce" and, collectively with Augustine and Lahr, "Claimants"), and American Arbitration Association, Inc. ("AAA" and, collectively with Claimants, "Defendants") from proceeding with the arbitrations pending against Plaintiff.

## **PRELIMINARY STATEMENT**

This is a straightforward motion to preliminarily enjoin Claimants' arbitrations (the "Arbitrations") pending against Plaintiff before AAA, which Claimants filed to avoid public scrutiny into their frivolous claims for nuisance-value settlements. Count III of the Complaint, ECF No. 1, and the First Amended Complaint ("FAC") filed herewith, seek a declaratory judgment that the threshold issue of arbitrability is not arbitrable. That issue may be decided only by a court, and Defendants' refusal to have the issue decided by a court is the basis of the Motion.

All four requirements for issuing a preliminary injunction are easily satisfied as to Count III as the U.S. Supreme Court, the Third Circuit, and district courts in this Circuit have already ruled on these issues. *First*, Plaintiff is likely to succeed on the merits because the arbitration agreement expressly states that this Court must determine arbitrability. *Second*, denying the Motion would cause *per se* irreparable harm to Plaintiff by forcing it to arbitrate without having agreed to do so. *Third*, that harm outweighs the negligible "harm," if any, to Claimants by delaying the Arbitrations. Such delay is not even harm here as it is required by the very arbitration provision that Claimants seek to enforce, and Claimants added delay by failing to seek declaratory relief sooner. *Fourth*, the public has an interest in enforcing contracts and having transparency into (1)

1

AAA's unlawful efforts to expand its own jurisdiction, which necessarily restricts jurisdiction of courts, to which the public has a right of access, and (2) the cottage industry of filing frivolous claims in arbitration to coerce nuisance-value settlements without public scrutiny. Because all four factors are satisfied, the Court should grant this Motion.

As this Motion is limited to jurisdiction to determine arbitrability, whether Claimants' disputes are ultimately arbitrable is not germane. That said, once the issue of arbitrability is ripe, the Court will find that Claimants' disputes are not arbitrable at all or, at a minimum, not arbitrable by AAA. Plaintiff's investigation has not yielded information sufficient to show that Claimants are "registered users" of Plaintiff's website, which is crucial because only registered users are parties to Plaintiff's arbitration agreement. *See* First Am. Compl. ("FAC") ¶ 112–14. Furthermore, any of one AAA's various alleged failures to apply the arbitration agreement as written is sufficient to replace AAA as the arbitrator because the arbitration agreement expressly requires that, if "AAA cannot or will not perform arbitration in accordance with the provisions of this agreement, . . . a court shall appoint one according to the provisions of the Federal Arbitration." Due to these issues and the U.S. Supreme Court and Third Circuit's concern with arbitrators determining their own authority, it is essential to establish this Court's jurisdiction to determine arbitrability.

## STATEMENT OF FACTS

Every webpage on Plaintiff's website has a link to the "Terms of Use," which is Plaintiff's contract with users of its website that governs access to and use of the website. *See* Compl. ¶¶ 7, 50; FAC ¶¶ 5, 58–59; Decl. of Scott Scherer ¶ 5 & Ex. A at 1 (Aug. 21, 2023) ("Scherer Decl.").[1]

---

[1] Plaintiff submits a copy of the Terms of Use in effect when the Arbitrations were filed because Plaintiff amended the Terms of Use since then. *See* Scherer Decl. ¶¶ 6–7 & Ex. A at 1.

The arbitration provision in the Terms of Use is called the "Mandatory Dispute Resolution Agreement." *Id.*, Ex. A at 4. It states, in relevant part:

> All issues are for AAA to decide, ***except*** that disputes relating to the scope, *application*, and enforceability of these Mandatory Dispute Resolution Terms are for a Court to decide (if you and we cannot agree). . . .
>
> You and we agree to be subject to the personal jurisdiction of the courts of New Jersey with respect to any Covered Claim. You and we submit to the jurisdiction of the federal and State Courts surrounding Monmouth County, New Jersey to . . . address disputes regarding the scope, application, and enforceability of these Mandatory Dispute Resolution Terms . . . .

*Id.*, Ex. A at 5. "Covered Claims" are broadly defined as, in relevant part, all disputes between a "Registered User" and Plaintiff that "relat[e] in any way to [Plaintiff's] Website." *Id.*, Ex. A at 5.

Based on these provisions, Claimants filed the Arbitrations against Plaintiff with AAA in San Diego, California, asserting federal and California law claims related to invasion of privacy arising from Claimants' use of Plaintiff's website. Compl. ¶¶ 69, 89; FAC ¶¶ 8, 77–78, 97–98, 104–05. At the administrative stage, AAA held that any "dispute regarding the arbitrability of this claim should be raised to the arbitrator for a determination." Compl. ¶ 135; FAC ¶ 136. Plaintiff then filed this action for damages and declaratory relief regarding the Arbitrations. Count III seeks a declaratory judgment that this Court must decide arbitrability, i.e., the "scope, application, and enforceability" of the arbitration provision. *See* Compl. ¶¶ 131–35; FAC ¶¶ 154–59.

Plaintiff demanded AAA to stay the Arbitrations until this Court decides arbitrability. Compl. ¶ 135; FAC ¶¶ 13–14, 120; Decl. of Seth M. Shapiro ¶ 4 (Aug. 21, 2023) ("Shapiro Decl."). Without asking Claimants to respond to Plaintiff's demand, AAA refused to stay the Arbitrations unless: (1) Claimants consent, but they refused; (2) Plaintiff files with the arbitrator a motion to stay, but that motion would create a vehicle for AAA to exceed its authority and force Plaintiff to waive its right to have the Court decide arbitrability; or (3) ordered by a court. *See* Shapiro Decl.

¶¶ 5–7. Thus, Plaintiff had no choice but to file this Motion to enjoin the Arbitrations until the Court rules on arbitrability. AAA stated that it would take no position on such motion. *See id.* ¶ 8.

## ARGUMENT

I. **Legal Standard**

The movant seeking a preliminary injunction under Rule 65(a) must establish that: (1) the movant is likely to succeed on the merits; (2) the movant is likely to suffer irreparable harm without a preliminary injunction; (3) the balance of equities favors the movant; (4) and an injunction is in the public interest. *See HR Staffing Consultants LLC v. Butts*, 627 F. App'x 171 (3d Cir. 2015).

II. **Plaintiff Is Likely to Succeed on the Merits of Its Claim for a Declaratory Judgment That This Court Must Determine Arbitrability**

The first factor—likelihood of success on the merits of Count III—is satisfied because Plaintiff is likely to show that (1) declaratory judgment is proper to determine whether the issue of arbitrability is arbitrable and (2) the issue of arbitrability is *not* arbitrable. Likely success on the merits requires "a showing significantly better than negligible but not necessarily more likely than not." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended* (June 26, 2017).

A. **The Issue of Whether Arbitrability Is Arbitrable Is Currently Disputed in Pending Arbitrations, so Declaratory Relief Is Proper**

A declaratory judgment on whether the issue of arbitrability is arbitrable is proper here because the issue is disputed in the Arbitrations, and that dispute constitutes a case or controversy.

Declaratory judgments are proper to resolve a "case or controversy," 28 U.S.C. § 2201, which requires a dispute that (1) is "real and not hypothetical" and (2) "affects an individual in a concrete manner so as to provide the factual predicate for reasoned judicial resolution," *Gruntal & Co. v. Steinberg*, 837 F. Supp. 85, 89 (D.N.J. 1993). Courts hold that these requirements are satisfied when the arbitrator would rule on arbitrability in a pending arbitration, as is the case here,

4

because arbitrability is a threshold issue that concretely affects whether the parties proceed in arbitration or court. Compl. ¶ 135 (alleging that AAA insisted that "arbitrability . . . should be raised to the arbitrator for a determination"); FAC ¶ 136; Shapiro Decl. ¶ 5 ("AAA will proceed with the arbitration unless a Court directors otherwise."), ¶¶ 6–7 (stating that AAA would stay the Arbitrations with Claimants' consent, but they refused to consent); *AT & T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648, 649 (1986) ("[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. . . . [That] question of arbitrability . . . is undeniably an issue for judicial determination."); *PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990) (emphasis added) (affirming order enjoining arbitrations because, "*[b]efore* compelling an unwilling party to arbitrate, . . . the court [is required] to . . . ensure that the dispute is arbitrable"), *overruled on other grounds*, *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 85 (2002); *Thomas Glob. Grp., LLC v. Watkins*, No. CIV.A. 13-04864 SRC, 2014 WL 1371719, *4 (D.N.J. Apr. 8, 2014) (emphasis added) ("It is well established that a court is '*obliged to enjoin an arbitration*' where it is determined 'that a valid arbitration agreement does not exist or that the matter at issue clearly falls outside the substantive scope of the agreement.'"); *Gruntal & Co.*, 837 F. Supp. at 89–90 (holding that movant "presented an actual legal controversy which affects it in a concrete manner" because "the issue of the arbitrability of the dispute is currently before the NASD arbitration panel," which creates "a concrete possibility that the NASD panel will compel Gruntal to arbitrate in the absence of a judicial determination as to arbitrability").

**B.     The Issue of Arbitrability Is Likely Not to Be Arbitrable as the Arbitration Provision Expressly States That This Court Must Decide**

The Court is likely to grant declaratory judgment in Plaintiff's favor by finding that the issue of arbitrability is *not* arbitrable because Defendants cannot satisfy the "onerous" burden to

overcome the right to a judicial determination of arbitrability. *Deem v. Infiniti Fin. Servs.*, No. CV2120105MASDEA, 2022 WL 2347170, at *4 (D.N.J. June 29, 2022); *see AT & T Techs., Inc.*, 475 U.S. at 651 (reversing ruling that arbitrability was arbitrable because "[i]t is the court's duty to interpret the agreement and to determine whether the parties intended to arbitrate"). To defeat the presumption "that a court, not an arbitrator, decides any issue concerning arbitrability," the arbitration agreement "must be clear, precise, and entirely unequivocal, free from ambiguity or multiple interpretations." *Morgan v. Sanford Brown Inst.*, 137 A.3d 1168, 1177 (N.J. 2016); *accord AT & T Techs., Inc.*, 475 U.S. at 649 ("clear[] and unmistakabl[e]" standard); *Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 187 (3d Cir. 2010); *Deem*, 2022 WL 2347170, at *4.

Defendants cannot satisfy this onerous standard because the arbitration agreement at issue *expressly makes the issue of arbitrability **justiciable**, not arbitrable*. The arbitration agreement states: "All issues are for AAA to decide, *except* that disputes relating to the scope, application, and enforceability of these Mandatory Dispute Resolution Terms are for a Court to decide (if you and we cannot agree)." Scherer Decl., Ex. A at 5 (emphases added). Scope, application, and enforceability of an arbitration agreement are issues concerning arbitrability. *See, e.g.*, *Frederick v. L. Off. of Fox Kohler & Assocs. PLLC LLC*, 852 F. App'x 673, 676–77 (3d Cir. 2021) (holding that the "gateway questions" of arbitrability concern the "enforceability" of the arbitration agreement and whether the agreement "applies" to the controversy, "i.e., its scope"); *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1264 (11th Cir. 2017) (emphasis added) ("[P]arties may agree to arbitrate gateway questions of arbitrability *including the enforceability, scope, applicability*, and interpretation of the arbitration agreement."). The Court is likely to enforce this express language that the issue of arbitrability is not arbitrable. *See Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) ("[C]ourts must 'rigorously enforce' arbitration agreements according to their

terms[.]"); *MZM Constr. Co., Inc. v. New Jersey Bldg. Laborers' Statewide Ben. Funds*, No. CV 18-16328-KM-MAH, 2019 WL 3812889, at *8 (D.N.J. Aug. 14, 2019), *aff'd*, 974 F.3d 386 (3d Cir. 2020) ("Despite the liberal policy in favor of enforcing arbitration agreements . . . , a party cannot be forced to arbitrate unless 'that party has entered into a written agreement to arbitrate that covers the dispute.'"); *PaineWebber Inc. v. Hofmann*, 984 F.2d 1372, 1381 (3d Cir. 1993) ("[N]o party should be forced to arbitrate an issue that it did not agree to submit to arbitration."). Therefore, Plaintiff is likely to succeed on the merits of Count III.

### III. Denying This Motion Would Cause *Per Se* Irreparable Harm to Plaintiff

The second factor—likely harm to Plaintiff without a preliminary injunction—is "obvious" according to the Third Circuit. The Third Circuit has held that the harm to the party resisting arbitration is *per se* irreparable if arbitration proceeds before the court rules on arbitrability, and that is exactly the case here. *See Hartmann*, 921 F.2d at 515 (affirming preliminary injunction enjoining arbitrations because "it [is] obvious that the harm to a party would be *per se* irreparable if a court were to abdicate its responsibility to determine the scope of an arbitrator's jurisdiction and, instead, were to compel the party, who has not agreed to do so, to submit to an arbitrator's own determination of his authority"); *see also MZM Constr. Co., Inc.*, 2019 WL 3812889, at *5, *aff'd*, 974 F.3d 386 ("Forcing arbitration on a party who had not entered into an agreement to do so made the second factor, irreparable harm, weigh in favor of [the party seeking to enjoin arbitration]."); *Gruntal & Co.*, 837 F. Supp. at 93 ("Gruntal has not agreed to allow the NASD panel to determine the issue of arbitrability. . . . Compelling Gruntal to appear in the Arbitration Proceedings under these facts would constitute *per se* irreparable harm for the purposes of the preliminary injunction analysis.").

### IV. The Balance of Equities Tips in Plaintiff's Favor

The third factor is satisfied because the balance of equities tips in Plaintiff's favor. The "obvious" *per se* irreparable harm to Plaintiff without a preliminary injunction outweighs the negligible, if any, harm to Claimants by granting a preliminary injunction. The only "harm" that Claimants could suffer is a delay of the Arbitrations, and that alone is sufficient for this factor to favor Plaintiff. *See MZM Constr. Co., Inc.*, 2019 WL 3812889 at *5 (emphases added) ("In weighing the parties' respective interests, *the only harm* to the Funds, in the event that the claims were determined to be arbitrable, *was further delay*."). Moreover, in this case, any delay cannot constitute harm to Claimants because it was self-inflicted. *See, e.g.*, *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 596 (3d Cir. 2002) (citing *Pappan Enters., Inc. v. Hardee's Food Sys., Inc.*, 143 F.3d 800, 806 (3d Cir. 1998)) (alteration in *Novartis*) ("The self-inflicted nature of any harm suffered by [the party opposing the injunction] also weighs in favor of granting preliminary injunctive relief."). The delay is the direct result of Claimants (1) seeking to enforce an arbitration provision requiring the Court to decide arbitrability and (2) failing to seek a declaratory judgment on this issue sooner. Any harm from a preliminary injunction is further minimized because Claimants seek only monetary, as opposed to injunctive, relief in the Arbitrations. *See Tellium, Inc. v. Corning Inc.*, No. 03 Civ. 8487(NRB), 2004 WL 307238, at *8 (S.D.N.Y. Feb. 13, 2004). Finally, AAA tacitly admitted that it would not suffer any harm by stating that it "will take no position on the issue [of a stay] and [] will abide by the ruling of . . . the court as to the interpretation of the arbitration provisions." Shapiro Decl. ¶ 9. Due to the little to no harm to Defendants by granting a preliminary injunction, this factor is satisfied.

**V.    The Public Interest Supports Issuing a Preliminary Injunction**

The last factor is also satisfied because a preliminary injunction would be in the public interest. *First*, "[o]nce the likelihood of success on the merits and irreparable injury to plaintiff have been demonstrated, as they have here, 'it will almost always be the case that the public interest will favor' injunctive relief." *Money Mktg. v. Silver Aspen, Inc.*, No. CV 06-1414 (FSH), 2006 WL 8457663, at *5 (D.N.J. June 9, 2006) (citing *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 n.8 (3d Cir. 1994)). *Second*, granting the injunction would promote what "[t]he Third Circuit has recognized as a valuable judicial policy[:] the principle that 'a party cannot be compelled to arbitrate the threshold 'dispute,' as it were, of whether the underlying dispute is itself arbitrable'" without having agreed to do so. *Gruntal & Co.*, 837 F. Supp. at 94 (quoting *Hartmann*, 921 F.2d at 514); *see also AT & T Tech., Inc.*, 475 U.S. at 651. *Third*, there is "undoubtedly [a] public interest. . . in ensuring that valid contractual provisions are enforced," such as the arbitration provision requiring the Court to determine arbitrability. *Money Mktg.*, 2006 WL 8457663, at *5 (citing cases). *Fourth*, the public has an interest in understanding how AAA, "the largest private global provider of alternative dispute resolution (ADR) services in the world," https://www.adr.org/about-us, seeks to expand its own authority, which inherently reduces the authority of the courts, to which the public has the right to access. Thus, AAA's actions limit the foundational public access to courts. *See Pennsylvania v. DeJoy*, 490 F. Supp. 3d 833, 847 n.7 (E.D. Pa. 2020), *order clarified*, No. CV 20-4096, 2020 WL 6580462 (E.D. Pa. Oct. 9, 2020) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 784 (3d Cir. 1994)) (noting "the public interest in the transparency of judicial proceedings"); *cf. Mine Safety Appliances Co. v. N. River Ins. Co.*, 73 F. Supp. 3d 544, 561–62 (W.D. Pa. 2014) ("The potential of the litigation to affect the rights of such members of the public gives rise to a heightened need for judicial transparency and

warrants particular strictness in the test for overriding the right of access."). *Fifth*, the public has an interest in understanding the abuse of arbitration by frivolous litigants seeking to extract nuisance-value settlements without public scrutiny from filing in court. The public interest in these last two points is demonstrated by public reporting on this very case. *See, e.g.*, Shapiro Decl. ¶ 9 & Ex. A. Thus, this factor, along with all three others, supports issuing a preliminary injunction.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (i) granting this Motion; (ii) enjoining AAA from administering the Arbitrations pending a ruling by this Court on arbitrability; (iii) enjoining Claimants from participating in the Arbitrations pending a ruling by this Court on arbitrability; (iv) requiring Defendants to file with the Court a sworn, written report detailing their compliance with this Order within seven (7) days of the entry of the Order; and (v) granting such other and further relief as the Court deems just and proper.

Dated: August 22, 2023
      Miami, Florida

Respectfully submitted,

By: */s/ Seth M. Shapiro*
**ZARCO EINHORN SALKOWSKI, P.A.**
One Biscayne Tower
2 S. Biscayne Blvd., 34th Floor
Miami, Florida 33131
Telephone: (305) 374-5418
Facsimile: (305) 374-5428
**ROBERT M. EINHORN**
(Admitted *pro hac vice*)
E-mail: REinhorn@zarcolaw.com
Secondary e-mail: AGarcia@zarcolaw.com
**SETH M. SHAPIRO**
(Admitted *pro hac vice*)
E-mail: SShapiro@zarcolaw.com
Secondary e-mail: Bryan@zarcolaw.com
*Counsel for Plaintiff*

        Michael M. DiCicco, Esq. (MD0316)
        MAGGS MCDERMOTT & DICICCO, LLC
        Allaire Corporate Center
        3349 Highway 138
        Building C, Suite D
        Wall, New Jersey 07719
        Tel.: (732) 223-9870
        Fax: (732) 223-7367
        E-mail: MDicicco@maggslawnj.com
        *Counsel for Plaintiff*