UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JERSEY MIKE'S FRANCHISE SYSTEMS,
INC.,

    *Plaintiff,*

Case No.: 23-CV-03444-GC-TJB

v.

AMERICAN ARBITRATION
ASSOCIATION, INC., OPHELIA
AUGUSTINE, and CECELIA LAHR,

    *Defendants.*

### DECLARATION OF SETH M. SHAPIRO, ESQ.

1. I, Seth M. Shapiro, Esq., am an associate with Zarco Einhorn Salkowski, P.A., counsel for Plaintiff Jersey Mike's Franchise Systems, Inc. ("Plaintiff") in this action, and am duly admitted and in good standing to practice law in the States of New York and Florida.

2. I submit this Declaration in support of and contemporaneously with Plaintiff's Motion for Preliminary Injunction.

3. I have personal knowledge of the facts set forth herein, and if called as a witness, I would testify thereto.

4. After commencing this action, I sent the Complaint to AAA and demanded a stay of the three arbitrations underlying this action until this Court rules on Arbitrability.

5. Initially, AAA sent a letter asserting that, "absent consent of all parties, AAA will proceed with the arbitration unless a Court directs otherwise."

6. In a subsequent e-mail, AAA stated: "The position of AAA is that a stay of an arbitration proceeding can be implemented (a) by the mutual consent of the parties; (b) by court order; or (c) in the event that a duly appointed arbitrator enters an order of postponement upon the

agreement of the parties, upon the request of a party for good cause shown, or upon the arbitrator's own initiative."

7. Claimants have refused to consent to a stay.

8. AAA also stated via e-mail: "AAA, as administrator, will take no position on the issue [of a stay] and it will abide by the ruling of the arbitrator or the court as to the interpretation of the arbitration provisions."

9. A true and correct copy of a news article regarding this lawsuit, titled, "*Jersey Mike's Sues Arbitrator, Says It's Facing Litigation Shakedown*," dated August 3, 2023, is attached hereto as **Exhibit A**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 21, 2023
       Miami, Florida

                                                  /s/ Seth M. Shapiro
                                                  Seth M. Shapiro, Esq.

# EXHIBIT A



Page Printed From:

https://www.law.com/njlawjournal/2023/08/03/jersey-mikes-sues-arbitrator-says-its-facing-litigation-shakedown/

 NOT FOR REPRINT

NEWS



# Jersey Mike's Sues Arbitrator, Says It's Facing Litigation Shakedown



 "Upon information and belief, Shay refers his bankruptcy clients, like claimants, to Swigart because recently discharged debtors are more inclined to file frivolous litigation for potentially quick settlements," the suit said.

August 03, 2023 at 04:16 PM

Alternative Dispute Resolution



Charles Toutant









## What You Need to Know

- Jersey Mike's claims in a suit that it faces a pair of frivolous arbitration claims concerning the company's website.
- The suit says the claimants pursuing Jersey Mike's have brought a series of frivolous suits and claims against other companies.
- Recently discharged Chapter 7 debtors, such as the claimants, are more inclined to file frivolous litigation for potentially quick settlements, the suit said.

A New Jersey sandwich chain claimed in a suit that it was the target of a scheme to manufacture litigation and extract quick settlements.

Jersey Mike's Franchise Systems filed suit in Trenton, New Jersey, federal court against two claimants that it described as frequent filers asserting frivolous allegations related to the company's website.

And it alleged an erroneous decision by the American Arbitration Association—that the claimants' cases were arbitrable —aided the scheme.

The claimants, Ophelia Augustine and Cecelia Lahr, both residents of San Diego, allege that Jersey Mike's disclosed their communications with its website to Meta Platforms Inc., operator of Facebook, in violation of the federal Wiretap Act and the California Invasion of Privacy Act, according to the suit.

Augustine and Lahr filed for arbitration of their disputes with the AAA, pursuant to rules governing consumer disputes.

Augustine and Lahr each claimed bankruptcy under Chapter 7, with representation by San Diego attorney Daniel G. Shay, according to the suit.

After their bankruptcies were discharged, each embarked on "a long history of filing frivolous cases, including the arbitrations," the Jersey Mike's suit said.

Collectively, Augustine and Lahr filed at least 15 such cases, including the two against Jersey Mike's, the suit alleged.

Shay also represented Augustine and Lahr in those cases, with a firm called Swigart Law Group also representing them in many of the cases, the suit said. Swigart Law Group and Shay's firm share the same office address and suite number in San Diego, the suit said.

"Upon information and belief, Shay refers his bankruptcy clients, like claimants, to Swigart because recently discharged debtors are more inclined to file frivolous litigation for potentially quick settlements," the suit said.

"Upon information and belief, claimants demand settlement amounts that, either initially or after anticipated negotiations, would be less than the cost for the large corporate defendants to litigate. As a result, many of the aforementioned cases ended in voluntary dismissals," the suit said.

The suit also contended that by misclassifying the disputes, AAA was able to charge Jersey Mike's additional fees.

On the Augustine case, those additional fees included a $600 registration fee, a $300 expedited review fee to review Jersey Mike's purported consumer agreement on an expedited basis in light of the pending arbitration, and a $2,500 deposit for arbitrator compensation, the suit said.

Applying the consumer rules means the fees largely fall on Jersey Mike's, while under the commercial rules the fees are split more evenly, the suit said.

Jersey Mike's suit named AAA as well as Augustine and Lahr as defendants.

The sandwich company seeks a declaratory judgment that Augustine and Lahr are not registered users of the website and therefore AAA lacks jurisdiction over the dispute. It also seeks a declaratory judgment that AAA's commercial rules apply to the dispute, rather than the consumer rules.

In addition, Jersey Mike's, contending that the AAA erroneously held that any dispute regarding the claim should be raised to the arbitrator, seeks an order that issues of arbitrability are not themselves arbitrable.

And Jersey Mike's seeks a declaratory judgment appointing JAMS or another appropriate candidate as a substitute arbitrator if AAA does not administer the arbitrations in accordance with its arbitration agreement.

Jersey Mike's, headquartered in Manasquan, New Jersey, is represented by Robert Einhorn of Zarco Einhorn Zalkowski in Miami and Michael DiCicco of Maggs, McDermott & DiCicco in Wall, New Jersey.

Einhorn said AAA's authority is limited to the terms of Jersey Mike's arbitration provision.

"Arbitration is a creature of contract, and they're not following the contract. Triple A will always take the road that generates more fees, even if it's the wrong road," Einhorn said.

Einhorn said that "most people roll over and settle" when targeted by the "frivolous, for-profit litigation" brought by Shay and the Swigart firm. "They'll take a quick 5, 10, 15 grand and go on to the next victim. They're looking for targets with money," Einhorn said.

"At some point, someone needs to stand up to these guys. Jersey Mike's is a principled company, and they decided to stand up to these lawsuits," Einhorn said.

Timothy Coughlan of Maron Marvel Bradley Anderson & Tardy in Jersey City, who represents Lahr and Augustine, declined to comment on the case. AAA did not respond to a request for comment. Shay, the bankruptcy lawyer referenced in the case, also did not respond to a call about the case.

Joshua Swigart of the Swigart Law Firm, who represents Augustine and Lahr in their claims against Jersey Mike's, disputed the assertion that the claims lack merit.

Swigart cited two recent rulings from the Southern District of California, in *Augustine v. Lenovo (United States)* and *Greenley v. Kochava,* which he said would support the claims by Augustine and Lahr against Jersey Mike's.

"I've had two federal judges down here in the Southern District of California affirm the fact that those cases have merit," Swigart said.

Swigart, when asked about an alleged pattern of filing frivolous cases, said, "Because somebody says it and then you just repeat, it doesn't make it true."

NOT FOR REPRINT

Copyright © 2023 ALM Global, LLC. All Rights Reserved.