## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JERSEY MIKE'S FRANCHISE SYSTEMS,
INC.,

       *Plaintiff*,

    v.

AMERICAN ARBITRATION ASSOCIATION,
INC., OPHELIA AUGUSTINE, CECELIA
LAHR, and ALEXANDER LUCE,

       *Defendants*.

Case No.: 23-CV-03444-GC-TJB

## FIRST AMENDED COMPLAINT

Plaintiff Jersey Mike's Franchise Systems, Inc. ("Plaintiff"),[1] by and through undersigned counsel, hereby files, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, this First Amended Complaint against Defendants Ophelia Augustine[2] ("Augustine"), Cecelia Lahr[3] ("Lahr"), Alexander Luce[4] ("Luce" and, collectively with Augustine and Lahr, "Claimants"), and American Arbitration Association, Inc.[5] ("AAA" and, collectively with Claimants, "Defendants").

## NATURE OF THE ACTION

1.     This is an action for monetary and injunctive relief based on breach of contract, indemnification, and declaratory judgment on Plaintiff's rights pursuant to a contract (the "Terms

---

[1] Headquarters address: 2251 Landmark Place, Manasquan, New Jersey 08736.

[2] Upon information and belief, Augustine currently resides in San Diego, California, and her last known address 1583 Oro Vista Road, Apt. 37, San Diego, CA 92154-4008.

[3] Lahr, according to her counsel, resides at 8579 Lepus Road, San Diego, CA 92126.

[4] Luce, according to his counsel, resides at 6591 Jaffe Court, Apt. 2, San Diego, CA 92119.

[5] Headquarters address: 120 Broadway, Floor 21. New York, NY 10271.

of Use") that (a) governs access to and use of Plaintiff's website, www.jerseymikes.com, and (b) is at issue in three arbitrations pending before AAA (the "Arbitrations"), each filed by a Claimant.

2.    At least two Claimants have filed a series of frivolous lawsuits for many years with the same counsel as they have in the Arbitrations and, now, have chosen Plaintiff as the latest victim in their ongoing scheme to generate nuisance-value settlements and legal fees.

3.    In their Arbitrations against Plaintiff, Claimants assert meritless violations of the federal Wiretap Act ("Wiretap Act") and California Invasion of Privacy Act ("CIPA") arising from their purported use of Plaintiff's website.

4.    Claimants' sole allegation is that Plaintiff "intercept[ed] and record[ed]" their electronic "communications" with Plaintiff's and "disclos[ed] the information" to Meta Platforms, Inc. ("Meta") or another third party.

5.    Yet, among other fatal flaws to those claims, Claimants ignore that the Privacy Policy on *every webpage* of Plaintiff's website discloses that Plaintiff and third parties "use . . . tracking technologies . . . to gather information when you interact with our websites" and specifically discloses that "Meta uses data from our website."

6.    Moreover, that Privacy Policy is incorporated in, and accessible from, the Terms of Use, to which Claimants agreed by using Plaintiff's website.

7.    A link to the Terms of Use is on every page of Plaintiff's website.

8.    Claimants filed the Arbitrations against Plaintiff because of an arbitration agreement ("Arbitration Agreement") contained in the Terms of Use, but the Arbitration Agreement is inapplicable to and unenforceable by Claimants because Claimants are not "registered users." Therefore, Claimants' disputes are not arbitrable.

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34ᵀᴴ FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

9.      Even if the disputes were arbitrable, the Arbitration Agreement requires that a court substitute the AAA because AAA has failed to properly apply the Arbitration Agreement.

10.     The AAA has failed to apply the Arbitration Agreement by, *inter alia*, applying its Consumer Arbitration Rules (the "Consumer Rules") instead of the Commercial Arbitration Rules (the "Commercial Rules"), which are expressly chosen in the Arbitration Agreement.

11.     By applying the Consumer Rules, AAA was able to and did charge Plaintiff additional fees.

12.     Further, the Arbitration Agreement expressly provides that issues relating to its scope, application, and enforceability, i.e., issues relating to arbitrability, are non-arbitrable.

13.     Nevertheless, AAA, which admitted to acting as an administrator and not an arbitrator, refused to stay the Arbitrations to allow the Court to rule on arbitrability.

14.     AAA insisted that arbitrators to be appointed in the Arbitrations would possess and exercise the authority to rule on arbitrability issues unless (a) Claimants consent to otherwise (they refused to consent), (b) Plaintiff expands AAA's authority by filing a motion to stay with the arbitrator, which would force Plaintiff to waive its right to have the Court rule on arbitrability, or (c) a court orders a stay.

15.     Accordingly, Plaintiff brings non-arbitrable issues relating to the Arbitrations for this Court to resolve, including whether the Arbitration Agreement: (a) applies to Claimants; (b) requires the Court to substitute the AAA; (c) requires the AAA to apply the Commercial Rules; (d) precludes Claimants' California law claims; and (e) requires arbitration in New Jersey.

16.     An actual controversy exists between the parties regarding their rights and duties on these issues under the Terms of Use, including the Arbitration Agreement therein.

17.     Plaintiff also seeks injunctive relief to: (i) enjoin Claimants from arbitrating their disputes and enjoin AAA from administering and compelling Plaintiff's participation in the Arbitrations or, alternatively, (ii) substitute AAA with another arbitral forum and compel Defendants to comply with the Court's rulings on the non-arbitrable issues presented in this action.

18.     Defendants' violations of the Terms of Use have forced Plaintiff into arbitration and, as a result, have caused and will continue to cause Plaintiff to suffer irreparable harm unless this Court grants the requested relief.  Arbitration provides significantly less safeguards than the state and federal courts in New Jersey and, without Plaintiff's agreement, deprives Plaintiff of its constitutional right to access the courts.

19.     Plaintiff lacks an adequate remedy at law because, *inter alia*, no amount of damages can remedy being compelled to arbitration, which provides significantly less safeguards than New Jersey and federal courts and deprives Plaintiff of its constitutional right to access the courts.

20.     The Terms of Use provide Plaintiff with a clear legal right to litigate the entire disputes in court or, at a minimum, have a court resolve certain issues involved in the disputes, such as threshold issues of arbitrability.

21.     The public interest is furthered by enforcing contracts and promoting e-commerce, which Claimants are impairing by filing meritless lawsuits against companies regarding the use of their websites.  Claimants' suits are not based on any genuine harm or injury but only to manufacture disputes to enrich the Claimants and their counsel.

22.     The public also has a strong interest in preventing AAA and other arbitral forums from unlawfully compelling parties to expand AAA's jurisdiction in contravention of express language in arbitration agreements that make the issues of arbitrability non-arbitrable.  Indeed, the

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

default rule is that courts determine arbitrability because of the U.S. Supreme Court's prescient concern with arbitrators determining the scope of their own authority.

23.     The public also has a strong interest in preventing the abuse of arbitration by litigants seeking to conceal from public scrutiny their frivolous claims for nuisance-value settlements, for which Claimants' counsel has gained notoriety based on Plaintiff's investigation.

24.     Plaintiff also brings claims for breach of contract and indemnification.  Defendants agreed to indemnify Plaintiff for liability and costs, including attorneys' fees, arising out of their breach of the Terms of Use.  Plaintiff seeks seeking damages, attorneys' fees, costs, and other appropriate relief for these claims.

## THE PARTIES

25.     Plaintiff Jersey Mike's Franchise Systems, Inc. is a New Jersey corporation with its principal place of business in New Jersey.

26.     Defendant Ophelia Augustine, upon information and belief, is a California resident.

27.     Defendant Cecelia Lahr, upon information and belief, is a California resident.

28.     Defendant Alexander Luce, upon information and belief, is a California resident.

29.     Defendant American Arbitration Association, Inc., is a New York not-for-profit corporation with its principal place of business in New York and an office in New Jersey.

## JURISDICTION AND VENUE

30.     This Court has personal jurisdiction over Defendants as to this dispute pursuant to the Terms of Use.

31.     The Court also has personal jurisdiction over Claimants because the claims arise from Claimants' access to, use of, and provision of data to a website located in New Jersey.

32.     Venue is proper in this District because: (1) Defendants agreed to such venue in the Terms of Use; (2) AAA is subject to the court's personal jurisdiction with respect to this action

5

pursuant to the Terms of Use, 28 U.S.C. §§ 1391(b)(1), (c)(2); (3) a substantial part of the events or omissions giving rise to the claim occurred in this district, such as the making of the agreement to the Terms of Use, the control of Plaintiff's website, and the provision of access to Plaintiff's website; (4) a substantial part of the property that is the subject of the action is situated in this District, such as the website and the servers hosting it; and (5) this Court has personal jurisdiction over a Defendant, 28 U.S.C. § 1391(b).

33.     This Court has subject matter jurisdiction based on: (1) federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff seeks to enforce its rights under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*; and (2) diversity jurisdiction, 28 U.S.C. § 1332, as Plaintiff is not a citizen of the same state as any Defendant, and the matter in controversy exceeds $75,000.

34.     All conditions precedent to this action have occurred, been waived, or otherwise have been satisfied.

## SUBSTANTIVE ALLEGATIONS

### I.    Claimants' History of Frivolous Litigation with the Same Counsel

35.     The same attorney, Daniel G. Shay of the Law Office of Daniel G. Shay ("Shay"), represented Claimants Augustine and Lahr in their Chapter 7 bankruptcy cases. *See In re Ophelia Marie Augustine*, No. 17-03839-LA7 (S.D. Cal.), ECF No. 1 (June 29, 2017); *In re Michael Edward Lahr & Cecelia Ann Lahr*, No. 12-6545-PB7 (S.D. Cal.), ECF No. 1 (May 4, 2012).[6]

36.     Based on Plaintiff's investigation, after Augustine and Lahr were discharged from bankruptcy, they began their long history of filing frivolous cases, including the Arbitrations.

---

[6] Lahr's counsel in her previous bankruptcy case is unknown. *See In re Cecelia A. Lahr*, No. 2:99-bk-253-BN (D. Ariz.), ECF No. 1 (Jan. 11, 1999).

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

37.     Collectively, Augustine and Lahr have filed at least fifteen of such cases, including the two Arbitrations.

38.     Shay appeared as counsel for Augustine and Lahr in all of those cases.

39.     In those cases, Augustine and Lahr filed claims under the Wiretap Act, CIPA, Fair Credit Reporting Act, and Telephone Consumer Protection Act.

40.     The Wiretap Act and CIPA claims arose from Augustine and Lahr's purported use of the various defendant company websites, as is alleged here.

41.     Augustine and Lahr voluntarily dismissed nearly all of those cases, often in just two to five months after filing suit.

42.     Many of the lawsuits were putative class actions, but rather than pursuing the best interest of the putative class, Augustine and Lahr voluntarily dismissed those cases before class certification.

43.     In all but three of those fifteen cases, Augustine and Lahr were also represented by Swigart Law Group, APC ("Swigart").

44.     Swigart is also counsel in the Arbitrations and, thus far, has been the only law firm communicating with Plaintiff's counsel and, to Plaintiff's knowledge, AAA.

45.     Both Swigart and Shay have the exact same address for their offices, down to the suite number: 2221 Camino Del Rio South, Suite 308, San Diego, CA 92108.

46.     Upon information and belief, Shay refers his bankruptcy clients, like Augustine and Lahr, to Swigart because recently discharged debtors are more inclined to file frivolous litigation for potentially quick settlements.

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

47.     Upon information and belief, Augustine and Lahr demanded settlement amounts that, either initially or after anticipated negotiations, would be less than the cost for the large corporate defendants to litigate, i.e., "nuisance value settlements."

48.     As a result, many of the aforementioned cases ended in voluntary dismissals.

49.     In similar fashion, Augustine and Lahr sent Plaintiff settlement offers shortly after they filed their Arbitrations.

50.     Plaintiff, however, will vigorously defend and not settle these frivolous claims.

51.     After Plaintiff exposed Swigart and Shay's nuisance-value settlement practice in Arbitration involving Augustine, they filed the Arbitration on behalf of Luce, apparently to be smoke and mirrors because, based on Plaintiff's investigation, Luce might not have been a party in previous litigation or bankruptcy cases. Luce too sent Plaintiff a nuisance value settlement proposal.

## II.     Plaintiff's Website

### A.     The Privacy Policy Discloses the Collection and Use of Data by Meta and Other Third Parties

52.     The Privacy Policy on Plaintiff's website fully discloses the collection and use of data derived from the use of Plaintiff's website, including what is collected, how it is collected, how it is used, who uses and collects it, how it is protected, the user's rights, disclosures related to California law, and how to opt out. *See* Privacy Policy (last modified Oct. 10, 2022), https://www.jerseymikes.com/privacy-policy.

53.     Specifically, the Privacy Policy states, in relevant part:

> We and our third-party service providers . . . use . . . tracking technologies . . . to gather information when you interact with our websites . . . . Some tracking technologies help us maintain the security of our websites and your account . . . and assist with basic site functions. . . .

**8**

> We permit third parties to use tracking technologies on our websites . . . for analytics to understand how visitors interact with our websites . . . . For example, we use Google Analytics to evaluate website traffic and usage data to help us improve our products and services. . . .

We also permit third parties to use tracking technologies on our websites . . . for advertising . . . .

54.     The Privacy Policy also names Meta, disclosing that:

> We use the Meta (formerly Facebook) Pixel on this website. The Meta Pixel may enable Meta to match website visitors with their Facebook User Accounts. You can find out more about how Meta uses data from our website by visiting **"What kinds of information do we collect? information from partners"**

55.     The above language contains a hyperlink that leads to Meta's privacy policy, which discloses, *inter alia*, "what information we collect;" "how we use and share it;" "how we collect, use, share, retain and transfer information;" and "your rights." Privacy Policy (effective Jan. 1, 2023), https://www.facebook.com/privacy/policy/.

56.     A hyperlink to the Privacy Policy is at the bottom of every single webpage on Plaintiff's website.

57.     Additionally, there is a hyperlink to the Privacy Policy within the Terms of Use on Plaintiff's website.

**B.      The Terms of Use: Relevant Provisions**

**1.      Generally**

58.     The Terms of Use governs the "access to and [] use of [Plaintiff]'s website."

59.     The Terms of Use states: "In consideration for making our website available to you, you agree to comply by these Terms, whether or not you are a registered user."

**2.      Users and Registered Users**

60.     The Terms of Use creates a subcategory of "users" called "registered users."

61.     A user is anyone who accesses or uses Plaintiff's website.

9

62.     A "registered user" is someone "who register[s] for communications by text or e-mail, or who register[s] for online accounts, or provide[s] information to order food, gift cards, or merchandise as a guest."

### 3.      Jurisdiction

63.     The Terms of Use establishes exclusive jurisdiction in New Jersey as to any claim arising from a user's use of Plaintiff's website unless the user is a registered user, in which case, the arbitration clause applies.  Those provisions in the Terms of Use states, with the first and last emphases added:

> In consideration for making our website available to you, you agree to comply by these Terms, whether or not you are a registered user.
>
> ***However*** for . . . []"Registered Users"[] these terms also include an agreement to resolve all disputes only one-on-one, in **arbitration** (no court trial, no jury trial, no class actions). . . .
>
> Any claim or dispute between you and Jersey Mike's that arises in whole or in part from the Jersey Mike's website shall be decided exclusively by a court of competent jurisdiction located in Monmouth County, New Jersey, *unless subject to the Mandatory Dispute Resolution terms **for Registered Users** below*.

### 4.      The Arbitration Agreement

64.     Contained within the Terms of Use is a distinct Arbitration Agreement that applies only to "Registered Users" of Plaintiff's website.

65.     The title of the Arbitration Agreement, "Mandatory Dispute Resolution for Registered Users," makes clear that it applies only to "Registered Users."

66.     The Arbitration Agreement states: "You and we agree to mandatory, binding arbitration of Covered Claims by the American Arbitration Association ('AAA')."

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34ᵀᴴ FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

67.     "Covered Claims," in relevant part, are all "legal or equitable dispute[s]" between the "registered user" and Plaintiff or Plaintiff's franchisees that "relat[e] in any way to [Plaintiff's] Website."

68.     The Arbitration Agreement (with emphases added) requires, in relevant part, that "AAA *will* adjudicate the Covered Claims in accordance with its *Commercial* Arbitration Rules."

69.     The Arbitration Agreement (with emphasis added) further provides: "All issues are for AAA to decide, ***except*** that disputes relating to the scope, application, and enforceability of these Mandatory Dispute Resolution Terms are for a Court to decide (if you and we cannot agree)."

70.     The Arbitration Agreement further expands judicial jurisdiction for "Related Court Proceedings":

> You and we agree to be subject to the personal jurisdiction of the courts of New Jersey with respect to any Covered Claim. You and we submit to the jurisdiction of the federal and State Courts surrounding Monmouth County, New Jersey to (1) enforce the terms of this Mandatory Dispute Resolution Agreement, (2) to address disputes regarding the scope, application, and enforceability of these Mandatory Dispute Resolution Terms, (3) for the appointment of a substitute arbitrator as needed (see below), and (4) to enter any award rendered by the arbitrator.

71.     The Terms of Use also limits jurisdiction and the governing law to New Jersey "without respect to its conflict of laws principles."

72.     Finally, the Arbitration Agreement requires that a court appoint a substitute for AAA if it fails to perform according to the Arbitration Agreement:

> In the event that AAA cannot or will not perform arbitration in accordance with the provisions of this agreement, either (a) the parties may agree to another arbitrator or, if no such agreement is had, (b) a court shall appoint one according to the provisions of the Federal Arbitration Act, 9 U.S. Code § 5.

73.     In sum, the Terms of Use limits AAA's jurisdiction to *only* the disputes: (1) between Plaintiff and a "registered user;" (2) in New Jersey; (3) pursuant to New Jersey law; (4) regarding the use of Plaintiff's website; (3) unless the dispute is to: (a) enforce the Arbitration

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

Agreement; (b) address disputes regarding the scope, application, and enforceability of the Arbitration Agreement; or (c) appoint a substitute arbitrator.

74.     As further discussed below, none of the requirements for AAA jurisdiction apply, and all of the exceptions apply.

## II.     The Underlying Arbitrations

75.     Continuing their long running scheme to manufacture litigation to extract quick settlements, Claimants, through Swigart and Shay, commenced the Arbitrations against Plaintiff that underlie this lawsuit.

76.     In the Arbitrations, Augustine, Lahr, and Luce are the "Claimants," and Plaintiff is the "Respondent."

### A.     The Augustine Arbitration

77.     In February 2023, Plaintiff learned that Augustine, through Swigart, filed a Demand for Arbitration ("Demand") with AAA in San Diego, California, against Plaintiff under the Consumer Rules, AAA Case No. 01-23-0000-3373 (the "Augustine Arbitration").

78.     Augustine's Demand provides one sentence explaining her dispute:

> Respondent violated the Federal Wiretap Act, 18 U.S.C. § 2510 et seq and the California Invasion of Privacy Act, Cal. Pen. Code § 631 et seq by intercepting and recording Claimant's electronic communications with Respondent's website then disclosing the information Respondent acquired to Meta Platforms, Inc. dba Facebook.

79.     Plaintiff objected to Claimant's filing of the Demand under the Consumer Rules because the Arbitration Agreement expressly requires AAA to "adjudicate . . . in accordance with its Commercial Arbitration Rules." **Exhibit A**, attached hereto, at 5.

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

80.     Augustine opposed Plaintiff's objection on the sole basis that a "consumer is involved" in the dispute.[7] *See id.* At 3.

81.     Augustine substantially misstated the rule that allows AAA to impose the Consumer Rules over the express selection of the Commercial Rules in an arbitration agreement.

82.     Whether a consumer is involved, without more, is woefully insufficient to support application of the Consumer Rules.

83.     Instead, the AAA rules require that the arbitration agreement is contained in a "consumer agreement," which has many elements.

84.     Rule R-1 of the Commercial Rules states: "A dispute arising out of a consumer arbitration agreement will be administered under the AAA's Consumer Arbitration Rules." https://www.adr.org/sites/default/files/Commercial_Rules_Web.pdf.

85.     Rule R-1(a)(4) of the Consumer Rules elaborates (with emphases added):

(a) The parties shall have made these [Consumer Rules] a part of their arbitration agreement whenever they have provided for arbitration by the [AAA], and
. . .
   4) the arbitration agreement is contained within a consumer agreement, as defined below, that specifies a particular set of rules other than the *Consumer Arbitration Rules.*

. . .

The AAA defines a consumer agreement as an agreement between an individual consumer and a business where the business has a standardized, systematic application of arbitration clauses with customers and where *the terms and conditions of the purchase of standardized, consumable goods or services* are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use.

https://adr.org/sites/default/files/Consumer%20Rules.pdf.

---

[7] Thus, Augustine waived all other arguments.

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

86.     In its reply, Plaintiff argued that Augustine failed to satisfy her burden to show that the Consumer Rules apply and that, regardless, she cannot meet that burden because the Terms of Use on Plaintiff's website is not a consumer contract. *See* Ex. A at 1–2.

87.     For one thing, a consumer contract must govern a "purchase," but the Terms of Use governs the *free* use of Plaintiff's website.

88.     In any event, Claimants' claims do not arise from any purchase but, rather, simply the use of Plaintiff's website.

89.     Further, the use of Plaintiff's website is not a "consumable" good or service.

90.     Despite these well-founded arguments, and even though Augustine made *no mention* of a consumer agreement at all, AAA summarily rejected Plaintiff's objection in a single sentence, stating: "The American Arbitration Association ('AAA') has determined that this arbitration arises out of a consumer agreement and, as such, the Consumer Arbitration Rules ("Consumer Rules") apply to this dispute."

91.     The AAA advised that its ruling may be revisited by filing an objection once an arbitrator is appointed. (However, by that point, an arbitrator will have been impermissibly selected under the Consumer Rules.)

92.     By baselessly concluding that a consumer agreement somehow existed, the AAA was able to and did impose several fees that would not have applied under the Consumer Rules, including a:

(a)     $600 registration fee because all consumer agreements must be registered with AAA;

(b)     $300 expedited review fee to review Plaintiff's purported consumer agreement on an expedited basis in light of the pending Arbitration; and

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

(c)    $2,500 deposit for arbitrator compensation.

93.    Under the Consumer Rules, Plaintiff would be responsible for the vast majority of the arbitration fees whereas, under the Commercial Rules, fees would be split evenly.

94.    Further, the Arbitration will be heard by a consumer arbitrator rather than a commercial arbitrator, who will be chosen pursuant to the Consumer Rules instead of the Commercial Rules.

95.    All of these outcomes contravene the Terms of Use and harm Plaintiff.

96.    Thus far, at this early stage in the Augustine Arbitration, no arbitrator has been selected.  Accordingly, AAA has been acting solely as an administrator.

**B.    The Lahr Arbitration**

97.    On April 25, 2023, Lahr, though Swigart, filed a Demand with AAA in San Diego, California, against Plaintiff under the Consumer Rules, AAA Case No. 01-23-0001-9030 (the "Lahr Arbitration").

98.    Lahr's one-sentence explanation of her claim is virtually identical to Augustine's:

Respondent violated the Wiretap Act, 18 U.S.C. § 2510 et seq and the California Invasion of Privacy Act, Cal. Pen. Code § 631 et seq by intercepting and recording Claimant's electronic communications with Respondent's website, jerseymikes.com, then disclosing the information to Meta.  Claimant further asserts claims of invasion of privacy and inclusion upon seclusion.

99.    To date, no arbitrator has been appointed.  Accordingly, AAA has been acting solely as an administrator.

100.   At this preliminary stage of the Lahr Arbitration, no action by Plaintiff is required.

101.   As expected, AAA decided to apply the Consumer Rules to the Lahr Arbitration.

102.   Plaintiff is entitled to have the doubt surrounding the scope, application, and enforceability of the Terms of Use removed by way of declaratory relief from this Court.

15

103.   By accepting and administering the Arbitrations with the expectation or receipt of payment, and by performing the obligations under the Arbitration Agreement, AAA became a party to the Arbitration Agreement.

**C.     The Luce Arbitration**

104.   On June 23, 2023, Luce, though Swigart, filed a Demand with AAA in San Diego, California, against Plaintiff under the Consumer Rules, AAA Case No. 01-23-0000-3373 (the "Luce Arbitration").

105.   Luce's one-sentence explanation of his claim is virtually identical to the others:

Respondent violated the Wiretap Act, 18 U.S.C. § 2510 et seq & the California Invasion of Privacy Act, Cal. Pen. Code § 631 et seq by intercepting, recording, & sharing Claimant's electronic communications with Respondent's website & conspiring with third parties like Facebook & others to do the same. Claimant also asserts claims of invasion of privacy & inclusion upon seclusion.

106.   To date, no arbitrator has been appointed.   Accordingly, AAA has been acting solely as an administrator.

107.   At this preliminary stage of the Lahr Arbitration, no action by Plaintiff is required.

108.   Any dispute by Plaintiff regarding arbitrability, the Consumer Rules, and other matters would likely be futile as the AAA administrator has already erroneously insisted on administering the Augustine and Lahr Arbitrations and applying the Consumer Rules.

109.   Plaintiff is entitled to have the doubt surrounding the scope, application, and enforceability of the Terms of Use removed by way of declaratory relief from this Court.

110.   By accepting and administering the Arbitrations with the expectation or receipt of payment, and by performing the obligations under the Arbitration Agreement, AAA became a party to the Arbitration Agreement.

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

### III.   Claimants Are Not "Registered Users" Under the Terms of Use

111.   Under the Terms of Use, Plaintiff agreed to arbitrate with registered users only.

112.   Upon investigation by Plaintiff, it appears that none of the Claimants are registered users.

113.   The Terms of Use states that, as part of registration, "you agree that any personal information provided to us is complete and accurate."

114.   Since Claimants did not use their names or otherwise completely and accurately register on Plaintiff's website, they are not registered users.

115.   Therefore, their disputes with Plaintiff are not arbitrable, and AAA has exceeded its jurisdiction by administering the Arbitrations.

116.   Accordingly, Claimants have breached the Terms of Use by filing the Arbitrations, and AAA breached the Terms of Use and exceeded its authority by administering the Arbitrations.

117.   Further, the issue of whether Claimants are registered users is a "dispute[] regarding the scope, application, and enforceability" of the Arbitration Agreement because the agreement does not apply to, and cannot be enforced by, non-registered users.

118.   The Arbitration Agreement clearly and unmistakably states that disputes regarding the scope, application, or enforceability of the Arbitration Agreement are non-arbitrable and must be resolved in a court in New Jersey.

119.   Therefore, only the Court has jurisdiction to rule on the issue of whether Claimants are registered users.

120.   In correspondence with AAA following the commencement of this action, AAA stated that, as an administrator in the Arbitrations, it could not stay them without (1) consent from all parties, (2) a ruling by the arbitrator, or (3) a court order.  Despite the clear language in the

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

Arbitration Agreement stating that arbitrability issues must be decided by a court, AAA further asserted that would proceed with administering the arbitrations.

121.    While AAA presumptuously likened itself to a court that cannot reject cases that are improperly filed, AAA has not acted like a court.  Courts allow opposing parties to respond to filings and arguments by counsel, but here, AAA did not even bother to ask any of the Claimants to respond to Plaintiff's position on arbitrability.  Instead, it just presumed its own jurisdiction without any consideration of the merits of the arguments raised by Plaintiff.

122.    AAA also appears to rely on its own rule that an administrator cannot decide issues of arbitrability.  This self-serving rule, if it exists, enables AAA to simply assume that it has jurisdiction over every arbitration filed before it.

123.    The decision on arbitrability is obvious based on U.S. Supreme Court precedent, which holds that only "clear and unmistakable" language can delegate the issue of arbitrability to an arbitrator.  The Court's prescient rationale was that arbitrators should not, by default, have the power to determine their own jurisdiction.

124.    Thus, it appears to be AAA's position that, as an administrator, it is incapable of comprehending clear and unmistakable language in order to determine whether to continue administering an arbitration.  As a result, AAA ignores this federal law.

125.    AAA's conduct shows that it wants to eat its cake and have it too.  It claims to be quasi-judicial in order to enjoy arbitral immunity while refusing to act in a judicial manner when doing so would require it to restrict its own authority.

126.    AAA's unlawful attempts to expand its authority to rule on arbitrability despite clear contrary language in the Arbitration Agreement inherently restricts access to the courts, thereby harming the public.

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

127.    Plaintiff is entitled to have the doubt surrounding the scope, application, and enforceability of the Terms of Use removed by way of declaratory relief from this Court.

128.    The improper Arbitrations have caused and will continue to cause Plaintiff to suffer irreparable harm as arbitration has limited discovery and less procedural safeguards than those provided by federal and state courts in New Jersey.

129.    Even if the disputes are arbitrable, Plaintiff will suffer irreparable harm from proceeding under the Consumer Rules instead of the Commercial Rules, having a consumer arbitrator instead of a commercial arbitrator, paying additional fees, arbitrating in California instead of New Jersey, defending claims pursuant to California law instead of New Jersey law, and having AAA remain as the arbitrator instead of a substitution—because all of these outcomes violate the Arbitration Agreement, and none of these issues is arbitrable.

130.    Unless enjoined by this Court, Plaintiff will also continue to incur substantial expenses relating to the improperly filed and administered Arbitrations.

## IV.    The AAA as Administrator Has Failed to Apply the Arbitration Agreement

131.    No arbitrator has been appointed in any of the Arbitrations.

132.    AAA has been acting solely as an administrator with respect to the Arbitrations.

133.    The AAA has failed to apply the Arbitration Agreement in various ways.

134.    The AAA has refused to apply the Commercial Rules.

135.    The AAA is improperly administering the Arbitrations in California instead of New Jersey.

136.    The AAA held that any "dispute regarding the arbitrability of this claim should be raised to the arbitrator for a determination once one has been appointed," but the Arbitration

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

Agreement expressly reserves issues of arbitrability—i.e., the "scope, application, and enforceability" of the Arbitration Agreement—for the courts.

137.   By refusing to honor this clear and unmistakable language and insisting on proceeding with the Arbitrations, AAA has unlawfully sought to restrict the Court's jurisdiction and deprive Plaintiff of its right to access the courts.

138.   The Terms of Use is a valid and enforceable contract, but the AAA has refused to enforce it according to its plain terms.

## CAUSES OF ACTION

### COUNT I
### DECLARATORY JUDGMENT:
### ARBITRABILITY
### Against All Defendants

139.   Plaintiff incorporates Paragraphs 1 through 138 as if fully set forth herein.

140.   There is a case or controversy between Plaintiff and Defendants concerning their rights under the Terms of Use, including the Arbitration Agreement therein.

141.   Specifically, the case or controversy concerns the jurisdiction of AAA and the arbitrability of issues and claims raised in the Arbitrations.

142.   Plaintiff raises a justiciable question as to whether the Terms of Use requires Plaintiff to participate in the Arbitrations.

143.   Because AAA is compelling Plaintiff to defend the claims in Arbitrations to avoid the entry of an arbitration award against them, Plaintiff has suffered and will continue to suffer harm by way of, *inter alia*, expenses and legal fees incurred in the Arbitrations and deprivation of its constitutional right of access to the courts.

144.   Claimants are not registered users.

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34ᵀᴴ FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

145.     As a result, the Arbitration Agreement does not apply to the disputes between Claimants and Plaintiff, so Claimants' disputes in AAA are not arbitrable.

WHEREFORE, Plaintiff respectfully prays that the Court enter a judgment:

(a)     declaring that the issue of whether Claimants are "registered users" is not arbitrable;
(b)     declaring that Claimants are not "registered users";
(c)     declaring that the Arbitration Agreement does not apply to Claimants;
(d)     directing AAA to dismiss and administratively close the Arbitrations;
(e)     enjoining Claimants from pursuing their claims against Plaintiff in another arbitration based on the Terms of Use;
(f)     awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(g)     granting such other relief that the Court deems to be just and proper.

## COUNT II
## DECLARATORY JUDGMENT:
## APPLICATION OF COMMERCIAL RULES
### Against Defendants

146.     Plaintiff incorporates Paragraphs 1 through 140 as if fully set forth herein.

147.     Plaintiff raises a case or controversy regarding whether the Terms of Use requires AAA to apply the Commercial Rules to the Arbitrations.

148.     The Arbitration Agreement in the Terms of Use states, "AAA will adjudicate the Covered Claims in accordance with its Commercial Arbitration Rules."

149.     Nevertheless, Claimants filed the Arbitrations pursuant to AAA's Consumer Rules.

150.     Augustine's only argument for applying the Consumer Rules is incorrect.

151.     Nevertheless, AAA decided to apply the Consumer Rules to the Augustine and Lahr Arbitrations.

152.     Plaintiff expects that AAA will apply the Consumer Rules to the Luce Arbitrations as well because the same arbitration agreement and causes of action are at issue.

153.     The enforceability of the Arbitration Agreement, including the "Rules to Apply," are expressly excluded from arbitrability and must be resolved in a court in New Jersey.

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

WHEREFORE, Plaintiff respectfully prays that the Court enter a judgment:

(a)  declaring that the issue of whether AAA properly applied the Consumer Rules instead of the Commercial Rules is not arbitrable;

(b)  declaring that AAA improperly decided to apply the Consumer Rules instead of the Commercial Rules;

(c)  declaring that AAA's improper decision shows that it "cannot or will not perform arbitration in accordance with the provisions of th[e Arbitration A]greement"; and

(d)  awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and

(e)  granting such other relief that the Court deems to be just and proper.

## COUNT III
### DECLARATORY JUDGMENT:
### JURISDICTION TO DETERMINE ARBITRABILITY
#### Against All Defendants

154.  Plaintiff incorporates Paragraphs 1 through 140 as if fully set forth herein.

155.  Plaintiff raises a case or controversy regarding whether the Terms of Use allows AAA to determine issues of arbitrability.

156.  The Terms of Use states that disputes "regarding the scope, application, and enforceability" of the Arbitration Agreement must be resolved by a court with jurisdiction.

157.  Scope, application, and enforceability are issues of arbitrability because, if a dispute is outside the scope of the Arbitration Agreement, or if the Arbitration Agreement does not apply to a dispute, or if the Arbitration Agreement is not enforceable against a party, then the dispute is not arbitrable.

158.  Therefore, AAA has no jurisdiction to determine issues of arbitrability, such as whether Claimants are registered users.

159.  Nevertheless, the AAA administrator erroneously stated that any "dispute regarding the arbitrability of this claim should be raised to the arbitrator for a determination."

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

WHEREFORE, Plaintiff respectfully prays that the Court enter a judgment:

(a)     declaring that issues of arbitrability are not arbitrable;

(b)     declaring that AAA's ruling that it may broadly determine issues of arbitrability shows that "AAA cannot or will not perform arbitration in accordance with the provisions of th[e Arbitration A]greement"; and

(c)     awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and granting such other relief that the Court deems to be just and proper.

<u>COUNT IV</u>
**DECLARATORY JUDGMENT:**
**LOCATION OF ARBITRATION**
**Against All Defendants**

160.    Plaintiff incorporates Paragraphs 1 through 140 as if fully set forth herein.

161.    Plaintiff raises a case or controversy regarding whether the Terms of Use requires any arbitration pursuant thereto to be conducted in New Jersey.

162.    The Terms of Use limits jurisdiction to New Jersey.

163.    The choice-of-law provision chooses New Jersey law.

164.    The forum-selection clauses select New Jersey.

165.    The website is hosted in and offered from New Jersey.

166.    Therefore, any Arbitration under the Terms of Use must be in New Jersey.

167.    Nevertheless, Claimants improperly filed the Arbitrations in California.

WHEREFORE, Plaintiff respectfully prays that the Court enter a judgment:

(a)     declaring that the issue of whether the Arbitrations must be conducted in New Jersey is not arbitrable;

(b)     declaring that the Arbitrations must be conducted, if at all, in New Jersey;

(c)     declaring that AAA's decision to administer the Arbitrations in California shows that "AAA cannot or will not perform arbitration in accordance with the provisions of th[e Arbitration A]greement"; awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and

(d)     granting such other relief that the Court deems to be just and proper.

**Zarco Einhorn Salkowski, P.A.**
One Biscayne Tower | 2 S. Biscayne Blvd., 34th Floor | Miami, Florida 33131 | T: (305) 374-5418 | F: (305) 374-5428

## COUNT V
## DECLARATORY JUDGMENT:
## GOVERNING LAW
### Against All Defendants

168.    Plaintiff incorporates Paragraphs 1 through 140 as if fully set forth herein.

169.    Plaintiff raises a case or controversy regarding whether the Terms of Use requires a substitute arbitrator.

170.    The Terms of Use requires that New Jersey law applies.

171.    The Terms of Use state: "These Terms shall be governed by the laws of the State of New Jersey, without respect to its conflict of laws principles."

172.    In breach of that provision, Claimants filed the Arbitrations asserting claims under California law.

173.    Also in breach of that provision, AAA has accepted and is administering the Arbitrations even though they involve claims under California law.

174.    Therefore, Claimants should be enjoined from asserting their California law claims against Plaintiff, and AAA should be enjoined from hearing the California law claims.

WHEREFORE, Plaintiff respectfully prays that the Court enter a judgment:

(a)     declaring that the issue of whether the Terms of Use bars Claimants' claims under California law is not arbitrable;
(b)     declaring that New Jersey law governs the Terms of Use;
(c)     declaring that the Terms of Use bars Claimants' claims under California law;
(d)     ordering AAA to dismiss those claims;
(e)     awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(f)     granting such other relief that the Court deems to be just and proper.

## COUNT VI
## DECLARATORY JUDGMENT:
## SUBSTITUTION OF AAA
### Against All Defendants

175.    Plaintiff incorporates Paragraphs 1 through 174 as if fully set forth herein.

24

176.    Plaintiff raises a case or controversy regarding whether the Terms of Use requires a substitute arbitrator.

177.    The Arbitration Agreement states:

In the event that AAA cannot or will not perform arbitration in accordance with the provisions of this agreement, either (a) the parties may agree to another arbitrator or, if no such agreement is had, (b) a court shall appoint one according to the provisions of the Federal Arbitration Act, 9 U.S. Code § 5.

178.    The AAA has refused to administer the Arbitrations in accordance with the Arbitration Agreement because, *inter alia*, the AAA: (1) improperly held that it can rule on issues of arbitrability; (2) refused to apply the Commercial Rules; (3) is improperly administering the Arbitrations in California; (4) improperly applying California law instead of New Jersey law by administering the Arbitrations asserting California claims; and (5) improperly applying the Consumer Arbitration Rules instead of the Commercial Arbitration Rules.

179.    Therefore, "a *court shall* appoint [an arbitrator] according to" section 5 of the Federal Arbitration Act ("FAA").

180. Section 5 of the FAA, 9 U.S.C. § 5, states, in relevant part:

[U]pon the application of either party to the controversy[,] the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

181.    The Arbitration Agreement does not specify a method for choosing an arbitrator, provides for only one arbitrator, is governed by the laws of New Jersey, and provides for exclusive jurisdiction in New Jersey.

182.    JAMS, another large arbitration organization, is similar to AAA.

183.    Therefore, substituting JAMS with AAA would closely reflect the parties' intent for a substituted arbitrator.

25

WHEREFORE, Plaintiff respectfully prays that the Court enter a judgment:

(a)    declaring that the issue of whether to substitute the AAA is not arbitrable;
(b)    declaring that only a court may appoint a substitute arbitrator;
(c)    declaring that the Arbitration Agreement requires the Court to substitute the AAA;
(d)    appointing JAMS or other reputable administrative body as the substitute for the AAA;
(e)    awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(f)    granting such other relief that the Court deems to be just and proper.

**COUNT VII**
**BREACH OF CONTRACT:**
**"RULES TO APPLY" CLAUSE**
**Against All Defendants**

184.    Plaintiff incorporates Paragraphs 1 through 138 as if fully set forth herein.

185.    Claimants agreed in the Terms of Use to have AAA adjudicate any arbitration according to its Commercial Rules.

186.    Nevertheless, Claimants filed the Arbitrations pursuant to the Consumer Rules.

187.    Worse, Augustine opposed Plaintiff's objection to the Consumer Rules.

188.    In these ways, Claimants breached the Terms of Use.

189.    The AAA breached the Terms of Use by erroneously applying the Consumer Rules to the Arbitrations.

190.    Defendants' breaches have caused Plaintiff to incur damages, including costs, AAA fees, and attorneys' fees, in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court enter a judgment:

(a)    declaring that claims for breach of the Terms of Use are not arbitrable;
(b)    declaring that Defendant breached the "Rules to Apply" clause in the Terms of Use;
(c)    awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(d)    granting such other relief as the Court deems to be just and proper.

26
**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34ᵀᴴ FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

## COUNT VIII
## BREACH OF CONTRACT:
## "ACCESS TO THE JERSEY MIKE'S WEBSITE" CLAUSE
### Against Claimants

191.    Plaintiff incorporates Paragraphs 1 through 138 as if fully set forth herein.

192.    The Terms of Use states:

Access to the Jersey Mike's Website
Jersey Mike's hereby grants you permission to use the website as set forth in these Terms, provided that: (i) your use of the website as permitted is solely for your personal, noncommercial use; . . . (iii) you will not alter or modify any part of the website other than as may be reasonably necessary to use the website for its intended purpose; and (iv) you will otherwise comply with the terms and conditions of these Terms of Use.

193.    Claimants have breached the foregoing provisions in several ways.

194.    *First*, they did not use the website "solely" for their "personal, noncommercial use." Instead, they used the website only as a means to manufacture frivolous legal claims against Plaintiff of the same type as they have asserted against many other companies.

195.    *Second*, Claimants seek to "alter or modify" the website by seeking to preclude Plaintiff from using Meta despite disclosing such use.

196.    *Third*, Claimants have not "otherwise compl[ied] with the terms and condition of these Terms of Use" for the reasons alleged herein.

197.    Therefore, Claimants had no "permission to use the website" but used it anyway.

198.    Such use constitutes a breach of the foregoing clause of the Terms of Use.

199.    That breach has caused Plaintiff to incur damages, including costs, AAA fees, and attorneys' fees, in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court enters judgment:

(a)     declaring that claims for breach of the Terms of Use are not arbitrable;
(b)     declaring that Claimants breached the "Access to the Jersey Mike's Website" clause in the Terms of Use;

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

(c)    awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and

(d)    granting such other relief as the Court deems to be just and proper.

**COUNT IX**
**BREACH OF CONTRACT:**
**"CONDUCT" CLAUSE**
**Against Claimants**

200.    Plaintiff incorporates Paragraphs 1 through 138 as if fully set forth herein.

201.    The Terms of Use states:

<u>Conduct</u>
. . . By accessing Jersey Mike's website, you agree that you will NOT knowingly, recklessly, or negligently:
- Use The Jersey Mike's website to . . . conduct acts that would . . . give rise to civil liability[.]

202.    In breach of the foregoing provision, Claimants have purposely used the website to fabricate acts that would give rise to civil liability, specifically, their own and AAA's liability.

203.    *First*, Claimants used the website to file the Arbitrations without having valid causes of action, which renders them liable for attorneys' fees and costs.

204.    *Second*, Claimants' conduct by filing the Arbitrations under the Consumer Rules and breaching other provisions of the Terms of Use have given rise to their own and AAA's civil liability for breach of contract and indemnification.

205.    Claimants' breaches of the foregoing provision of the Terms of Use have caused Plaintiff to incur damages, including costs, AAA fees, and attorneys' fees, in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court enters judgment:

(a)    declaring that claims for breach of the Terms of Use are not arbitrable;
(b)    declaring that Claimants breached the "Conduct" clause in the Terms of Use;
(c)    awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(d)    granting such other relief as the Court deems to be just and proper.

28
**ZARCO EINHORN SALKOWSKI, P.A.**

## COUNT X
## BREACH OF CONTRACT:
## "REGISTRATION" CLAUSE
### Against Claimants

206.  Plaintiff incorporates Paragraphs 1 through 138 as if fully set forth herein.

207.  The Terms of Use states:

Registration
Certain portions of Jersey Mike's website are limited to registered users, and/or may allow a user to request support/services online by entering personal information. When users register with our website or purchase something from us, they will be provided a link to these Terms and asked to agree to comply with them. When you provide us with information, *you agree that any personal information provided to us is complete and accurate*. Also, you agree not to register under the name of, nor attempt to enter the website under the name of, another person[.]

208.  Upon information and belief, Claimants breached the foregoing provision of the Terms of Use by never registering their names on the website.

209.  Those breaches have caused Plaintiff to incur damages, including costs, AAA fees, and attorneys' fees, in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court enters judgment:

(a)  declaring that claims for breach of the Terms of Use are not arbitrable;
(b)  declaring that Claimants breached the "Registration" clause in the Terms of Use;
(c)  awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(d)  granting such other relief as the Court deems to be just and proper.

## COUNT XI
## BREACH OF CONTRACT:
## "GENERAL" CLAUSE
### Against Claimants

210.  Plaintiff incorporates Paragraphs 1 through 138 as if fully set forth herein.

211.  The "General" clause of the Terms of Use states, in relevant part:

Any claim or dispute between you and Jersey Mike's that arises in whole or in part from the Jersey Mike's website shall be decided exclusively by a court of competent

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

jurisdiction located in Monmouth County, New Jersey, unless subject to the Mandatory Dispute Resolution terms for Registered Users below.

212.    The Mandatory Dispute Resolution terms, i.e., the Arbitration Agreement, applies only to Registered Users.

213.    Claimants are not registered users because they did not register or did not provide complete and accurate information when registering with Plaintiff.

214.    Therefore, Claimants have no right to arbitrate their disputes and were required to file suit in a court in New Jersey.

215.    Nevertheless, Claimants filed the Arbitrations with AAA, which constitutes a breach of the "General" clause in the Terms of Use.

216.    That breach has caused Plaintiff to incur damages, including costs, AAA fees, and attorneys' fees, in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court enters judgment:

(a)    declaring that claims for breach of the Terms of Use are not arbitrable;
(b)    declaring that Claimants breached the "General" clause in the Terms of Use;
(c)    awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(d)    granting such other relief as the Court deems to be just and proper.

## COUNT XII
### BREACH OF CONTRACT:
### CHOICE-OF-LAW PROVISION
### Against All Defendants

217.    Plaintiff incorporates Paragraphs 1 through 138 is if fully set forth herein.

218.    The Terms of Use provides that New Jersey law governs.

219.    Nevertheless, Claimants assert claims under California law in the Arbitrations.

220.    In so doing, Claimants breached the Terms of Use.

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

221.    That breach has caused Plaintiff to suffer damages, including attorneys' fees and costs, in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court enters judgment:

(a)    declaring that claims for breach of the Terms of Use are not arbitrable;
(b)    declaring that Claimants breached the choice-of-law provision in the Terms of Use;
(c)    awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(d)    granting such other relief as the Court deems to be just and proper.

## COUNT XIII
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### Against All Defendants

222.    Plaintiff incorporates Paragraphs 1 through 221 as if fully set forth herein.

223.    All contracts under New Jersey law imply a covenant of good faith and fair dealing.

224.    The implied covenant prohibits the parties from engaging in unreasonable or bad-faith conduct that would deprive the counterparty of the benefits of the contract.

225.    The implied covenant generally applies by (a) adding unexpressed terms that the parties must have intended as necessary to effectuate the contract, (b) redressing unreasonable or bad-faith performance even though the defendant did not breach an express term, and (c) requiring that expressly granted discretion is exercised reasonably and in good faith.

226.    To the extent that any of Defendants' alleged conduct does not breach an express duty in the contract, that alleged conduct breached the implied covenant of good faith and fair dealing.

227.    Defendants breached unexpressed terms that were intended as necessary to effectuate the Terms of Use.

228.    Defendants' performance under the Terms of Use was unreasonable or in bad faith.

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

229.    Defendants exercised any permissible discretion under the Terms of Use unreasonably and in bad faith.

230.    Defendants' alleged conduct deprived Plaintiff of the benefits of the Terms of Use.

231.    Defendants' financial motivation for engaging in the alleged misconduct demonstrates their bad faith.

232.    For example, AAA financially benefitted from improperly applying the Consumer Rules, which allow AAA to charge Plaintiff fees that do not apply under the Commercial Rules.

233.    AAA charged Plaintiff such fees.

234.    Additionally, Claimants financially benefitted from their misconduct by, for example: (a) filing the Arbitrations under the Consumer Rules, which is cheaper for the Claimants and more expensive for Plaintiff than under the Commercial Rules; (b) filing the claims in San Diego, California, where Claimants' counsel are licensed to practice and where Claimants live; and (c) filing the claims under California law, with which Claimants' counsel are familiar.

235.    Defendants' breaches of the implied covenant of good faith and fair dealing have caused Plaintiff to suffer damages, including attorneys' fees and costs, in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court enters judgment:

(a)    declaring that claims for breach of the Terms of Use are not arbitrable;
(b)    declaring that Claimants breached the choice-of-law provision in the Terms of Use;
(c)    awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and
(d)    granting such other relief as the Court deems to be just and proper.

## COUNT XIV
## DECLARATORY JUDGMENT:
## RIGHT TO TERMINATION
### Against Claimants

236.    Plaintiff incorporates Paragraphs 1 through 235 as if fully set forth herein.

32

237.    Plaintiff raises a case or controversy regarding whether Plaintiff may prevent Claimants from using and accessing Plaintiff's website.

238.    The Terms of Use states:

Termination of Use
Jersey Mike's may (in its sole discretion) suspend/terminate your access to or use of Jersey Mike's website without notification for any violation of these Terms . . . . In the event of termination, you are no longer authorized to access Jersey Mike's website.

239.    As alleged above, Claimants have violated the Terms of Use in any of various ways.

240.    Therefore, Plaintiff has the right to terminate Claimants' access to and use of Plaintiff's website and prevent future access thereto and use thereof.

WHEREFORE, Plaintiff respectfully prays that the Court enters judgment:

(a)     declaring that the issue of whether Plaintiff may terminate Claimants' access to and use of Plaintiff's website is not arbitrable;

(b)     declaring that Plaintiff may terminate Claimants' access to and use of Plaintiff's website;

(c)     awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Claimants; and

(d)     granting such other relief as the Court deems to be just and proper.

## COUNT XV
## INDEMNIFICATION
### Against All Defendants

241.    Plaintiff incorporates Paragraphs 1 through 240 as if fully set forth herein.

242.    The Terms of Use states:

Indemnity
You agree to defend, indemnify, and hold harmless Jersey Mike's (and its owner/operators and employees) from any and all liabilities and costs incurred by us . . . in connection with any claim arising from any breach by you of these Terms, including reasonable attorney's fees and costs.

243.    As alleged above, Plaintiff has incurred liabilities and costs, including attorney fees and AAA fees, in connection with claims arising from Defendants breaching the Terms of Use.

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

244.   Those claims include the claims in the Arbitrations and Plaintiff's claims asserted in this Complaint.

245.   Defendants must indemnify Plaintiff and hold Plaintiff harmless from all liabilities and costs, including reasonable attorneys' fees, in connection with the Arbitrations and this lawsuit in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court enters judgment:

(a)   declaring that the claim for indemnification is not arbitrable;
(b)   declaring that Defendants must indemnify Plaintiff;
(c)   awarding Plaintiff damages, pre- and post-judgment interest, costs, and attorneys' fees against Defendants; and
(d)   granting such other relief as the Court deems to be just and proper.

Dated: August 23, 2023                Respectfully submitted,

Michael M. DiCicco, Esq. (MD0316)
MAGGS MCDERMOTT & DICICCO, LLC
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
Telephone: (732) 223-9870
Facsimile: (732) 223-7367
E-mail: MDicicco@maggslawnj.com

**ZARCO EINHORN SALKOWSKI, P.A.**
One Biscayne Tower
2 S. Biscayne Blvd., 34th Floor
Miami, Florida 33131
Telephone: (305) 374-5418
Facsimile: (305) 374-5428
**ROBERT M. EINHORN**
(Admitted *pro hac vice*)
E-mail: REinhorn@zarcolaw.com
Secondary e-mail: AGarcia@zarcolaw.com
**SETH M. SHAPIRO**
(Admitted *pro hac vice*)
E-mail: SShapiro@zarcolaw.com
Secondary e-mail: Bryan@zarcolaw.com

34

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the matter in controversy is not the subject of my other action pending in any Court and is the subject matter of the Augustine Arbitration, Lahr Arbitration, and Luce Arbitration that are pending before the American Arbitration Association, Inc.

Dated:   August 23, 2023

_____
Michael M. DiCicco, Esquire

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428