# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JERSEY MIKE'S FRANCHISE SYSTEMS, INC.** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **AMERICAN ARBITRATION ASSOCIATION, INC., OPHELIA AUGUSTINE, CECELIA LAHR, and ALEXANDER LUCE,** <br><br> **Defendants.** | Civil Action No. 3:23-cv-03444-GC-TJB |

**DEFENDANTS' OPHELIA AUGUSTINE AND CECELIA LAHR RESPONSE TO PLAINTIFF'S MOTION FOR FEES AND COSTS PURSUANT TO FED. R. CIV. P. 4(D)(2)**

## **INTRODUCTION**

Defendants Ophelia Augustine and Cecelia Lahr ("Defendants"), through the undersigned counsel, hereby respond to the motion by Plaintiff Jersey Mike's Franchising Systems, Inc. ("Plaintiff") for an order assessing costs against Defendants pursuant to Fed. R. Civ. P. 4(d)(2).[1]  This motion should be denied as premature as there has not yet been a determination on whether this Court has jurisdiction in this matter.  Only after a ruling on Defendants' Motion to Dismiss for lack of subject matter jurisdiction does this issue become ripe for consideration.  If the court finds that it lacks subject matter jurisdiction to hear this matter, any request for relief under FRCP 4 would be moot.

It is Plaintiff's burden to either: (1) personally serve Defendants with the summons and complaint in this action; or (2) request and receive a waiver of service from either Defendants themselves or an authorized agent appointed by Defendants.  As set forth in the accompanying Declaration of Joshua Swigart ("Swigart Decl."), although the Swigart Law Group, APC and the Law Office of Daniel Shay represent Defendants in related arbitration actions in which Defendants are the claimants, at the time, those attorneys were not counsel of record for Defendants in the instant federal action.  See Swigart Decl., ¶ 3.  Instead of reaching out directly to each Defendant to request a waiver of service, Plaintiff's counsel reached out to Mr. Swigart's co-counsel, Daniel G. Shay, who was not authorized to waive or accept service on behalf of Defendants.  See id., ¶ 3.

Plaintiff now seeks service fees pursuant to Rule 4(d)(2).  However, the onus to serve each Defendant or obtain a waiver of service from an authorized agent was squarely on Plaintiff, not on Mr. Swigart or any other attorney who did not represent Defendants in this matter at the time.  See, e.g., Fed. R. Civ. P. 4(c)(1) (providing that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed"); Fed. R. Civ. P. 4(e)(2) (setting forth methods of serving an individual defendant in the United States); Fed. R. Civ.

---

[1] In its motion papers, more specifically in its proposed order [ECF Doc. 26-4], Plaintiff asserts that it is seeking costs and fees against defendants Ophelia Augustine and Alexander Luce.  Defendants are presuming that this is a scrivener's error as Mr. Luce waived service in this matter [ECF Doc. 28].

P. Rule 4(d)(1) (a plaintiff may "request that the defendant waive service of a summons"). Plaintiff's Motion should be denied because: (i) the Motion itself is premature as this Court has yet to determine whether it has jurisdiction in the matter; (ii) Plaintiff failed to discharge its burden by requesting a request for waiver from each of the Defendants or their counsel of record in this action; and (iii) the requested fees and costs — a total of $2,765.00, which includes $2,585.00 in attorneys' fees and $180.00 in costs — are excessive.

## ARGUMENT

### I. UNTIL THERE IS A DETERMINATION AS TO WHETHER THE COURT HAS JURISDICTION OVER THE MATTER, THE COURT CANNOT RULE ON PLAINTIFF'S MOTION TO ASSESS COSTS

Pursuant to Judge Georgette Castner's judicial preferences, Defendants submitted a letter brief outlining the issue of jurisdiction and requested a pre-motion conference [ECF Doc. 15]. Judge Castner held a conference on September 28, 2023, to discuss the issue of Defendants' request to file a motion to dismiss, pursuant to FRCP 12(b)(1) based on a claim of lack of subject matter jurisdiction. At the conference, Judge Castner noted that until there is a determination on Defendants' motion to dismiss, the court did not have jurisdiction to enter an order relating to injunctive relief. The Judge has set a deadline of October 13, 2023, for Defendants to file their motion to dismiss [ECF Doc. 37].

The same analysis applies to the instant motion to assess costs. Until this Court has reviewed and ruled on the issue of subject matter jurisdiction, the motion to assess costs is premature. If the court determines it lacks subject matter jurisdiction to hear this matter, in its entirety, Plaintiff's motion regarding reimbursement for service and any argument against would be moot.

## II.   PLAINTIFF FAILED TO PROPERLY AND EFFECTIVELY SERVE A REQUEST FOR WAIVER OF SERVICE ON EACH DEFENDANT OR THEIR COUNSEL OF RECORD UNDER RULE 4(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Assuming *arguendo* that the court has jurisdiction to consider Plaintiff's motion, Plaintiff's motion is nevertheless deficient.  Plaintiff does not contend that it ever served a request for a waiver of service on each Defendant *in lieu* of having to "deliver[ ] a copy of the summons and complaint to th[ose] individual[s] personally." Fed. R. Civ. P. Rule 4(e)(2)(A). Plaintiff's motion lacks any declaration or evidentiary support that it in fact complied with Fed. R. Civ. P. Rule 4(e)(2)(A).  Instead, Plaintiff requested a waiver of service from Mr. Shay, even though neither he nor Mr. Swigart were counsel of record for Defendants in this matter at the time.  Plaintiff apparently believed, albeit incorrectly, that it could serve Defendants under Rule 4(e)(2)(C) or obtain a waiver under Rule 4(d) by sending Messrs. Shay and Swigart a copy of the summons and complaint filed by Plaintiff against the individual Defendants and the American Arbitration Association.  However, the fact that Messrs. Shay and Swigart were Defendants' attorneys for purposes of pursuing pending arbitration proceedings against Plaintiff is far from dispositive for purposes of Plaintiff's Motion.  In fact, Plaintiff was well aware that neither Mr. Shay or Mr. Swigart were licensed to practice before this court and at best, would have to later apply *pro hac vice* if they wished to appear.

Noticeably absent from Plaintiff's Motion is any assertion or suggestion that Defendants expressly or implicitly appointed counsel as Defendants' authorized agent for purposes of receiving or waiving service in this matter under Rule 4(e)(2)(C), which provides

that an individual defendant may be served by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C).  Plaintiffs did not and could not make any such assertion or suggestion because, among other reasons: (1) Defendants never appointed or authorized counsel to accept or waive service on Defendants' behalf (see Swigart Decl., at ¶ 4); (2) counsel therefore was obligated not to accept or waive service on behalf of either Defendant; and (3) consistent with their lack of authority, counsel indicated that they were not obligated to waive service on Defendants' behalf.  *See* Declaration of Seth M. Shapiro, Esq. ("Shapiro Declaration"), Exhibit A at 1-3.  Service upon an individual is proper by serving the individual's attorney only when the attorney has been specifically authorized to accept service on the individual's behalf.  *See United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("An agent's authority to accept service may be implied in fact … A party, however cannot fabricate such implied authority from whole cloth to cure a deficient service, but must present facts and circumstances showing the proper relationship between the defendant and its alleged agent.), and *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir.) (holding that service of process on an attorney not authorized to accept service for his client is ineffective).

As courts have recognized, serving an attorney (versus an authorized agent) associated with an individual defendant does not constitute effective or sufficient service of the defendant under Fed. R. Civ. P. 4(e)(2)(C).  *See, e.g., Benton v. Town of South Fork*, No. 12-cv-00336, 2013 WL 69189, at *2 (D. Col. Jan. 7, 2013) (agreeing that "service was insufficient as a

matter of law" because an attorney associated with the individual defendant "did not have authority to accept service of process on his behalf, and thus could act as his agent under Rule 4(e)(2)(C)").  This is critical and dispositive, since Plaintiff makes no allegation or suggestion in its Motion that Defendants appointed counsel as an authorized agent for purposes of receiving or waiving service on Defendants' behalf in this action.  To the contrary, at the time that Plaintiff sought the service waiver, Defendants had not authorized counsel—or any attorney or other person—to receive or waive service on Defendants' behalf.  *See* Swigart Decl., at ¶ 4.

Numerous court decisions addressing this issue stand for the proposition that a plaintiff's Rule 4(d)(2) motion for an award of fees and costs should be denied when a plaintiff simply provides a copy of the summons, complaint, and request for waiver to an attorney representing the defendant in some capacity—as opposed to providing those critical documents to the defendant or an authorized agent specifically designated by the defendant to receive or waive service under Rule 4(e)(2)(C).  *See, e.g., Tindle v. Xenos*, 2010 WL 4739787, at 2 (E.D. Mich. 2010) ("Every federal circuit that considered this issue determined that a defendant's attorney will not be deemed an agent appoint to receive process, absent the submission of facts by the plaintiff that plainly show the defendant had a contrary intent.") (quotations omitted); *Snyder v. Swanson*, 2009 WL 10695345, at *1 (D. Del. June 11, 2009) ("Indeed, even where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service."); *Smith v. Bradley Pizza, Inc.*, 2018 WL 9943476, at *2 (D. Minn. Jan. 24, 2018) (noting that "the mere fact that

[defendant's attorneys represent defendant] is not a basis for concluding that they were authorized to waive service or accept it on [defendant's] behalf, and concluding that "Plaintiff offers no support for the argument that handing or emailing waiver-of-service materials to an attorney without such authority satisfies the plaintiff's obligations under Rule 4(d)(1)"); *Woo v. Ochiai Georgia, LLC*, 2016 WL 4005831, at *2 (E.D. Tenn. July 25, 2016) (denying motion for fees and costs, noting that defendant did not authorize attorney to accept or waive service and that the attorney "repeatedly communicated to the Plaintiff that he was not authorized to waive service"); *Mandale v. Des Moines Tria Tower, LLC*, 2009 WL 2412596, at *2-3 (E.D. Penn. Aug. 5, 2009) (emphasizing that an attorney has express authority to accept service only when his or her client actually empowers the attorney to be served on his behalf, and adding that an attorney-client relationship does not, in itself, convey authority to accept service); *Pinkney v. American Medical Response, Inc*., 2009 WL 10693602, at *2 (D. Nev. Aug. 7, 2009) (plaintiffs failed to make a prima facie showing of proper service under Rule 4(e)(2)(C)); *Gillen v. Chase Home Finance, LLC*, 2006 WL 8433928, at *1 (M.D. La. Dec. 27, 2006) (noting that "even if the request for waiver of service was transmitted to defendant's counsel of record, . . . the requirements of Rule 4(d)(2) nevertheless remain unsatisfied since the request is to be sent directly by the plaintiff to the defendants' authorized agent for service of process").

　　As addressed above, Defendants had no duty or obligation under Rule 4(d)(2) to agree to waive service under the facts of this case, since Plaintiff never effectively served Defendants under Rules 4(d) with a request for waiver.  See Fed. R. Civ. P. 4(d)(1) (plaintiff may "request

that the defendant waive service of a summons").  Defendants could not agree to a waiver request that Plaintiff never provided to them, and they were given no opportunity by Plaintiff to personally agree to any such waiver request.  At minimum, Defendants' inability to agree to a request they never received from Plaintiff constitutes "good cause" under Rule 4(d)(2). Further, there was no negligent conduct by Messrs. Shay and Swgart, much less any such conduct that could be attributable to Defendants.  Because Messrs. Shay and Swigart were not authorized by Defendants to accept or waive service on Defendants' behalf, they likewise had more than "good cause" under Rule 4(d)(2).

## III.   PLAINTIFF'S REQUEST FOR FEES AND COSTS IS EXCESSIVE

Finally, even assuming that either Defendants or their arbitration counsel are responsible for some costs of service, Plaintiff is not entitled to all the costs it seeks.  A significant portion of Plaintiff's service costs—including nearly two thousand dollars purportedly incurred by senior and managing counsel in corresponding with arbitration counsel and drafting Motion papers—were unnecessary, and Defendants should not be responsible for them.

Federal Rule of Civil Procedure 4(d) provides that individuals have a duty to avoid "unnecessary" expenses in serving a summons.  Fed. R. Civ. P. 4(d)(1).  If a waiver of service can be accomplished, then, costs of personal service are unnecessary.  Fed. R. Civ. P. 4(d)(2). But a defendant's duty cannot extend to unreasonable, unnecessary, or superfluous costs incurred by the plaintiff, merely because a defendant failed to waive service.  Plaintiff had no

basis for generating these excessive costs in connection with a simple service waiver request and the instant simple Motion for fees and costs.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for service fees and costs pursuant to Fed. R. Civ. P. 4(d)(2) should be denied.

Dated:   October 2, 2023

Respectfully submitted,

**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**

BY:   s/ Timothy Coughlan
Timothy Coughlan
Harborside Plaza 10
3 Second Street, Suite 202
Jersey City, NJ 07311
**Attorneys for Defendants**