UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JERSEY MIKE'S FRANCHISE SYSTEMS, INC.,

    *Plaintiff*,

v.

AMERICAN ARBITRATION ASSOCIATION,
INC., OPHELIA AUGUSTINE, CECELIA LAHR,
and ALEXANDER LUCE,

    *Defendants*.

Case No.: 23-CV-03444-GC-TJB

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ASSESS COSTS FOR FAILURE TO WAIVE SERVICE OF PROCESS

Plaintiff Jersey Mike's Franchising Systems, Inc. ("Plaintiff"), by and through undersigned counsel, respectfully files this Reply ("Reply") in support of its Motion to Assess Costs for Failure to Waiver Service of Process ("Motion") against Defendants Ophelia Augustine and Cecelia Lahr (collectively, "Defendants").

## ARGUMENT

Defendants raise three arguments in opposition to the Motion, all of which are unavailing. Therefore, the Court should grant the Motion and award the additional fees incurred in preparing this Reply.

### I. The Court May Conditionally Grant the Motion Pending a Finding of Subject Matter Jurisdiction

Defendants incorrectly argue that the Court cannot rule on the Motion before ruling on the motion to dismiss for lack of subject matter jurisdiction. *See* ECF No. Defs.' Response to Pl.'s Mot. for Fees & Costs, at 2, ECF No. 38 ("Opp. Br."). The Court may grant the Motion conditioned upon a subsequent finding of subject matter jurisdiction. *See, e.g.*, *Gibbs v. Frank*,

---

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

500 F.3d 202, 206, 207, 208 (3d Cir. 2007) (referencing conditional orders); *Smith v. Toyota Motor Sales, U.S.A. Corp.*, No. CIV.A. 06-2788KSH, 2007 WL 1585157, at *1 (D.N.J. May 31, 2007) (same); *Foster v. Foster*, 47 V.I. 462, 468 (D.V.I. 2005) (same). Nevertheless, Plaintiff would not oppose deferring a ruling on the Motion until after the Court finds subject matter jurisdiction, which Plaintiff believes to be inevitable given the patent lack of merit to Defendants' position.

## II.     Plaintiff Properly Requested That Defendants' Arbitration Counsel Waive Service

Defendants argue that Plaintiff's request to waive service was deficient because Plaintiff sent the request to Defendants' arbitration counsel, Joshua Swigart and David Shay, rather than to Defendants personally. *See* Opp. Br. at 3. Notably, neither Defendant filed an affidavit. Instead, Mr. Swigart belatedly asserts in a self-serving declaration that he lacked authority to waive service, *see* ECF No. 38-1, but the facts here tell a different story and are exactly on point with *Mercedes-Benz Fin. Servs. USA LLC v. Chandler*, No. No. 19-cv-15716-ES-ESK, 2020 WL 3892360 (D.N.J. 2020), in which the court granting the motion for fees and costs.

In *Chandler*, plaintiff's counsel, who filed suit in this New Jersey court, contacted defendant's New York counsel in a related criminal case. *See id.* at *2. The latter represented himself as "counsel" for the defendant and represented defendant's position in discussions with plaintiff's counsel. *See id.* at *2. Subsequently, defendant's counsel did not agree to waive service, so plaintiff had to investigate and serve process. *See id.* at *3. The court held that plaintiff properly sent its "request to waive service . . . to defendant's 'counsel,' Mr. Siev. Having been advised by Mr. Siev of his role as 'counsel' for defendant and having engaged in settlement discussions with him, plaintiff's counsel acted reasonably—indeed, ethically—in sending the request to Mr. Siev, rather than continuing to attempt to communicate directly with defendant." *Id.* at *4.

All of those facts apply here. Messrs. Swigart and Shay represent the Defendants in related arbitrations. Like in *Chandler*, it is irrelevant that they are licensed to practice in another state.[1] Mr. Swigart represented himself and Mr. Shay as Defendants' counsel: on June 29, 2023, in response to Plaintiff's request to waive service, Mr. Swigart stated, "Let *us* discuss with the *clients*." Decl. of Seth M. Shapiro, Esq., Ex. A, at 6, ECF No. 26-1 ("Shapiro Decl.") (emphases added). Mr. Swigart also represented Defendants' position on the claims in this action in correspondence with Plaintiff's counsel, stating, "we view your federal filing as frivolous. Your client contracted with our clients and provided for AAA to administer any disputes." *Id.* at 5. Based on these representations, Plaintiff's counsel reasonably and ethically communicated with Defendants' counsel to request waiver of service. *See Chandler*, 2020 WL 3892360, at *4.

The facts here are even more dispositive than in *Chander* because, here, Defendants *authorized Mr. Swigart to represent them in this very litigation*.[2] *See* Decl. of Joshua Swigart ("Swigart Decl.") ¶ 1 ("There is currently a motion pending to allow me to appear *pro hac vice* in this matter."); ECF No. 35. Moreover, at no point in their correspondence with Plaintiff's counsel did Messrs. Swigart or Shay deny having authority to accept service. *See generally* Shapiro Decl., Ex. A. Indeed, when Mr. Shay inquired, "Why would we agree to waive service?," *id.* at 4, 3, Plaintiff answered that failure to agree could result in liability for the very fees and costs that Plaintiff now seeks. *See id.* at 2. Neither Mr. Swigart nor Mr. Shay disputed such liability nor asserted that they lacked authority to waive or accept service. Instead, Mr. Shay responded with a

---

[1] Moreover, as apparent on any state's secretary of state website, one can be an authorized agent to accept or waive service regardless of whether they are an attorney, let alone where they are licensed to practice.

[2] Plaintiff anticipates opposing Mr. Swigart's motion for *pro hac vice* admission.

"shrug" emoji. *See id.* Their obstructionist approach is exactly what Rule 4(d)(2) is designed to deter and punish by imposing fees and costs.

Continuing their obstruction, Defendants falsely assert that they "could not agree to a waiver request [because] Plaintiff never provided [it] to them, and they were given no opportunity by Plaintiff to personally agree to any such waiver request." Opp. Br. at 7. This assertion is directly contradicted by the e-mails between counsel, which show that Mr. Swigart stated that he would "discuss with the clients," Plaintiff followed up thirteen days later, and then Messrs. Swigart and Shay refused to waive service. *See* Shapiro Decl., Ex. A.

Accordingly, Defendants' argument is meritless.

### III. Plaintiff's Fees and Costs Are Not Excessive

Defendants' argument that the fees and costs sought are excessive must be disregarded as conclusory. *See, e.g.*, *Solomon v. Soc'y of Auto. Eng'rs*, 41 F. App'x 585, 586 (3d Cir. 2002) (holding that parties "cannot rely on unsupported assertions, speculation, or conclusory allegations"); *Green v. Desert Palace, Inc.*, No. CIVA 10-908 (MLC), 2010 WL 1423950, at *2 (D.N.J. Apr. 8, 2010) (rejecting "plaintiff's arguments . . . a[s] merely conclusory"). Defendants fail to cite *any* facts to support their argument, such as an hourly rate, the amount of time spent, the cost of the process server, or the total amounts sought, let alone any case law. Instead, they argue that the fees and costs are excessive because they could have waived service if properly requested, but that argument is merely a restatement of their argument that the request for waiver was deficient.

The only fact-based argument that Defendants raise is that "senior and managing counsel [] correspond[ed] with arbitration counsel and drafting Motion papers," but that assertion is misleading. The Motion and accompanying affidavit show that a paralegal, Anité Coro, prepared

the draft of the memorandum of law, and managing counsel did not correspond with arbitration counsel at all.  *See* Mot. ¶ 8(b); ECF No. 26-1 ¶ 10(b).

Further, the involvement of Plaintiff's attorneys was entirely proper.  As the partner on the case with Plaintiff's lead counsel, Robert Einhorn's sole involvement was limited to reviewing the filings, which is standard law firm procedure, and it took him only 0.2 hours to review those filings, which consist of a notice of motion, memorandum of law, two declarations, a proposed order, and a certificate of service.  *See* ECF No. 26-1 ¶ 10(c).  As local counsel, Michael DiCicco was obligated to review those filings, which took him only 1.6 hours.  *See* ECF No. 26-2 ¶ 4.  The senior associate, Seth Shapiro, is the only associate on this case, and his correspondence with Messrs. Swigart and Shay involved legal discussion of the federal rules and waiver, which is not appropriate for a non-attorney to handle.  *See* ECF No. 26-1, Ex. A at 7.  Moreover, that Messrs. Swigart and Shay, the founding partners of their firms, were the ones who chose to respond to Mr. Shapiro's e-mails, which were sent to an entire team of lawyers, shows the propriety of Mr. Shapiro, an associate, sending the correspondence.  Further, it was Mr. Shapiro's significant experience and reliance on Ms. Coro that enabled him to prepare all of the filings associated with the Motion in only 2.14 hours.  Finally, the Motion seeks a minimal amount of $180 in costs and $2,585 in fees, which are a fraction of what courts approve.  *See, e.g.*, *Chandler*, 2020 WL 3892360, at *6 (awarding $181.70 in costs and ***$9,012.50*** in fees).

Accordingly, the fees and costs sought are reasonable.

## IV.     Plaintiff Is Entitled to an Additional $3,679.50 in Fees to Prepare This Reply

To prepare this reply and accompanying declaration and exhibits, including legal research, drafting, and review, Plaintiff's counsel had to spend an additional 6.1 hours, amounting to $3,679.50 in additional fees, which Defendants are also liable to pay.  *See* Decl. of Seth M. Shapiro,

5

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34ᵀᴴ FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

Esq. ¶ 4 (Oct. 16, 2023); Decl. of Michael M. DiCicco ¶ 4 (Oct. 17, 2023).  These additional fees bring the total to $6,114.50 in fees, which is still reasonable.  *See Chandler*, 2020 WL 3892360, at *6 (awarding $9,012.50 in fees).

## **CONCLUSION**

For the foregoing reasons, the Court should grant the Motion and award the additional $3,679.50 in fees, for a total of $6,114.50 in fees and $180 in costs.

Dated: October 17, 2023        Respectfully submitted,

**ZARCO EINHORN SALKOWSKI, P.A.**
One Biscayne Tower
2 S. Biscayne Blvd., 34th Floor
Miami, Florida 33131
Telephone: (305) 374-5418
Facsimile: (305) 374-5428
**ROBERT M. EINHORN**
(Admitted *pro hac vice*)
E-mail: REinhorn@zarcolaw.com
Secondary e-mail: Bryan@zarcolaw.com
**SETH M. SHAPIRO**
(Admitted *pro hac vice*)
E-mail: SShapiro@zarcolaw.com
Secondary e-mail: EService@zarcolaw.com
*Counsel for Plaintiff*

By: *s/ Michael M. DiCicco*
Michael M. DiCicco, Esq.
MAGGS MCDERMOTT & DICICCO, LLC
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
Tel.: (732) 223-9870
Fax: (732) 223-7367
E-mail: MDicicco@maggslawnj.com
*Counsel for Plaintiff*