# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JERSEY MIKE'S FRANCHISE
SYSTEMS, INC.,

     *Plaintiff*,                          Case No.: 23-CV-03444-GC-TJB

v.

AMERICAN ARBITRATION
ASSOCIATION, INC., OPHELIA
AUGUSTINE, CECELIA LAHR, and
ALEXANDER LUCE,

     *Defendants*.

_____

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

**ZARCO EINHORN SALKOWSKI, P.A.**
One Biscayne Tower
2 S. Biscayne Blvd., 34th Floor
Miami, Florida 33131
Telephone: (305) 374-5418
Facsimile: (305) 374-5428
**ROBERT M. EINHORN**
(Admitted *pro hac vice*)
E-mail: REinhorn@zarcolaw.com
Secondary e-mail: Bryan@zarcolaw.com
**SETH M. SHAPIRO**
(Admitted *pro hac vice*)
E-mail: SShapiro@zarcolaw.com
Secondary e-mail: EService@zarcolaw.com
*Counsel for Plaintiff*

Michael M. DiCicco, Esq. (MD0316)
**MAGGS MCDERMOTT & DICICCO, LLC**
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
Tel.: (732) 223-9870
Fax: (732) 223-7367
E-mail: MDicicco@maggslawnj.com
*Counsel for Plaintiff*

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ..................................................................................iv

PRELIMINARY STATEMENT ..............................................................................1

STATEMENT OF FACTS .......................................................................................2

RULE 12(b)(1) MOTION TO DISMISS...................................................................4

I.      Legal Standards ............................................................................................4

II.     Claimants' Arguments on Diversity and Federal Question Jurisdiction
        Should Be Disregarded for Violating the Court's Individual Preferences......4

III.    The Court Should Disregard and Strike Claimants' Purported Facts
        Outside the FAC .........................................................................................5

IV.     The Court Has Diversity Jurisdiction Because It Is Not a "Legal
        Certainty" That the Amount in Controversy Cannot Be Met ........................8

V.      The Court Has Federal Question Jurisdiction Because of the Federal
        Claims in the Arbitrations ........................................................................123

MOTION TO COMPEL ARBITRATION ...............................................................14

I.      The Argument That Plaintiff Seeks to Litigate the Underlying
        Claims Is Frivolous....................................................................................15

II.     The Court Should Determine Arbitrability (i.e., Adjudicate Count I) ..........16

        A.      Claimants Fail to Satisfy the "Onerous Burden" to Deprive
                the Court of Its Authority to Rule on Arbitrability ...........................16

        B.      Whether Claimants Are Registered Users Is an Issue That
                Must Be Resolved to Determine Arbitrability ...................................20

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

C.  Discovery Is Required to Adjudicate Whether Claimants Are Registered Users ...................................................................... 24

III.  The Court Should Adjudicate Counts II Through IV Seeking a Declaratory Judgement on Substituting AAA ............................................... 26

IV.  Plaintiff Did Not Waive Its Right to Have a Court Rule on Its Claims ........ 31

CONCLUSION ................................................................................. 34

**ZARCO EINHORN SALKOWSKI, P.A.**

ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34ᵀᴴ FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

# TABLE OF AUTHORITIES

**Cases**                                                                       **Page(s)**

*Am. Exp. Co. v. Italian Colors Rest.*,
    570 U.S. 228 (2013)............................................................................ 17, 22, 29
*Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn*,
    983 A.2d 604 (N.J. App. Div. 2009) ...........................................................19
*Angus v. Shiley Inc.*,
    989 F.2d 142 (3d Cir. 1993) ...........................................................................9
*Askew v. Church of the Lord Jesus Christ*,
    684 F.3d 413 (3d Cir. 2012) ...........................................................................5
*AT & T Techs., Inc. v. Commc'ns Workers of Am.*,
    475 U.S. 643 (1986)............................................................................ 16, 18, 27
*Atl. Util. Trailer Sales Inc. v. Harco Nat'l Ins. Co.*,
    No. CV 20-02349, 2020 WL 3287129 (D.N.J. June 18, 2020)....................10
*Automatic Radio Mfg. Co. v. Hazeltine Rsch.*,
    339 U.S. 827 (1950)........................................................................................7
*Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*,
    835 F.3d 388 (3d Cir. 2016) ........................................................... 8, 9, 11, 12
*Bartnicki v. Vopper*,
    532 U.S. 514 (2001)......................................................................................12
*Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*,
    809 F.3d 746 (3d Cir. 2016) ............................................................. 16, 18, 19
*Citigroup Glob. Markets, Inc. v. Berggren*,
    No. 1:06-cv-1075-WSD, 2006 WL 3359653 (N.D. Ga. Nov. 20, 2006)......10
*Const. Party of Pennsylvania v. Aichele*,
    757 F.3d 347 (3d Cir. 2014) ............................................................. 4, 5, 6, 7
*Deem v. Infiniti Fin. Servs.*,
    No. CV-21-20105-MAS-DEA, 2022 WL 234717
    (D.N.J. June 29, 2022) ......................................................... 6, 16, 18, 25, 33
*Ehleiter v. Grapetree Shores, Inc.*,
    482 F.3d 207 (3d Cir. 2007) ........................................................................31
*Frederick v. L. Off. of Fox Kohler & Assocs. PLLC LLC*,
    852 F. App'x 673 (3d Cir. 2021) ........................................................... 20, 23
*Frederico v. Home Depot*,
    507 F.3d 188 (3d Cir. 2007) ..................................................................... 10, 12

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

*Giannone v. Ayne Inst.*,
  290 F. Supp. 2d 553 (E.D. Pa. 2003)............................................................13
*Gomez v. Toledo*,
  446 U.S. 635 (1980).....................................................................................32
*Gostin v. Nelson*,
  363 F.2d 371 (3d Cir. 1966) ..........................................................................7
*Gould Elecs. Inc. v. United States*,
  220 F.3d 169 (3d Cir. 2000) ..........................................................................4
*Guidotti v. Legal Helpers Debt Resolution, LLC.*,
  716 F.3d at 776 (3d Cir. 2013) ....................................................................24
*Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*,
  304 F.3d 476 (5th Cir. 2002) ......................................................... 14, 28, 29
*Jones v. Waffle House, Inc.*,
  866 F.3d 1257 (11th Cir. 2017) ............................................................ 20, 23
*JPay LLC. v. Burton*,
  No. 3:22-CV-1492-E, 2023 WL 5253041 (N.D. Tex. Aug. 15, 2023) .........14
*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) ..........................................................................11
*Klinger v. State Farm Mut. Auto. Ins. Co.*,
  115 F.3d 230 (3d Cir. 1997) ........................................................................10
*Lear, Inc. v. Adkins*,
  395 U.S. 653 (1969).......................................................................................7
*Liberty Mut. Fire Ins. Co. v. Yoder*,
  112 Fed. App'x 826 (3d Cir. 2004) ..........................................................6, 11
*Loewen v. Lyft, Inc.*,
  No. 15-cv-01159-EDL, 2015 WL 12780465
  (N.D. Cal. June 12, 2015).............................................................................26
*Mejias v. Goya Foods, Inc.*,
  No. 2:20-CV-12365-BRM-LDW, 2022 WL 500412
  (D.N.J. Feb. 18, 2022) .................................................................................32
*Minissale v. State Farm Fire & Cas. Co.*,
  988 F. Supp. 2d 472 (E.D. Pa. 2013)............................................................10
*Morgan v. Sanford Brown Inst.*,
  137 A.3d 1168 (N.J. 2016) .................................................................... 16, 18
*MZM Constr. Co., Inc. v. New Jersey Bldg. Laborers' Statewide Ben. Funds*,
  No. CV 18-16328-KM-MAH, 2019 WL 3812889
  (D.N.J. Aug. 14, 2019) ......................................................... 13, 22, 24
*Nationwide Ins. Co. of Columbus v. Patterson*,
  953 F.2d 44 (3d Cir. 1991) ........................................................................6, 7

v

*NJSR Surgical Ctr., L.L.C. v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*,
  979 F. Supp. 2d 513 (D.N.J. 2013) ...................................................31
*Noren v. Heartland Payment Sys., Inc.*,
  448 N.J. Super. 486 (App. Div. 2017) .................................... 14, 32
*Oxford Health Plans LLC v. Sutter*,
  569 U.S. 564 (2013) ........................................................................30
*Painewebber Inc. v. Hofmann*,
  984 F.2d at 1381 (3d Cir. 1993) ....................................................28
*Penn v. Wal-Mart Stores, Inc.*,
  116 F. Supp. 2d 557 (D.N.J. 2000) ................................................10
*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
  388 U.S. 395 (1967) ........................................................................22
*Puleo v. Chase Bank USA, N.A.*,
  605 F.3d 172 (3d Cir. 2010) ..................................................... 16, 18
*Richardson v. Coverall N. Am., Inc.*,
  811 F. App'x 100 (3d Cir. 2020) .............................................. 17, 18
  Nos. 18-3393, 18-3399, 2019 WL 4013868 (Aug. 23, 2019).……...……17
*Robert D. Mabe, Inc. v. OptumRX*,
  43 F.4th 307 (3d Cir. 2022) .............................................................4
*Seus v. John Nuveen & Co.*,
  146 F.3d 175 (3d Cir. 1998) ...........................................................13
*State Farm Fire & Cas. Co. v. Hines*,
   No. 21-2354, 2022 WL 7973331 (3d Cir. Oct. 14, 2022) ...........................11
*Stoncor Grp., Inc. v. Ciprian Ingenieria Terminaciones S.R.L.*,
  No. 119-CV-1132-NLH-AMD (D.N.J. June 29, 2020) ...............................11
*Suber v. Chrysler Corp.*,
  104 F.3d 578 (3d Cir. 1997) ..............................................................9
*Szuts v. Dean Witter Reynolds, Inc.*,
  931 F.2d 830 (11th Cir. 1991) ........................................................18
*United Indus. Workers v. Gov't of Virgin Islands*,
  987 F.2d 162 (3d Cir. 1993) ...........................................................33
*Vaden v. Discovery Bank*,
  556 U.S. 49 (2009) ..........................................................................12
*Webb v. Investacorp, Inc.*,
  89 F.3d 252 (5th Cir. 1996) ............................................................13

**Statutes**
9 U.S.C. § 1 ...................................................................... 28, 29
9 U.S.C. § 5 ..........................................................................26

vi

18 U.S.C. § 119 *et seq.*........................................................................11
18 U.S.C. § 2520 ...................................................................................11
Cal. Penal Code §§ 630, *et seq.* ...........................................................18
Cal. Penal Code § 637.2 .........................................................................12

**Rules**
Fed. R. Civ. P. 4 ......................................................................................9
Fed. R. Civ. P. 8 ....................................................................................23
Fed. R. Civ. P. 12 ....................................................................................4
Fed. R. Evid. 402 .....................................................................................7
Fed. R. Evid. 602 .....................................................................................7
U.S. Dist. Ct. Dist. N.J. L. Civ. R. 7.2 ....................................................8
Cal. Code Civ. P. 1281.97 .....................................................................32
Cal. Code Civ. P. 1281.98 .....................................................................32
Cal. Code Civ. P. 1282.4 .........................................................................9
AAA Commercial Rule 1 .......................................................................18
AAA Commercial Rule 7 ............................................................ 17, 18, 19

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34ᵀᴴ FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

Plaintiff Jersey Mike's Franchise Systems, Inc. ("Plaintiff"), through undersigned counsel, respectfully files this Memorandum of Law in opposition to the Motion to Dismiss (the "Motion"), ECF No. 39, the First Amended Complaint ("FAC"), ECF No. 22, filed by Defendants Ophelia Augustine ("Augustine"), Cecelia Lahr ("Lahr"), Alexander Luce ("Luce" and, collectively with Augustine and Lahr, "Claimants").

## PRELIMINARY STATEMENT

In the face of U.S. Supreme Court and Third Circuit precedent quoted in Plaintiff's FAC, Motion for Preliminary Injunction, and pre-Motion letter, and despite longstanding fundamental principles that clearly vest the Court with subject matter jurisdiction over this case, Claimants nevertheless filed their meritless Motion for lack of subject matter jurisdiction, which also goes far beyond the scope of their pre-Motion letter, includes an attorney declaration improperly based "[u]pon information and belief," mischaracterizes the underlying contract and law, introduces their own narrative that contradicts the FAC, and relies on cases that contradict their own assertions, are contradicted by the Third Circuit, or are irrelevant. Additionally, Claimants completely ignore, and therefore, do not dispute, virtually *all of the case law and arguments* in Plaintiff's pre-Motion letter. These measures were taken for the simple reason that existing, applicable law clearly supports subject matter jurisdiction and Plaintiff's right to bring his claims here.

1

Claimants cannot argue diversity or federal question jurisdiction because they failed to address them in their pre-Motion letter, their second violation of the Court's individual preferences.  Just like the Court dismissed their first motion to dismiss for violating this rule, the Court should act similarly by ignoring these arguments until they file a pre-Motion letter addressing them.

In any event, Claimants' arguments are wholly meritless.  Claimants argue that Plaintiff cannot satisfy the amount in controversy requirement because the underlying claims in arbitration cannot be considered.  They also argue that the Court cannot "look through" to the underlying claims to determine federal question jurisdiction.  For support, Claimants rely on out-of-circuit cases because the Third Circuit has expressly rejected both of those arguments.  Moreover, Claimants fail to show to a "legal certainty" that Plaintiff cannot meet the amount in controversy requirement, and they admit that they assert federal law claims in the arbitrations. Therefore, it is abundantly clear that this Court has subject matter jurisdiction.

To introduce their own factual narrative and an inadmissible declaration, Claimants mischaracterize their claims as "factual attacks" on subject matter jurisdiction, but they are nothing of the sort for several independently sufficient reasons: factual attacks are impermissible before an answer is filed; Claimants' attacks address the legal sufficiency of the pleadings, accepting them as true, rather than challenging the truth of the allegations; and Claimants do not rely on *any* of

2

their purported facts and evidence to support their jurisdiction arguments.  Thus, the attacks are facial and do not permit extrinsic evidence, so the Court must disregard Claimants' purported facts and declaration.

Claimants' arguments that the arbitration agreement ("Agreement") precludes the Court from hearing this case is a non-jurisdictional defense to the merits.  As to Count I, Claimants fail to show that the issue of arbitrability was "clearly and unmistakably" delegated to the arbitrator, so the Court may decide that issue.  They also fail to show that being a "registered user" of Plaintiff's website is irrelevant. Indeed, being a "registered user" is essential to determine arbitrability because only registered users are parties to the Agreement.  That factual issue requires discovery, which must be allowed before a decision can be made on arbitrability.

As to Counts II through V, Claimants fail to show that the Court may not substitute the arbitrator or, at a minimum, rule on whether Plaintiff has the right to substitute the arbitrator.  Not one of Claimants' cases involves an arbitration agreement that expressly provides for substitution, as is the case here.

Claimants do not dispute the Court's authority to rule on the remaining counts.

For these and other reasons, Claimants' Motion should be denied.

3

## RULE 12(b)(1) MOTION TO DISMISS

### I.    Legal Standards

Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rules") may raise a facial or factual challenge.  *See Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357–59 (3d Cir. 2014).  A facial attack asserts that the pleading on its face fails to invoke subject matter jurisdiction, which requires courts to "apply the same standard of review . . . [as for] a motion to dismiss under Rule 12(b)(6)."  *Id.* at 358.  A factual attack disputes the truth of an alleged jurisdictional fact, which allows the court to consider evidence outside the pleadings to ascertain the facts.  *See id.*  "[I]f there is a dispute of a material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination."  *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 177 (3d Cir. 2000).  The issue of whether a court or arbitrator should determine arbitrability is not jurisdictional.  *See Robert D. Mabe, Inc. v. OptumRX*, 43 F.4th 307, 327–28 (3d Cir. 2022).

### II.   Claimants' Arguments on Diversity and Federal Question Jurisdiction Should Be Disregarded for Violating the Court's Individual Preferences

The Court should ignore the arguments on lack of diversity and federal question jurisdiction as neither is addressed in Claimants' pre-Motion letter.  *See* ECF No. 15.  This violates the Court's individual preference that pre-Motion letters

ZARCO EINHORN SALKOWSKI, P.A.

ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

"must set forth the basis for the anticipated motion."  Claimants already violated this same Court rule by filing their first motion to dismiss without a pre-Motion letter, prompting the Court to dismiss that motion.  *See* ECF No. 14.  The Court should do the same here by disregarding the subject matter jurisdiction arguments in the Motion and requiring Claimants to file a pre-motion letter on those issues.

## III.   The Court Should Disregard and Strike Claimants' Purported Facts Outside the FAC

Claimants violate fundamental procedural and evidentiary law by including in their brief a "Relevant Factual Background" section that purports facts contradicting the FAC's allegations and submitting a frivolously inadmissible attorney declaration.  *See* Mot. at 4–8; ECF No. 39-1 ¶¶ 4–5.  These purported facts and arguments based thereon should be stricken and disregarded.

Claimants argue that courts may consider evidence outside the FAC to assess factual attacks on subject matter jurisdiction, but their attacks are deemed to be facial because they were filed before an answer.  *See Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 359 (3d Cir. 2014); *Askew v. Church of the Lord Jesus Christ*, 684 F.3d 413, 417 (3d Cir. 2012).  That is especially warranted here because Claimants opposed pre-Motion discovery, *see* ECF No. 34 at 3, so they cannot now rely on self-selected evidence, which prejudices Plaintiff.

**ZARCO EINHORN SALKOWSKI, P.A.**

ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

Claimants' attacks on diversity and federal question jurisdiction are also not factual in substance because they do not dispute the truth of *any* of the alleged facts or cite evidence. Instead, they dispute the sufficiency of the pleadings and raise legal arguments. Mot. at 9–14. *See Aichele*, 757 F.3d at 359 ("'[T]he actual facts of this case were not contested in any real sense.' The motion was thus a facial attack[.]").

Claimants' remaining attacks are that the Agreement requires dismissal, *see* Mot. 14–29, which are not facial or factual because they are not jurisdictional at all. They are a defense to the merits governed by Rule 12(b)(6). *See Liberty Mut. Fire Ins. Co. v. Yoder*, 112 Fed. App'x 826, 828 (3d Cir. 2004) ("[M]otions seeking the dismissal of a declaratory judgment action on the basis that arbitration is required are not jurisdictional as they raise a defense to the merits of an action."); *Nationwide Ins. Co. of Columbus v. Patterson*, 953 F.2d 44, 45 n.1 (3d Cir. 1991) (same). Thus, Claimants fail to raise any factual attacks, so motion-to-dismiss standards apply to the entire Motion, and Claimants' purported facts and evidence must be stricken and ignored. *See also Deem v. Infiniti Fin. Servs.*, No. CV-21-20105-MAS-DEA, 2022 WL 2347170, at *2 (D.N.J. June 29, 2022) (applying motion-to-dismiss standard to motion to compel arbitration).

The "Relevant Factual Background" section, Mot. 4–8, cannot be considered for the additional reason that no evidence is submitted to support the near entirety of it, and the little evidence that is cited is improper. Claimants cite Exhibit A to the

6

FAC to argue that "Plaintiff did not deny that the Arbitration Agreements applied," Mot. at 5, but that assumes the absence of a denial elsewhere.  Such assumptions against Plaintiff's interest violate the basic principle that reasonable inferences must be drawn in Plaintiff's favor.  *See Aichele*, 757 F.3d 358; *Patterson*, 953 F.2d at 45 n.1.  Therefore, this purported fact must also be disregarded.

Claimants' only other evidence is their local counsel's inadmissible declaration.  ECF No. 39-1 ("Decl.").  The only substantive paragraphs are No. 5, which purports that Claimants were "registered users" of Plaintiff's website, and Paragraph 4, which purports changes to the Terms of Use.  Decl. ¶¶ 4–5.  Both paragraphs are *expressly based* "Upon information and belief."  *Id.*  Such averments in declarations are inadmissible for lack of personal knowledge and have been disregarded for more than seventy years.  Fed. R. Evid. 602; *Automatic Radio Mfg. Co. v. Hazeltine Rsch.*, 339 U.S. 827, 831 (1950), *overruled on other grounds by Lear, Inc. v. Adkins*, 395 U.S. 653 (1969); *Gostin v. Nelson*, 363 F.2d 371, 371 (3d Cir. 1966).  Conspicuously, Claimants did not personally submit affidavits to avoid this deficiency.  Paragraph 4 is also inadmissible because any changes to the Terms of Use are irrelevant, further evidenced by Claimants' failure to cite for any argument in their brief.  Fed. R. Evid. 402.  Paragraph 5 is also inadmissible argument as it purports facts to argue that Claimants "became registered users." Decl. ¶ 5.

7

For any of these reasons, the Court should strike and disregard Claimants'
purported facts, Paragraphs 4 and 5 in the declaration, and all arguments based
thereon, and should apply motion-to-dismiss standards in reviewing the Motion.

Finally, Claimant is compelled to point out that the basis of "information and
belief" (1) violates Local Civil Rule 7.2(a) ("[D]eclarations . . . shall be restricted to
statements of fact within the personal knowledge of the signatory") and (2) appears
to constitute perjury because the declarant "declare[s] under penalty of perjury" that
he is "fully familiar with the facts set forth herein," Decl. at 1.  The argument in
Paragraph 5 also violates Local Civil Rule 7.2(a) ("Legal arguments and summations
in such documents will be disregarded by the Court.").  Violations of this local civil
rule "may subject the signatory to appropriate censure, sanctions or both."

## IV.   The Court Has Diversity Jurisdiction Because It Is Not a "Legal Certainty" That the Amount in Controversy Cannot Be Met

Claimants do not dispute the diversity of citizenship requirement for diversity
jurisdiction.  Mot. at 11–14.  They solely challenge the amount in controversy, but
their attacks are meritless.  They argue that "damages are not alleged," but the FAC
expressly alleges that "the matter in controversy exceeds $75,000," ¶ 33, which "is
sufficient" as a matter of law.  *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835
F.3d 388, 396 (3d Cir. 2016).  Claimants fail to cite *any allegations* that "so detract"

from that alleged amount to create a "legal certainty" that the amount is less.  *Id.* Therefore, Claimants fail to meet their burden, and the analysis ends.

Even if the Court were to go beyond this, however, "only minimal scrutiny of the plaintiff's claims" is permitted, *id.* at 395, and even then, it is not certain that the jurisdictional threshold cannot be met.  Claimants incorrectly argue that the FAC "provides no basis for" an amount in controversy of $75,000.  Mot. at 14.

*First*, past and "potential" attorney's fees and costs alone, per the indemnification clause in the Terms of Use, foreclose any "certainty" that the amount in controversy cannot be met in each Arbitration, especially when "not measur[ing] by the low end" of this open-ended claim.  *Auto-Owners Ins. Co.*, 835 F.3d at 397, 401 (accounting for potential attorneys' fees and costs to indemnify); *see Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("[W]e must consider potential attorney's fees."); *Angus*, 989 F.2d at 146 (cited in Mot. at 12) (appraising plaintiff's claims on high end to find jurisdiction); ¶¶ 24, 204, 241–45.  Plaintiff has retained sophisticated lead counsel, that has been litigating this dispute for *nearly a year* in *three* Arbitrations *and* this Court, with esteemed local counsel in *each* venue. FAC at 34 & ¶¶ 1, 77; Cal. Code Civ. P. § 1282.4(b) (requiring local counsel in arbitration).  In this action alone, counsel attended a court conference and prepared two complaints, a motion for preliminary injunction, a fully briefed motion under Rule 4(d)(2), a pre-Motion letter, and this brief.  *See* ECF Nos. 1, 18–23, 26, 40, 34.

9

Thus, attorneys' fees alone satisfy the amount in controversy requirement.  Further, these fees are not part of the underlying claims, and the above facts are alleged in the FAC and available on the Court docket, so Claimants' out-of-circuit case, which also fails to apply the legal certainty standard, is factually distinct and bad law.  Mot. at 12 (citing *Citigroup Glob. Markets, Inc. v. Berggren*, No. 1:06-cv-1075-WSD, 2006 WL 3359653 (N.D. Ga. Nov. 20, 2006)).

*Second*, punitive damages preclude a certainty of not meeting $75,000, especially because "courts assume" the statutory maximum in New Jersey, a five-times multiplier of compensatory damages capped at $350,000, as long as the plaintiff "could" recover punitive damages.  *Atl. Util. Trailer Sales Inc. v. Harco Nat'l Ins. Co*., No. CV 20-02349, 2020 WL 3287129, at *2 (D.N.J. June 18, 2020) (citing *Frederico v. Home Depot*, 507 F.3d 188, 195 (3d Cir. 2007)); *Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 477 (E.D. Pa. 2013) (citing *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 235 (3d Cir. 1997)) (finding diversity jurisdiction because plaintiffs "*could* recover punitive damages").  Punitive damages are possible because the Arbitrations are part of a malicious scheme to file frivolous claims for nuisance-value settlements.  *See Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp. 2d 557, 570 (D.N.J. 2000) (requiring "wanton recklessness or maliciousness"); ¶¶ 2–7, 23, 35–51, 194.  Compensatory damages under the indemnification clause are attorneys' fees and the $3,400 in fees that Plaintiff was

10

statutorily compelled to pay to AAA to avoid default judgment.  ¶¶ 11, 92.  Even if attorneys' fees were not multiplied, adding them to the $3,400 and $17,000 in compensatory punitive damages, respectively, further precludes any legal certainty that the amount in controversy cannot be met.

*Third*, the value of the underlying claims in a declaratory judgment action is part of the amount in controversy, including when the declaration concerns avoiding arbitration or indemnification.  *See Auto-Owners Ins. Co.*, 835 F.3d at 396 (regarding duty to indemnify); *State Farm Fire & Cas. Co. v. Hines*, No. 21-2354, 2022 WL 7973331, at *2 (3d Cir. Oct. 14, 2022) (same).  Claimants ask the Court to take the opposite position without disclosing this binding precedent, arguing that the value of claims to avoid arbitration cannot be measured or based on underlying claims.  Mot. at 12–14.  Moreover, Claimants rely on only two out-of-circuit cases for support because *the Third Circuit has repeatedly rejected both arguments.  Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 876–77 (3d Cir. 1995) ("We rejected her argument, holding that the requirement was satisfied despite the fact that the action did not itself seek monetary relief. . . [and i]ndeterminacy of the amount to be recovered is [] not sufficient to defeat diversity jurisdiction."); *Yoder*, 112 F. App'x at 828; *Stoncor Grp., Inc. v. Ciprian Ingenieria Terminaciones S.R.L.*, No. 119-CV-1132-NLH-AMD, 2020 WL 3496893, at *4 (D.N.J. June 29, 2020) (considering

Zarco Einhorn Salkowski, P.A.

One Biscayne Tower │ 2 S. Biscayne Blvd., 34ᵀᴴ Floor │ Miami, Florida 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

whether plaintiff's "stake in the arbitration exceeds the jurisdictional minimum," but plaintiff "fails to actually state . . . that the dispute . . . exceeds $75,000").

The remedies for Claimants' underlying claims include, under the: (1) Federal Wiretap Act, 18 U.S.C. § 119 *et seq.*, the greater of actual damages, $100 per day of a violation, or $10,000, plus attorneys' fees, costs, and punitive damages, 18 U.S.C. § 2520; (2) California Invasion of Privacy Act, Cal. Penal Code § 630 *et seq.* $5,000 per violation, Cal. Penal Code § 637.2(a)(1); and (3) common law, actual damages. Any mixing of these damages and fees could exceed $75,000, such as simply one FWA violation ($10,000) plus punitive damages ($50,000) and $15,000.01 in attorneys' fees. *See Bartnicki v. Vopper*, 532 U.S. 514, 520 n.2 (2001) (applying state law for punitive damages); *Frederico*, 507 F.3d at 195.  Thus, the amount in controversy is satisfied.

*Fourth*, while any *one* of the above categories is sufficient, and especially sufficient when combined, they can also be aggregated across all three Arbitrations to meet the threshold.  That is permissible because the "object of the litigation" from Plaintiff's perspective is "only one claim— . . . for the sum of defense and indemnity costs."  *Auto-Owners Ins.*, 835 F.3d at 398 ("[T]he anti-aggregation rule does not apply . . . because the unitary controversy between these parties reflects the sum of many smaller controversies.").  In sum, the Court has diversity jurisdiction.

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER ┃ 2 S. BISCAYNE BLVD., 34TH FLOOR ┃ MIAMI, FLORIDA 33131 ┃ T: (305) 374-5418 ┃ F: (305) 374-5428

## V.     The Court Has Federal Question Jurisdiction Because of the Federal Claims in the Arbitrations

Claimants argue that "the Court should look only to" the claims in this action to determine federal question jurisdiction "and not to the . . . federal claims in the arbitration[s]." Mot. 11.  This argument *is directly rejected by Claimants' own case*, which requires courts to "look through" the federal complaint to the underlying claims.  *See id.* (citing *Vaden v. Discovery Bank*, 556 U.S. 49, 62–65 (2009).  *Vaden* says *nothing* about "relevance" or "necessarily intertwined" claims, standards that Claimants pulled out of thin air.  Mot. 11.  Claimants admit to asserting federal claims in the Arbitrations, *see id.*; ¶ 3, so federal question jurisdiction exists.

Claimants also argue that "looking through" applies only in cases to compel, not to avoid, arbitration, Mot. at 10, but this Circuit has also rejected that form-over-substance argument because ruling on a motion to compel arbitration has the same effect as ruling on declaratory judgment claims to avoid arbitration.  *See MZM Constr. Co., Inc. v. New Jersey Bldg. Laborers' Statewide Ben. Funds*, No. CV 18-16328-KM-MAH, 2019 WL 3812889, at *1 (D.N.J. Aug. 14, 2019), *aff'd*, 974 F.3d 386 (3d Cir. 2020) ("[T]he standards governing arbitrability . . . must be applied in the same manner to a motion to compel or a declaratory judgment action."); *Giannone v. Ayne Inst.*, 290 F. Supp. 2d 553, 559 (E.D. Pa. 2003) (citing *Seus v. John Nuveen & Co.*, 146 F.3d 175, 179 (3d Cir. 1998)) ("Our Court of Appeals has

**Zarco Einhorn Salkowski, P.A.**
One Biscayne Tower | 2 S. Biscayne Blvd., 34th Floor | Miami, Florida 33131 | T: (305) 374-5418 | F: (305) 374-5428

recognized the functional equivalence of dismissing an action and directing the parties to proceed to arbitration."); *Webb v. Investacorp, Inc.*, 89 F.3d 252, 260 (5th Cir. 1996) (affirming dismissal of "declaratory judgment action on the pleadings" because "granting [the] motion to compel arbitration disposed of the same issues . . . in their declaratory judgment action"); Mot. at 15 (citing *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002) ("[I]t was proper for the district court, when compelling arbitration, to dismiss . . . those claims[.]")).

To avoid "looking through," Claimants rely on two irrelevant cases involving a motion to confirm an arbitration award, not a motion to compel arbitration or declaratory judgment claims to avoid arbitration.  *See* Mot. at 10 (citing cases).  Out-of-circuit case *JPay LLC v. Burton* is further irrelevant, and quoted out of context, because the court refused to "look through" to determine *the amount in controversy* for diversity jurisdiction, *not* to determine federal question jurisdiction.  No. 3:22-CV-1492-E, 2023 WL 5253041, at *6 (N.D. Tex. Aug. 15, 2023)).  Moreover, the Third Circuit has directly rejected that approach by including underlying claims in the amount in controversy.  *See supra* Page 11.  Thus, the Court should look through to Claimants' federal claims in the Arbitrations to find federal question jurisdiction.

## MOTION TO COMPEL ARBITRATION

Claimants do not dispute that the Agreement allows the Court to hear Plaintiff's contract law claims and to determine Plaintiff's right to terminate

14

Claimants' access to and use of Plaintiff's website.  Mot. at 14–29; ¶¶ 184–245 (Counts VII–XV).  Instead, Claimants argue that the Agreement prevents the Court from entering a declaratory judgment on whether Claimants' underlying disputes are arbitrable (Count I) and, if arbitrable, whether AAA must be substituted due to its failures to perform as the Agreement requires (Count VI), the failures for which Plaintiff also seeks declaratory judgments (Counts II, IV, and V).  Mot. 14–29. Claimants' arguments are utterly meritless, misstate the relief that Plaintiff seeks, and largely ignore the dispositive cases and arguments in Plaintiff's pre-Motion letter and Motion for Preliminary Injunction, which are incorporated herein.  ECF Nos. 34, 19-1 at 2, 4–7.

## I.    The Argument That Plaintiff Seeks to Litigate the Underlying Claims Is Frivolous

There is absolutely no reasonable or good-faith basis for Claimants' argument that Plaintiff "seeks to adjudicate 'the key substantive questions at issue in the [underlying] dispute.'"  Mot. 20; *see id.* 19–21, 14 (arguing that Plaintiff is asking the Court to "impact the substance" of and "act as a referee" of the Arbitrations). *Not one* allegation in the FAC even mentions substantive issues of, let alone seeks to resolve, any claim in the Arbitrations, and Claimants cite none.  Nor do Claimants identify a single substantive issue in their underlying claims that this Court would have to resolve to adjudicate the FAC.  Moreover, Claimants' entire argument, Mot.

at 19–21, *directly contradicts* their earlier argument that federal question jurisdiction is lacking on the basis that the underlying federal claims *are not being adjudicated here*, *id.* at 10–11.   Worse, Claimants were already on notice about their bogus argument because Plaintiff flatly rebuked it in its pre-Motion letter.   ECF No. 15 at 2; ECF No. 34 at 2.   In sum, this argument is frivolous.

## II.   The Court Should Determine Arbitrability (i.e., Adjudicate Count I)

### A.   Claimants Fail to Satisfy the "Onerous Burden" to Deprive the Court of Its Authority to Rule on Arbitrability

The Court should adjudicate whether Claimants' disputes are arbitrable (Count I) because Claimants fail to meet their "onerous burden" to overcome the presumption that courts decide arbitrability.   *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746, 753 (3d Cir. 2016); *see Deem*, 2022 WL 2347170, at *4; *AT & T Techs., Inc., v. Commc'ns Workers of Am.*, 475 U.S. 643, 649–50 (1986).   To defeat the presumption "that a court, not an arbitrator, decides any issue concerning arbitrability," the arbitration agreement must be clear, precise, and entirely unequivocal, free from ambiguity or multiple interpretations.   *Morgan v. Sanford Brown Inst.*, 225 N.J. 289, 304, 137 A.3d 1168, 1177 (2016); *Deem*, 2022 WL 2347170, at *4 (same); *see AT & T Techs., Inc.*, 475 U.S. at 649 ("clearly and unmistakably"); *Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 187 (3d Cir. 2010) (same).

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

Claimants even admit that "challenges to the substantive arbitrability of disputes are for the courts to decide."  Mot. 16.  Nevertheless, they argue that the Agreement, by selecting AAA's Commercial Rules, "manifests a clear intent to empower the arbitrator to resolve . . . arbitrability" because Rule 7(a) of the AAA Commercial Rules ("AAA Rules") allows arbitrators to determine "arbitrability." Mot. at 25 (citing *Richardson v. Coverall N. Am., Inc.*, 811 F. App'x 100, 103 (3d Cir. 2020)).  AAA Rule 7(a) states, "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim, without any need to refer such matters first to a court."  Claimants' reliance on *Richardson* and AAA Rule 7(a) is misguided for a host of reasons, including those stated in Plaintiff's pre-Motion letter, which Claimants do not dispute in their Motion.

*Richardson* is factually distinct because, as Claimants do not dispute, the agreement there submitted "*all* controversies, disputes or claims" to arbitration and was otherwise silent on arbitrability.  *Id.* (emphasis added); *see Richardson*, No. 18-3393, 2019 WL 4013868, *13–14 (Aug. 23, 2019) (appellees' brief conceding silence).  Here, however, the Agreement *expressly* reserves arbitrability for the courts, ¶ 12, and "courts must 'rigorously enforce' arbitration agreements according to their terms," *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013).

17

Further, *Richardson supports* Plaintiff's position by recognizing, "Even where an agreement incorporates the AAA Rule, a contract might still otherwise muddy the clarity of the parties' intent to delegate." Richardson, 811 F. App'x at 103 n.2. Claimants do not dispute this either. Here, the distinctive language, at a minimum, contradicts the purported meaning of AAA Rule 7(a), so the lack of clarity precludes a delegation of arbitrability to the arbitrator. *See id.*; *AT & T Techs., Inc.*, 475 U.S. at 649; *Puleo*, 605 F.3d at 187; *Deem*, 2022 WL 2347170, at \*4; *Morgan*, 137 A.3d at 1177.

*Richardson* is also inapplicable because it did not address the meaning of "power" in the AAA rule. AAA Rule 7(a) merely gives the arbitrator the "*power*," i.e., the *ability*, to decide arbitrability, but not the "right," i.e., the authority, to do so because only the arbitration agreement can do that. *See Chesapeake Appalachia, LLC*, 809 F.3d at 756 (emphases added) ("[A]rbitrators possess the *power* to decide an issue *only if* the parties have authorized the arbitrator to do so[.]"); *Puleo*, 605 F.3d at 182 (emphases added) ("Arbitration is fundamentally a creature of contract, and an arbitrator's *authority* is derived from *an agreement* to arbitrate."). Thus, merely choosing AAA's rules did not delegate arbitrability to the arbitrator.

Further, even if AAA Rule 7(a) could delegate these issues, the Agreement precluded that by expressly reserving those issues for court. AAA Rule 1(a) states, "The parties, by written agreement, may vary the procedures set forth in these rules."

18

*Szuts v. Dean Witter Reynolds, Inc.*, 931 F.2d 830, 832 (11th Cir. 1991) (quoting rule).  Thus, the Agreement's "variance" from Rule 7(a) controls.  *Id.*; *see also Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn*, 983 A.2d 604, 617 (N.J. App. Div. 2009) ("[F]or there to be a proper and enforceable incorporation by reference of a separate document, . . . the party to be bound by the terms must have had 'knowledge of *and assented to* the incorporated terms.'").

Claimants then argue that "any ambiguity" in the Agreement "should be construed against Plaintiff" as the drafter, but fail to identify any ambiguity, so they fail to meet their burden.  Mot. 26.  Further, no ambiguity arises from AAA Rule 7(a) because, as discussed, it does not conflict with the Agreement.  Moreover, the Third Circuit expressly rejects that rule of construction in this context, and has construed favoring the drafter, because "the onerous burden of overcoming the presumption requires express contractual language *unambiguously* delegating the question—not mere silence or ambiguous contractual language."  *Chesapeake Appalachia, LLC*, 809 F.3d at 761 (emphasis added).

Claimants also argue delegation because AAA Rule 7(a) uses the term "arbitrability" and the Agreement does not, Mot. at 26, but as discussed, AAA Rule 7(a) uses the term "arbitrability" to mean claim-specific issues, which are not at hand here.  Further, this Circuit rejects magic "incantations" for arbitrability, and "mere silence" cannot delegate arbitrability to an arbitrator.  *Chesapeake Appalachia, LLC*,

19

809 F.3d at 758, 761.  Moreover, the Agreement *expressly* states: "disputes relating to the scope, application, and enforceability of [this Agreement] *are for a Court to decide*." ¶ 69  (emphases added).  Such disputes concern arbitrability, and the latter two are at stake here.  *See Frederick v. L. Off. of Fox Kohler & Assocs. PLLC LLC*, 852 F. App'x 673, 676–77 (3d Cir. 2021) (holding that the "gateway questions" of arbitrability concern the "enforceability" of the arbitration agreement and whether the agreement "applies" to the controversy, "i.e., its scope"); *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1264 (11th Cir. 2017) (emphases added) ("[P]arties may agree to arbitrate gateway questions of arbitrability *including the enforceability, scope, applicability*[.]");¶ 117 ("[W[hether Claimants are registered users is a 'dispute[] regarding the scope, application, and enforceability' of the [] Agreement because the agreement does not apply to, and cannot be enforced by, non-registered users.").  For any of these reasons, the absence of "arbitrability" in the Agreement means nothing.

In sum, for any one of many reasons, Claimants fail to satisfy their "onerous burden" to show that the Agreement delegates arbitrability to the arbitrator.

### B. Whether Claimants Are Registered Users Is an Issue That Must Be Resolved to Determine Arbitrability

Count I seeks a declaratory judgment that Claimants are not "registered users" under the Agreement because that issue is necessary to determine arbitrability.  The FAC alleges that, while the Terms of Use applies to all users of Plaintiff's website,

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

the Agreement at the end is expressly limited to only a defined subcategory of users called "registered users."  ¶¶ 58–59, 64.  The Agreement's limitation to registered users is obvious throughout the Terms of Use.  *Id.* ¶¶ 58–70.  Indeed, the *only* difference in treatment between users and registered users under the Terms of Use is that only the latter are parties to the Agreement.  *Id.*  Because Claimants are not registered users, they are not parties to the Agreement, so their claims are not arbitrable.  ¶¶ 65, 213–14.

Nevertheless, Claimants frivolously argue that they "do not need to be registered users for the arbitration agreement to apply" because "[a]ll disputes over Plaintiff's website must go to arbitration."  Mot. at 22, 5–8.  To do so, they ignore *every single* Agreement provision alleged in the FAC that clearly limits the Agreement to registered users.  ¶¶ 58–70.

*First*, Claimants argue that the first paragraph of the Terms of Use "broadly" defines its scope to mean that "anyone" who accesses Plaintiff's website is bound by the Terms of Use, and because the Terms of Use includes the Agreement, all users are therefore parties to the Agreement too.  Mot. at 6.  Claimants' screenshot of that paragraph, however, omits the very next paragraph, which directly refutes their position: "***However*** for those who register for communications by text or e-mail, or who register for online accounts, or provide information to order food, gift cards, or merchandise as a guest ("*Registered Users*") *these terms also include an*

21

*agreement to resolve all disputes only one-on-one, in arbitration*." ¶ 63 (emphasis added).  Not only must this clear distinction be "rigorously enforce[d]," but it also is a fundamental principle of arbitration agreements. *Am. Exp. Co.*, 570 U.S. at 233 ("[C]ourts must '"rigorously enforce' arbitration agreements according to their terms."); *MZM Constr. Co., Inc.*, 974 F.3d at 397 (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967)) (discussing "severability doctrine" that treats arbitration clause as severable and independently enforceable from the encompassing contract).  Thus, Claimants' argument is utterly frivolous.

*Second*, Claimants argue that the scope of the Agreement "is also extremely broad," but they fail to cite any specific language to support that subjective assertion. Mot. at 6–7.  Further, perceived breadth is irrelevant to whether all users are parties to the Agreement.  They also ignore the very title of the Agreement included in their screenshot, which contradicts their position.  Mot. at 6 ("Mandatory Dispute Resolution for Registered Users.").  Thus, this argument is also meritless.

*Third*, Claimants argue that their claims in the Arbitrations "fit squarely within the scope" of the Agreement, which covers claims "relating in any way to this Website," Mot. at 7, 22, but that is irrelevant because they are not parties to the Agreement, ¶¶ 8, 58–70.

*Fourth*, Claimants argue that registered user status "does not implicate the scope or validity of the [] Agreement," but Claimants fail to show how that

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

conclusory assertion is relevant.  Mot. at 7.  Moreover, that assertion directly contradicts their arguments that the broad "scope" of the Terms of Use and Agreement includes all users, not just registered users.  Mot. at 6–7 (mentioning "scope" five times).  Further, Plaintiff alleges that registered user status affects the "application" and "enforceability" of the Agreement, both of which are issues of arbitrability, so the potential impact on "scope or validity" is irrelevant.  *See Frederick*, 852 F. App'x at 676–77; *Jones*, 866 F.3d at 1264.

Claimants also argue that the Agreement covers the type of claims asserted by Claimants, so a finding of non-arbitrability based on registered user status would "essentially deny the existence" of the Terms of Use.  Mot. at 26–27.  That makes no sense.  The Terms of Use would still exist, and if their claims have merit and are not arbitrable, then they can file them in a court in New Jersey.

Finally, Claimants argue that Plaintiff cannot assert breach of the Agreement against them while also arguing that they are not parties to the Agreement, Mot. at 27, but nearly all of the contract law claims pertain to the Terms of the Use, not the Agreement, ¶¶ 191–245.  The one claim for breach of the Agreement is an alternative claim in the event that Claimants are found to be parties, which is why that claim does not incorporate Count I for a declaratory judgment on arbitrability.  ¶ 184; Fed. R. Civ. P. 8(a)(3) ("[A] demand for [] relief [] may include relief in the alternative[.]").

In sum, Claimants' arguments disputing the relevance of registered user status are meritless and frivolous. Their status must be resolved to determine arbitrability.

## C.   Discovery Is Required to Adjudicate Whether Claimants Are Registered Users

The Court cannot yet rule on whether Claimants are registered users because that is a factual issue requiring discovery, *which Claimants admit*. *See* ECF No. 15 at 3 ("Claimants were registered users. But again, this is a factual issue[.]"). This Circuit has held that, on motions to compel arbitration:

> [I]f the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." . . . [Then], the court may entertain a renewed motion to compel arbitration . . . under a summary judgment standard. . . . [If] there is "a genuine dispute as to the enforceability of the arbitration clause," the "court may then proceed summarily to a trial regarding 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same' . . . ."

*Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013); *see also MZM Constr. Co., Inc.*, 2019 WL 3812889, at *1 (citing *Guidotti*) ("[A]rbitration cannot be ordered unless and until antecedent questions of fact are resolved."), *aff'd* 974 F.3d 386. To determine whether Claimants are registered users, discovery is needed regarding whether Claimants were users at all and when, whether they registered with Jersey Mike's, how and when they registered, and the

24

information that they provided because failure to provide "complete and accurate" information does not constitute registration. ¶ 113.

To oppose discovery, Claimants assert, "as Plaintiff does not dispute, Claimants asserted in their arbitration demands that they were registered users." Mot. at 27. This is triply false and misleading. First, Plaintiff had no opportunity to dispute this point because Claimants are raising it now for the first time. Second, the assertion is false: the term "registered user" is not used in any of the one-sentence demands for arbitration. ¶¶ 78, 98, 105. Third, whether Claimants made that assertion is *irrelevant* to whether it is true. Moreover, the Court must "accept all factual allegations as true," including the allegation that Claimants are not registered users. *Deem*, 2022 WL 2347170, at *2; ¶ 213. Thus, Claimants' point fails to affect the need for discovery on this issue.

Claimants also argue that Plaintiff does "not dispute that Claimants were users of the website," Mot. at 28, but that too is disingenuous because: Plaintiff had no occasion to dispute that until now; Plaintiff has no basis to know that without discovery; and the failure to dispute that purported fact must be construed in Plaintiff's favor, *Deem*, 2022 WL 2347170, at *2. Thus, Claimants' argument only demonstrates the need for discovery.

Claimants rely on yet another out-of-circuit case to argue that "the making" of the Agreement is not "at issue" because Plaintiff "has not 'unequivocally denied'

25

entering into the [] Agreement with Claimant," so "discovery is inappropriate." Mot. at 2 (citing *Loewen v. Lyft, Inc.*, No. 15-cv-01159-EDL, 2015 WL 12780465, at *5 (N.D. Cal. June 12, 2015)). First, the making of the Agreement *is* at issue because Plaintiff *has* "unequivocally denied" entering into the Agreement with them. ¶¶ 8, 114, 144. Second, *Loewen* applies a burden-shifting procedure that does not exist in the Third Circuit. Third, even if it did exist, the initial burden would be on *Claimants* to "show[] that an agreement to arbitrate existed," 2015 WL 12780465, at *5, which they fail to do because their only evidence on being registered users is inadmissible. Thus, *Loewen* fails to advance Claimants' opposition to discovery.

Finally, Claimants argue that "Plaintiff cannot avoid arbitration by making a 'self-serving, conclusory declaration' or a statement 'claiming not to recall'" that Claimants signed the Agreement, Mot. at 28, which is ironic because Claimants are describing their own declaration and "offer[ed] no evidence to rebut" Plaintiff's claims. *Id.* (quoting case). Further, of course Plaintiff can submit a self-serving declaration but does not do so because the Motion is subject to Rule 12(b)(6) standards. In sum, Claimants' arguments against discovery are wholly unavailing.

### III. The Court Should Substitute, and Determine Whether to Substitute, AAA (i.e., Adjudicate Counts II Through IV)

To the extent that an Arbitration is found to be arbitrable, Plaintiff alternatively seeks a declaratory judgment on its right to substitute AAA as the

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34ᵀᴴ FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

arbitrator. ¶ 17.  In the Agreement, the parties expressly "submit to the jurisdiction of the [New Jersey] federal and State Courts. . . for the appointment of a substitute arbitrator . . . . In the event that AAA cannot or will not perform arbitration in accordance with the provisions of this agreement, . . . a court shall appoint one according to . . . the Federal Arbitration Act, 9 U.S. Code § 5."  ¶¶ 70, 72; *see* 9 U.S.C. § 5 (emphasis added) ("[U]pon the application of either party to the controversy[,] the court *shall* designate and appoint an arbitrator[.]").  The Court's authority here is prescient because an arbitrator would not want to substitute themself, especially when, like here, substitution requires a finding that the arbitrator did "not perform arbitration in accordance with" the Agreement.  ¶¶ 70, 72; *AT & T Techs., Inc.*, 475 U.S. at 651 (noting concerns with arbitrator's "power to determine his own jurisdiction").  Claimants' attempts to muddy this clear language authorizing the Court to substitute the arbitrator are unavailing.  Mot. 15–18.

Claimants argue that "a court's jurisdiction over a pending arbitration is limited to a review of the arbitrator's final award" and that, now, "any intervention by the Court is premature."  Mot. 14.  This absolutely absurd argument contradicts: (1) *Claimants' own assertions* regarding the existence of motions to compel arbitration, Mot. at 9, which are often filed after an arbitration is filed; (2) long-established law that courts decide issues of arbitrability; and (3) Claimants' *own case* stating that courts "will intervene in the arbitral process when a challenge goes to

27

the making [or validity] of the agreement," *Gulf Guar. Life Ins.*, 304 F.3d at 487–88, 483–85 (cited in Mot. at 15) (asserting jurisdiction over and ruling on whether party waived right to arbitrate through conduct in the *pending* arbitration). Further, Claimants' argument ignores motions for preliminary injunctions to stay pending arbitrations, like the one filed in this very case, and ignores Section 5 of the FAA, which authorizes courts to appoint arbitrators when provided by the arbitration agreement, *such as this very Agreement*. ¶¶ 70, 72.

Claimants cherry-pick from *Gulf Guaranty*, another irrelevant out-of-circuit case, that "[c]hallenges to the procedural aspects of arbitration are for the arbitrator to decide." Mot. at 16. That assertion concerns the court's dismissal of contract and tort claims arising from the adversary's obstructive conduct in the arbitration, and the court dismissed because the parties did "not dispute . . . that their underlying reinsurance dispute is arbitrable." 304 F.3d at 487, 488. Here, however, Plaintiff's contract claims against Claimants are not based on their conduct *within* an arbitration but, rather, on them filing the arbitrations *because their disputes are **not** arbitrable*.

Claimants cherry-pick quotes from out-of-circuit cases mentioning limited judicial involvement in a pending arbitration or refusing to substitute or remove an arbitrator. Mot. 15–18. *None* of those cases, however, involves an arbitration agreement that *expressly required a court* to do so, so they are irrelevant.

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34ᵀᴴ FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

Claimants also cite cases for the FAA's purpose to "move the parties to an arbitrable dispute . . . into arbitration [] quickly" and "permit a just and expeditious result with minimum judicial interference," Mot. at 16, 17, but such purposes cannot and do not override the FAA's *express* purpose to make arbitration agreements "enforceable," 9 U.S.C. § 1. Indeed, "courts must 'rigorously enforce' arbitration agreements according to their terms." *Am. Exp. Co.*, 570 U.S. at 233; *see Painewebber Inc. v. Hofmann*, 984 F.2d 1372, 1381 (3d Cir. 1993) ("[N]o party should be forced to arbitrate an issue that it did not agree to submit to arbitration."). Claimants can dispute enforceability only "upon such grounds as exist at law or in equity for the revocation of any contract," and they cite none. 9 U.S.C. § 1.

Claimants also argue that "[t]he FAA does not authorize a court to remove an arbitrator prior to the issuance of an arbitral award," but they *admit* that a court may "intervene in the process and select an arbitrator upon application of a party." Mot. at 16. Further, Claimants' argument relies on *Gulf Guaranty*, which actually held that "the FAA does not *expressly* provide" the authority for a court to remove an arbitrator. *Gulf Guar.*, 304 F.3d at 489. Even then, *Gulf Guaranty still* considered whether removal would be appropriate because case law was limited to "the type of challenge to the arbitrator's qualification to serve under the terms of the arbitration agreement," *id.* at 490, and accordingly, its ruling too was expressly limited to the qualification of arbitrators being "officers of other life insurance companies," *id.* at

29

480 n.1.  Further, express authority in the FAA to substitute an arbitrator is of no moment here because the Agreement expressly provides that authority.  Moreover, the FAA certainly does *not* "expressly provide" that courts may *refuse* to substitute an arbitrator when the agreement requires it.  Last, regardless of the FAA, Plaintiff is entitled to specific enforcement of the Agreement under common law.  Accordingly, Claimants' point fails to dispute the Court's authority under the Agreement to substitute the arbitrator.

Claimants then mischaracterize Plaintiff's claims as complaining about "unfair procedure" to fit a square peg of facts into a round hole of law.  Mot. 17.  These claims are not about unfairness.  They are simply about AAA's failure to follow the terms of the Agreement.

Claimants also argue that Plaintiff seeks judicial relief only because it "is not happy with the procedural posture and AAA's initial determinations," Mot. at 17, but *that is exactly what the Agreement allows* if the AAA's determinations breach the AAA.  Claimants have that same right under the Agreement.  If they do not like it, then they can file their claims in court instead.

Relatedly, Claimants argue that "courts may not overrule an arbitrator simply because its interpretation of the contract is different from his," Mot. at 18 (citing *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 573 (2013)), but that case concerns overturning an arbitrator award under FAA § 10, which is not relevant here.

30

Claimants argue that the substance of Plaintiff's claims lack merit, Mot. 18 n.2, but that is irrelevant to whether the Court has the authority to rule on the merits.

Finally, at a minimum, even if the Court lacks the authority to substitute the arbitrator, it can still adjudicate the claim for a declaratory judgment on Plaintiff's *entitlement* to a substitution of the arbitrator.   ¶ 183(c).

## IV.   Plaintiff Did Not Waive Its Right to Have a Court Rule on Its Claims

Claimants' arguments that Plaintiff waived its right to seek relief in Court are improper at this stage and irrelevant.  Specifically, whether Plaintiff waived its right to seek relief in court is irrelevant to whether the Court has the authority to make that determination, which is the only issue at hand.  Further, the court absolutely has the authority to decide waiver, even when "it is clear . . . that the parties intended to have an arbitrator determine the gateway question of . . . arbitrab[ility]," because the Agreement does not "evince[] a clear and unmistakable intent" to the contrary. *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 222 (3d Cir. 2007) (finding no delegation of authority to "have an arbitrator decide procedural questions of arbitrability that arise only after the parties have bypassed a gateway determination of substantive arbitrability by the arbitrator and actively litigated the underlying dispute in court," like "waiver").  Additionally, waiver is a factual issue that cannot be resolved on a motion to dismiss.  *NJSR Surgical Ctr., L.L.C. v. Horizon Blue*

ZARCO EINHORN SALKOWSKI, P.A.
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

*Cross Blue Shield of New Jersey, Inc.*, 979 F. Supp. 2d 513, 524 (D.N.J. 2013).  Any of these reasons is sufficient for the Court not to decide waiver at this time.

In any event, Claimants fail to show that Plaintiff waived its right to have a court decide arbitrability.  Notably, they do not dispute that California statutes compelled Plaintiff's involvement to avoid default.  *See* ECF No. 34 at 2 (citing Cal. Code Civ. P. 1281.97, 1281.98).  Compulsion precludes waiver because waiver must be voluntary.  *Noren v. Heartland Payment Sys., Inc.*, 448 N.J. Super. 486, 494, 154 A.3d 178, 183 (App. Div. 2017) ("[W]aiver is the voluntary and intentional relinquishment of a known right[.]").  That alone defeats Claimants' waiver arguments, which are entirely based on Plaintiff's purported "participation" in the arbitrations.  Mot. 23–24.

Claimants argue that "Plaintiff does not allege that it previously raised the issue of whether Claimants were . . . registered users," Mot. at 23, but plaintiffs do not need to plead in anticipation of defenses, such as waiver.  *See Mejias v. Goya Foods, Inc.*, No. 2:20-CV-12365-BRM-LDW, 2022 WL 500412, at *3 (D.N.J. Feb. 18, 2022) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).  In any event, Plaintiff did *allege* that it raised the issue with AAA, which "refused to stay the Arbitrations to allow the Court to rule on arbitrability."  ¶ 13.

Claimants also point to the e-mails attached to the Complaint as Exhibit A, arguing that they do not show Plaintiff raising the issue of registered users.  Mot. 23.

**ZARCO EINHORN SALKOWSKI, P.A.**

ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

That argument, however, assumes the absence of other correspondence, which is an inference against the Plaintiff's interest in violation of motion-to-dismiss standards, so it might be ignored. *Deem*, 2022 WL 2347170, at *2 ("construe the complaint in the light most favorable to the plaintiff"). In any event, that other correspondence exists. ¶ 13. Additionally, Exhibit A pertains to one of the three arbitrations, each of which must be evaluated separately to determine waiver.

Claimants further argue that "Plaintiff presumes that Claimants manifested assent to the Terms of Use and . . . violat[ed] those requirements" but Claimants fail to explain how that is relevant. Mot. at 23. Further, Plaintiff made no such presumption, and Claimants have no idea what Plaintiff presumes. The claims for breach of the Terms of Use are alleged in the alternative if Claimants were users of Plaintiff's website. Moreover, whether Claimants agreed to the Terms of Use is irrelevant to whether they agreed to the Agreement, which requires being a registered user. Therefore, Plaintiff did not waive any argument about Claimants not being registered users (or not being users at all).

Claimants' case on waiver could not be more irrelevant. Mot. at 23 (citing *United Indus. Workers v. Gov't of Virgin Islands*, 987 F.2d 162, 168–69 (3d Cir. 1993)). There, a party "demanded arbitration[,] sought a court order compelling . . . arbitration," "participated fully in the arbitration," "never objected to the arbitrator's authority to decide the dispute," and later sought to vacate the arbitrator's

award.  *United Indus. Workers*, 987 F.2d at 221.  Plaintiff has done *none* of those things, and the Arbitrations have barely started.

Claimants then argue that Plaintiff did not object until "after it received initial rulings that the consumer rules would apply," and such purportedly untimely objection constitutes a waiver.  Mot. at 24.  *First*, that the AAA administrator made a decision at the very beginning of the process does not render Plaintiff's objection untimely.  *Second*, any participation by Plaintiff in an arbitration cannot waive its express right to substitute the arbitrator because that right arises *only after* an arbitrator makes a decision is made in violation of the Agreement.  Mot. at 24.  *Third*, Plaintiff did not wait for an adverse decision in Luce's arbitration because Plaintiff filed before that arbitration began.

In sum, the Court cannot yet decide waiver, and Plaintiff did not waive any rights to seek redress in Court.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion in its entirety and conclude that it has the authority to determine arbitrability and rule on all other matters alleged in the FAC.

Dated:   December 13, 2023
         Wall Township, NJ

ZARCO EINHORN SALKOWSKI, P.A.

ONE BISCAYNE TOWER │ 2 S. BISCAYNE BLVD., 34TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

Respectfully submitted,

**ZARCO EINHORN SALKOWSKI, P.A.**
One Biscayne Tower
2 S. Biscayne Blvd., 34th Floor
Miami, Florida 33131
Telephone: (305) 374-5418
Facsimile: (305) 374-5428
**ROBERT M. EINHORN**
(Admitted *pro hac vice*)
E-mail: REinhorn@zarcolaw.com
Secondary e-mail: AGarcia@zarcolaw.com
**SETH M. SHAPIRO**
(Admitted *pro hac vice*)
E-mail: SShapiro@zarcolaw.com
Secondary e-mail: Bryan@zarcolaw.com
*Counsel for Plaintiff*

By: */s/ Michael M. DiCicco*
Michael M. DiCicco, Esq. (MD0316)
MAGGS MCDERMOTT & DICICCO, LLC
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
Tel.: (732) 223-9870
Fax: (732) 223-7367
E-mail: MDicicco@maggslawnj.com
*Counsel for Plaintiff*

**ZARCO EINHORN SALKOWSKI, P.A.**
ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428