**IN THE UNITED STATES DISTRICT COURT**
**FOR THE STATE OF NEW JERSEY**

**JERSEY MIKE'S FRANCHISE SYSTEMS, INC.**

**Plaintiff,**

**v.**

**AMERICAN ARBITRATION ASSOCIATION, INC., OPHELIA AUGUSTINE, CECELIA LAHR, and ALEXANDER LUCE,**

**Defendant.**

**Civil Action No. 3:23-cv-03444-GC-TJB**

**MOTION DAY: January 16, 2024**

---

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS OPHELIA AUGUSTINE, CECLIA LAHR, AND ALEXANDER LUCE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ i

INTRODUCTION ........ 1

ARGUMENT ........ 2

I. This Court Is Required To Consider Whether It Has Jurisdiction Over This Case ........ 2

II. The FAC Should Be Dismissed In Its Entirety For Lack of Subject Matter Jurisdiction ........ 4

A. The FAC Fails To Meet The Requirements For Federal Diversity Jurisdiction ........ 4

*1.* Arbitration Costs And Attorneys' Fees Are Not Recoverable Any May Not Be Considered When Determining The Jurisdictional Amount ........ 4

*2.* Plaintiff's Damages Claims Are Deficient As A Matter Of Law And Cannot Be Used To Bootstrap The Amount In Controversy ........ 6

B. The FAC Does Not State A Claim Cognizable Under This Court's Federal Question Jurisdiction ........ 12

CONCLUSION ........ 14

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Am. Int'l Specialty Lines Ins. Co. v. Elec. Data Sys. Corp.*,
347 F.3d 665 (7th Cir. 2003)........................................................................ 8

*Arbaugh v. Y & H Corp.*,
546 U.S. 500 (2006)..................................................................................... 3

*Caterpillar Inc. v. Williams*,
482 U.S. 386 (1987)................................................................................... 13

*Cox v. Piper, Jaffray & Hopwood, Inc.*,
848 F.2d 842 (8th Cir. 1988)...................................................................... 12

*Hart Surgical, Inc. v. Ultracision, Inc.*,
244 F.3d 231 (1st Cir. 2001) ...................................................................... 11

*Hill v. Commerce Bancorp, LLC*,
2011 WL 2293324 (D. N.J. June 8, 2011) ..................................................... 5

*Hughes v. Papa*,
153 Fed.Appx. 125 (3d Cir. 2005) .............................................................. 13

*In re Michaels Stores, Inc.*,
2017 WL 354023 (D. N.J. Jan. 24, 2017) ...................................................... 9

*Lightning Lube, Inc. v. Witco Corp.*,
4 F.3d 1153 (3d Cir. 1993)........................................................................... 6

*Marron v. Snap-On Tools, Co., LLC*,
2006 WL 51193,n.3 (D. N.J. Jan. 9, 2006) .................................................. 11

*Michaels v. Mariforum Shipping, S. A.*,
624 F.2d 411 (2d Cir. 1980)........................................................................ 11

*Orion Pictures Corp. v. Writers Guild of Amer., West, Inc.*,
946 F.2d 722 (9th Cir. 1991)....................................................................... 12

*Packard v. Provident Nat'l Bank*,
994 F.2d 1039 (3d Cir. 1993)....................................................................... 6

*Smith v. Am. Arbitration Ass'n, Inc.*,
233 F.3d 502 (7th Cir. 2000)....................................................................... 12

*State Farm Mut. Auto. Ins. Co. v. Powell*,
87 F.3d 93 (3d Cir. 1996)........................................................................... 5

*Terra Nova Ins. Co. v. 900 Bar*,
887 F.2d 1213 (3d Cir. 1989)....................................................................... 13

*Thomas v. Ne. Univ.*,
457 F. App'x 83 (3d Cir. 2012) ..................................................................... 6

*U.S. Express Lines Ltd. v. Higgins*,
281 F.3d 383 (3d Cir. 2002)......................................................................... 3

*United Indus. Workers v. Government of V. I.*,
987 F.2d 162 (3d Cir. 1993)......................................................................... 8

*Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*,
605 F.2d 119 (3d Cir. 1979)......................................................................... 14

**Statutes**

28 U.S.C. § 1332(a) ...................................................................................... 6

**Other Authorities**

FED. R. CIVIL P. 12(b)(1)..........................................................................1, 2, 5, 10

FED. R. CIVIL P. 12(b)(6)...............................................................................6

## INTRODUCTION

In its opposition to the Rule 12(b)(1) motion filed by Defendants Ophelia Augustine, Celia Lahr, and Alexander Luce (hereinafter collectively "Claimants"), Plaintiff Jersey Mike's Franchise Systems, Inc. ("Plaintiff") raises a number of meritless arguments in an attempt to avoid dismissal of its First Amended Complaint ("FAC") for lack of subject matter jurisdiction.

The FAC asks this Court to determine arbitrability, override interlocutory rulings and adjudicate claims and defenses in an arbitration ("the Arbitration") pending before Defendant American Arbitration Association ("AAA"). In the Arbitration, Claimants assert that Plaintiff violated the federal Wiretap Act and the California Invasion of Privacy Act ("CIPA") by sharing the content of Claimants' communications on Plaintiff's website with Meta, Inc. ("Meta"), for commercial purposes, without their permission.

In response to Claimants' jurisdictional challenge, Plaintiff initially argues that the Court should ignore Claimants' argument that the Court lacks federal question or diversity jurisdiction in this matter. *See* Opp. 4-5. However, this Court is in any event required to consider its jurisdiction over the case as a threshold matter.

Plaintiff next asserts that its allegations support federal diversity jurisdiction because it is not a "legal certainty" that the required amount in controversy cannot be met through recovery of attorneys' fees, arbitration costs and punitive damages.

*See* Opp. 8-12. But the conclusory allegation in the FAC that the amount in controversy exceeds $75,000 is insufficient in itself to meet the jurisdictional requirement. Additionally, arbitration costs, attorneys' fees and punitive damages are not recoverable on Plaintiff's breach of contract claims and thus may not be considered when determining the amount in controversy. Furthermore, Plaintiff's state law claims for damages are deficient as a matter of law because they improperly seek to litigate the validity of the Arbitration and interlocutory rulings made in that proceeding and therefore cannot be used to meet the statutory threshold.

Plaintiff's argument for federal question jurisdiction fares no better. Contrary to what Plaintiff asserts, the mere fact that Claimants have alleged a federal claim in the Arbitration does not mean that claims challenging the validity of that Arbitration or rulings made in that proceeding raise a federal question. Plaintiff cites no authorities supporting its argument that a challenge to an arbitration that asserts a federal claim in itself gives rise to federal question jurisdiction.

## ARGUMENT

### I. This Court Is Required To Consider Whether It Has Jurisdiction Over This Case

As an initial matter, Plaintiff asserts that this Court should disregard whether it has jurisdiction to hear this dispute because Claimants failed to raise the basis for this Rule 12(b)(1) motion in a pre-Motion letter. See Opp. 4-5. However, setting aside the fact that Claimants previously asserted lack of subject matter jurisdiction

in an earlier pre-Motion letter (DE 15), this ignores the fundamental principle that district courts are obligated, even *sua sponte*, to consider the question of their own jurisdiction in the underlying case as a threshold matter.[1] *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388-89 (3d Cir. 2002) ("Defendants contend that because plaintiffs did not designate the order denying remand in their notice of appeal, we do not have authority to review that issue. This argument is oblivious to the duty of federal courts to examine their subject matter jurisdiction at all stages of the litigation *sua sponte* if the parties fail to raise the issue.").

[1] Plaintiff's assertion that Claimants must be forced to file a second pre-motion letter and then (presumably) file another motion to dismiss, is nonsensical and misunderstands the purpose for the pre-motion conference. As stated on this Court's website, the purpose of the conference is to see whether the Court can "resolve cases expeditiously, before bringing a motion to dismiss . . . ." This Court held a conference in this case on September 29, 2023, and determined that this matter could not be resolved without motion practice. To suggest that a second conference would be required is both, incorrect and a waste of the judiciary's time and resources.

## II. The FAC Should Be Dismissed In Its Entirety For Lack Of Subject Matter Jurisdiction

### A. The FAC Fails To Meet The Requirements For Federal Diversity Jurisdiction

Plaintiff argues that federal diversity jurisdiction exists in this case because the FAC alleges that the amount in controversy exceeds $75,000 and because Claimants are unable to show to a “legal certainty” that this jurisdictional amount-in-controversy requirement of more than $75,000 cannot be met. See Opp. 8-12. But a conclusory allegation in the FAC that the amount in controversy exceeds $75,000 is insufficient in itself to meet the jurisdictional requirement. As discussed below, Plaintiff cannot satisfy that requirement because: (i) attorneys’ fees, arbitration costs and punitive damages are not recoverable on Plaintiff’s claims and thus cannot be considered in determining the amount in controversy; and (ii) Plaintiff’s claims seeking damages are meritless as a matter of law.

#### 1. Arbitration Costs And Attorneys’ Fees Are Not Recoverable And May Not Be Considered When Determining The Jurisdictional Amount

Counts I through VI and Count XIV of the FAC seek only declaratory relief. The remaining claims (Counts VII through XIII and Count XV) seek damages in the form of arbitration costs and attorneys’ fees for breach of various express and

implied provisions in the Terms of Use.[2] As an initial matter, however, attorneys' fees and arbitration costs are not normally recoverable or considered when determining the amount in controversy unless the underlying contract provides for their payment. *See State Farm Mut. Auto. Ins. Co. v. Powell*, 87 F.3d 93, 98 (3d Cir. 1996).

Here, the only basis put forward by Plaintiff for an award of those fees is the indemnification provision in the Terms of Use. See FAC ¶ 242. However, that provision on its face would only cover third-party claims against Plaintiff arising out of a website user's breach of the Terms of Use, not claims by one contracting party against the other party. *See, e.g.*, *Hill v. Commerce Bancorp, LLC*, 2011 WL 2293324, at *8 (D.N.J. June 8, 2011) (holding that "broad indemnification provision" that did not mention suits between the contracting parties did not cover such claims "in view of New Jersey's strict adherence to the American Rule and its strong policy disfavoring fee shifting).

Since nothing in the Terms of Use specifically imposes any duty on one side in a litigation to pay the prevailing side's arbitration costs or attorneys' fees, they may not be considered in determining diversity jurisdiction. It is even more apparent

---

[2] Plaintiff confusingly asserts that Claimants' Rule 12(b)(1) motion is limited to challenging Counts I through V of the FAC. See Opp. 3. Claimants' challenges based on lack of federal diversity and subject matter jurisdiction would clearly extend to Plaintiff's entire action, including Counts VI through XV.

that Plaintiff cannot recover punitive damages, which are also not a legally recoverable remedy for a breach of contract claim (and not even requested in the FAC). *See Thomas v. Ne. Univ.*, 457 F. App'x 83, 85 (3d Cir. 2012) ("[P]unitive damages . . . are not recoverable under New Jersey law for breach of contract.") (citing *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1194 (3d Cir. 1993)). It is thus "legally certain" that Plaintiff cannot satisfy the required amount-in-controversy for federal diversity jurisdiction.

#### 2. Plaintiff's Damages Claims Are Deficient As A Matter Of Law And Cannot Be Used To Bootstrap The Amount In Controversy

Additionally, Plaintiff's state law claims are legally deficient and thus cannot be used to satisfy the amount-in-controversy requirement where each of those claims amounts to a challenge either to the Arbitration itself or to unreviewable interlocutory rulings made by the AAA arbitrator in that proceeding.[3] As discussed in Claimants' opening brief and below, Plaintiff waived its right to object to

---

[3] While Plaintiff suggests that this has nothing to do with subject matter jurisdiction but merely goes to the merits and thus amounts to a Rule 12(b)(6) motion (see Opp. 6), the fact that Plaintiff's claims are deficient as a matter of law establishes to a "legal certainty" that Plaintiff cannot recover more than $75,000 on those claims. *See Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) (recognizing that the requirements of 28 U.S.C. § 1332(a) are to be narrowly construed and that "[w]here it appears to a legal certainty that the plaintiff was never entitled to recover the jurisdictional amount, the case must be dismissed, even if the jurisdictional deficiency becomes evident only after trial") (citing cases). Plaintiff may not use legally defective damage claims to meet the amount in controversy.

arbitrability at this stage or any later stage by failing to raise the lack of any arbitration agreement with Claimants at the outset and participating up until those rulings were made. Furthermore, the Terms of Use—which are the basis of Counts VII through XV of the FAC—are incorporated by reference into that pleading and may be considered in their entirety, and they undeniably included the arbitration agreement and applied whether or not Claimants were "registered user[s]" of Plaintiff's website. Accordingly, it is legally certain that Plaintiff cannot recover arbitration costs and attorneys' fees or any other measure of damages in this case.

Plaintiff's claims are an attempt to make an end run around the Arbitration itself and cannot be adjudicated in this Court because Claimants' dispute is subject to Plaintiff's arbitration agreement and therefore arbitrable. For example, in Counts VII through XV, Plaintiff asserts that merely by accessing its website and bringing the Arbitration itself alleging violation of federal and California wiretapping laws, Claimants violated the website's Terms of Use. Similarly, Counts VII and XII seek to hold Claimants liable because the AAA arbitrator granted their requests over Plaintiff's objections to apply the AAA's Consumer Rules instead of its Commercial Rules and to apply California law rather than New Jersey law. Count VIII alleges that Claimants breached the Terms of Use by attempting to prevent Plaintiff from sharing their website communications with Meta.

As discussed in Claimants' opening brief (at 20-21), Plaintiff has as a matter of law waived its right to challenge the arbitrability of Claimants' dispute based on the lack of an arbitration agreement and may not raise issues going to the merits of that dispute or challenge the arbitrator's interlocutory rulings—whether directly (Plaintiff's federal declaratory judgment claims in Counts I through VI) or indirectly (Plaintiff's state breach of contract claims in Counts VII through XV).

Plaintiff tellingly neglects to address its prior failure to object to the arbitrability of the dispute in the Arbitration proceeding itself until the very end of its brief. *See* Opp. 31-34. The FAC asserts that Claimants cannot invoke the arbitration clause in the Terms of Use on Plaintiff's website because they were not "registered users," *i.e.* there was no agreement to arbitrate. But it is well established that "a party may waive its right to challenge an arbitrator's authority to decide a matter by voluntarily participating in an arbitration and failing to object on the grounds that there was no agreement to arbitrate." *United Indus. Workers v. Government of V. I.*, 987 F.2d 162, 168 (3d Cir. 1993) (citations omitted*); compare with Am. Int'l Specialty Lines Ins. Co. v. Elec. Data Sys. Corp.*, 347 F.3d 665, 667 (7th Cir. 2003) (finding that party who "challenged arbitrability at the outset" did not waive objection to arbitration).

Plaintiff's opposition never addresses this principle. Instead, Plaintiff argues that the fact that it failed to raise the lack of any agreement to arbitrate in its filings

and did not challenge Claimants' right to have their dispute arbitrated until after the AAA arbitrator ruled against Plaintiff regarding the applicability of the AAA's Consumer Rules (rather than the Commercial Rules) and of California law (rather than New Jersey law) is irrelevant because Plaintiff was not required to "plead in anticipation of defenses, such as waiver." Opp. 32.

But this misses the point. Instead of disputing the existence of an arbitration agreement at the outset of the arbitration proceeding or immediately seeking to enjoin arbitration from taking place, Plaintiff voluntarily participated in the arbitration right up until the time that the arbitrator made certain interim rulings that Plaintiff found objectionable. Under these circumstances, Plaintiff cannot be said to have clearly and explicitly reserved the right to object to arbitrability at a later time in a court.

Furthermore, Plaintiff's sole basis for challenging arbitrability—that the arbitration provision in its website's Terms of Use was limited to "registered users"—is refuted by the language of the Terms of Use under which Plaintiff is suing for breach of contract. While Plaintiff objects to Claimants' reliance on that language as improperly "extrinsic" (Opp. 3, 5-6), the Terms of Use are necessarily incorporated into the FAC itself by reference even if they were not attached or quoted and they may be considered in their entirety in deciding this motion. *See In re Michaels Stores, Inc.*, 2017 WL 354023, at *2 (D.N.J. Jan. 24, 2017) (explaining

that "[t]he court may consider documents relied upon by the complaint" in deciding a Rule 12(b)(1) motion to dismiss) (citation omitted). Plaintiff does not and cannot dispute that those Terms of Use included an arbitration agreement and were stated to apply "whether or not [Claimants] . . . [we]re . . . registered user[s]." *See* Claimants' Br. 4-6 and Declaration of Timothy Coughlan, Esq. (hereinafter "Decl. Coughlan"), ¶ 2, Ex. A. This further establishes the arbitrability of the claims as a matter of law regardless of whether or not Claimants were "registered users." [4]

In addition, since Plaintiff cannot challenge arbitrability, it also follows that, as a matter of law, Plaintiff cannot assert breach of contract claims—specifically, Counts VII (Breach of Contract: "Rules to Apply" Clause) and XI (Breach of Contract: Choice-of-Law Provision)—that necessarily seek review of and contradict the AAA's interlocutory rulings in the Arbitration that the AAA's Consumer Rules apply to the dispute and that California law governs as to Claimants' state law claim in the Arbitration. Plaintiff fails to identify any authorities even remotely suggesting

[4] Plaintiff argues at length that Claimants were not "registered users" and that discovery is required on this issue. *See* Opp. 20-25. As discussed above, Claimants did not need to be registered users for the Terms of Use—which included the arbitration agreement—to apply. Accordingly, this Court need not reach the question of whether Claimants were in fact registered users, although Claimants previously submitted briefing and evidentiary material showing this to be the case. *See* Claimants' Br. 6-7, 19-20, 24 and Decl. Coughlan, ¶ 5.

that these types of interlocutory rulings may be challenged either directly or indirectly in a federal action.

Indeed, the authorities consistently contradict Plaintiff's position. *See, e.g.*, *Michaels v. Mariforum Shipping, S. A.*, 624 F.2d 411, 414 (2d Cir. 1980) (holding that under the FAA, "a district court does not have the power to review an interlocutory ruling by an arbitration panel" and that "it is only after an award has been made by the arbitrators that a party can seek to attack any of the arbitrators' determinations in court") (citations omitted); *Marron v. Snap-On Tools, Co., LLC*, 2006 WL 51193, at *1 n.3 (D.N.J. Jan. 9, 2006) (refusing to rule on a challenge to the impartiality of arbitrator because an award had not yet been issued).

Accordingly, "[w]here, as here, arbitrators make an interim ruling that does not purport to resolve finally the issues submitted to them, judicial review is unavailable." *Michaels*, 624 F.2d at 414. This makes sense as a matter of public policy because "arbitration is supposed to conserve the time and resources of both the courts and the parties; thus, for the court to entertain review of intermediary arbitration decisions involving procedure or any other interlocutory matter, would disjoint and unduly delay the proceedings, thereby thwarting the very purpose of conservation." *Id.* at 414-15 (internal quotation marks and citations omitted).[5]

---

[5] *See also Hart Surgical, Inc. v. Ultracision, Inc.*, 244 F.3d 231, 233 (1st Cir. 2001) (recognizing that "'[i]t is essential for the district court's jurisdiction that the

Since Plaintiff has waived any objection to the arbitrability of its dispute with Claimants and since the state law contract claims are premised on and challenge Claimants' claims in the Arbitration or the AAA arbitrator's interlocutory rulings, it follows that Plaintiff cannot recover attorneys' fees or arbitration costs as damages in this action, and, as previously discussed, punitive damages are likewise not available on Plaintiff's breach of contract claims. Accordingly, it is legally certain that Plaintiff cannot satisfy the amount-in-controversy requirement for diversity jurisdiction.

### B. The FAC Does Not State A Claim Cognizable Under This Court's Federal Question Jurisdiction

Alternatively, Plaintiff asserts that federal question jurisdiction exists because this action challenging the Arbitration and the arbitrator's interim rulings is somehow necessarily intertwined with Claimants' federal Wiretap Act claim in the Arbitration insofar as Plaintiff seeks to avoid arbitration of that federal claim. *See* Opp. 13-14. However, Plaintiff's argument once again fails.

---

arbitrator's decision was final, and not interlocutory"') (citation omitted); *Orion Pictures Corp. v. Writers Guild of Amer., West, Inc.*, 946 F.2d 722, 724 (9th Cir. 1991) (vacating the district court's order because the district court lacked jurisdiction over a party's challenge to the arbitrator's interlocutory ruling); *Cox v. Piper, Jaffray & Hopwood, Inc.*, 848 F.2d 842, 843-44 (8th Cir. 1988) ("Appellants cannot obtain judicial review of the arbitrators' decisions about the qualifications of the arbitrators or other matters prior to the making of an award."); *Smith v. Am. Arbitration Ass'n, Inc.*, 233 F.3d 502, 506 (7th Cir. 2000) ("The time to challenge an arbitration, on whatever grounds . . . is when the arbitration is completed and an award rendered.")

Plaintiff urges the Court to "look through" the FAC to the federal claim in the Arbitration, yet that federal claim nowhere appears on the face of the pleading. Plaintiff also spends a considerable amount of time asserting that ruling on a declaratory judgment claim to avoid arbitration has the same effect as ruling on a motion to compel arbitration. But Claimants have not brought a motion to compel arbitration in federal or state court, and none of this has any bearing on the jurisdictional question here. The FAC itself nowhere states a federal claim beyond challenging the arbitrability of Claimants' federal Wiretap Act and CIPA claims, and an action for a declaration that a matter is not arbitrable does not arise under federal law because, as Plaintiff does not dispute, neither the Federal Arbitration Act ("FAA") nor the Declaratory Judgment Act ("DJA") creates an independent basis for federal jurisdiction.[6]

"[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, federal law must create the cause of action, or some substantial, disputed question of federal law "must be an element, and an essential one, of the plaintiff's cause of action."

[6] See *Terra Nova Ins. Co. v. 900 Bar*, 887 F.2d 1213, 1218 n.2 (3d Cir. 1989) (stating that the DJA cannot serve as an independent basis for federal jurisdiction); *Hughes v. Papa*, 153 Fed.Appx. 125, 125 (3d Cir. 2005) (stating that the FAA "does not provide an independent basis for federal question jurisdiction").

*Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 122 (3d Cir. 1979).

The FAC fails to establish federal court jurisdiction under these standards inasmuch as it does not allege that Claimants have themselves violated any federal statute any provision of the United States Constitution, nor does it allege that any such law creates a federal cause of action under the facts alleged in Plaintiff's pleading, and the FAC also does not allege that judicial construction of any disputed provision of federal law is necessary in order to adjudicate Plaintiff's claims. Plaintiff cites no authority to support its apparent contention that the mere fact that this action is related to an Arbitration in which a federal claim is raised is in itself enough to create federal jurisdiction.

## CONCLUSION

For the foregoing reasons and those set forth in Claimants' opening brief, this Court should be dismissed for lack of subject matter jurisdiction with instructions for Plaintiff to proceed through arbitration.

Respectfully submitted,

**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**

BY: s/ Timothy Coughlan____________
Timothy Coughlan
Harborside Plaza 10
3 Second Street, Suite 202
Jersey City, NJ 07311

**SWIGART LAW GROUP, APC**

Joshua Swigart
(admitted *pro hace vice)*
2221 Camino del Rio S., Suite 308
San Diego, CA 92108

**Attorneys for Defendants Ophelia Augustine, Cecelia Lahr, and Alexander Luce**

Dated: January 8, 2024